

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RODNEY VAN DUNK,

    Plaintiff,

v

PETER BROWER, individually and as an officer of the Town of Ramapo; TOWN OF RAMAPO, a New York municipal corporation; JOHN DOE #1, individually and as an officer of the Town of Ramapo; JOHN DOE #2, individually and as an officer of the Town of Ramapo; JOHN DOE #3, individually and as an officer of the Town of Ramapo; f/n/u PASCOCELLO, individually and as an officer of the Town of Ramapo; ADVANCED FIGHTING SYSTEMS, a New Jersey Corporation; and PHIL DUNLAP,

    Defendants.

---

Case No.:

# 07 CIV. 7087

*VERIFIED COMPLAINT*
*and*
*JURY DEMAND*



    Plaintiff Rodney Van Dunk residing at 37 Sixth Street, Hillburn, New York, complaining of the Defendants says:

**Parties**

    1.    Plaintiff is a resident of the Village of Hillburn, Town of Ramapo, County of Rockland, and he is a citizen of the State of New York.

    2.    Defendant Town of Ramapo is a municipal corporation located in Rockland County, New York.

Page 1 of 12

3.  Defendants Peter Brower, f/n/u Pascocello, John Doe #1, John Doe #2, and John Doe # 3 are employees of the Police Department of the Town of Ramapo in Rockland County, and, on information and belief, all are residents of the State of New York.

4.  Advanced Fighting Systems is a New Jersey corporation located in the Township of Mahwah, County of Bergen, State of New Jersey.

5.  Phil Dunlap is a resident of the Township of Mahwah, County of Bergen, State of New Jersey.

**Jurisdiction and Venue**

6.  Venue is properly placed in the White Plains vicinage, as all parties are located in Rockland County or Bergen County, New Jersey.

7.  This Court has jurisdiction pursuant to **28 USC 1331** as the issues arise under Federal Statutes, to wit, **42 USC 1981, 42 USC 1983, 42 USC 1985,** and **42 USC 2000(e)**; and it has concurrent jurisdiction over pendent state law claims under **28 USC 1367**.

**Factual Allegations**

8.  Defendant Phil Dunlap is the principal in, and managing officer of, Advanced Fighting Systems ("AFS"), a New Jersey Corporation, with its principal place of business at 221 Franklin Turnpike, Mahwah, New Jersey. This business is located approximately one mile from the New York State line. AFS is engaged in the business of

training individuals for fighting and for competition in such fighting and martial arts contests known as Ultimate Fighting Championships, etc. It is a place of public accommodation within the meaning of the Civil Rights Act of 1964.

9. AFS is engaged in interstate commerce. It advertises on the internet *inter alia,* **Exhibit A**, and draws its clientele from a market area that encompasses portions of both New York and New Jersey.

10. Plaintiff enrolled at AFS to undertake training in fighting and martial arts skills.

11. A number of police officers from the Defendant Town of Ramapo Police Department are enrolled at AFS.

12. On or about June 10, Defendant Donald Dunlap called Plaintiff, and advised him that he had been called by the [Town of] "Ramapo Police Department" who told him [Dunlap] many negative things about Plaintiff, and told him that Plaintiff was a member of the "Hillburn community", and that the "Hillburn community" was racially mixed and suspect, that the "Hillburn community had communication problems" with the Ramapo Police, that people from Hillburn and Stag Hill had curious, even bizarre racial characteristics such as light skin and blue eyes combined with Negroid features, etc. Dunlap told Plaintiff that because of all of these things, it would be best if he did not return to the school.

13. Plaintiff had several further telephone conversations with Dunlap in the

next week, in which Dunlap reiterated some or all of these comments, and remained adamant that Plaintiff was excluded from his school. Dunlap told Plaintiff that two or three officers of the Town of Ramapo Police Department ("ToRPD") had spoken to him about Plaintiff, and those officers are identified herein as John Does 1, 2 and 3.

14.  Hillburn is a village within the Town of Ramapo, Rockland County, New York, and abuts the Stag Hill community in Mahwah, New Jersey. These two communities are largely peopled by members of the Ramapough Nation, a Native American tribe, which has been recognized as such by the States of New York and New Jersey. Plaintiff is a member of the Ramapough Nation, and is active in the affairs of said Native American tribe.

15.  On Friday, June 15, Plaintiff was present at an area adjacent to the Fourth Street Bridge in Hillburn, an area designated by the Hillburn mayor and trustees as an appropriate spot for residents of the Village, including, but not limited to people of the Ramapough Nation to congregate and socialize.

16.  On that occasion Defendant Pascoceelo, an officer of the Town of Ramapo Police Department, appeared at the scene, apparently in response to a report of illegal fireworks activity.

17.  Defendant Pascocello, questioned two young people who had fireworks in their possession, Doug LaForge and John Peterson He demanded and received identification from Peterson who is a member of the Ramapough Nation, and demanded

but did not receive identification from LaForge, who is white. Although he had initially taken their fireworks, he returned the fireworks to them.

18. Defendant Pascocello then approached Plaintiff, who was sitting in his truck, and demanded that Plaintiff get out of the truck and assume a spread eagle position against the truck for a pat down. Defendant Pascocello aggressively frisked Plaintiff. Defendant Pascocello told Plaintiff "I know who you are and I'm not afraid of you", used profanity at him throughout the entire process, and then walked away from Plaintiff calling him a "fucking nigger".

19. Plaintiff attempted to make a verbal complaint by telephone about Defendant Pascocello's behavior, but Sergeant DeMaio of the Town of Ramapo Police refused to take the verbal complaint, contrary to Town of Ramapo Police Department General Order 202.4(1)(A).

20. The next day, on Saturday, June 16, Plaintiff went to the Town of Ramapo Police headquarters and was allowed to fill out a written complaint about Defendant Pascocello, but was refused a copy of same.

21. Plaintiff has subsequently returned and attempted to get a copy of this complaint, but has consistently been refused same.

22. In speaking of Plaintiff to Dunlap, Defendants John Doe 1, John Doe 2, and John Doe 3 were using their authority as police officers of the Town of Ramapo Police Department, and acted under color of the state law, to persuade him to bar Plaintiff.

23. At a public meeting held at the Ramapough Nation Lodge to address issues surrounding the alleged murder of a member of the community by New Jersey park Police in the spring of 2006, Defendant Brower and ToR Supervisor St. Lawrence were present on the dias. On that occasion, Plaintiff rose and addressed them, complaining and informing them of the pattern and practice of racial harassment and profiling against the men of the Ramapough community by the ToRPD.

24. Prior to mid 2006, Defendant Brower was for many years a captain in the ToRPD, with responsibility for civilian complaints against and about police officers. His duties in that regard were set forth in ToRPD General Order # attached. In 2006, Brower was promoted to Chief of the ToRPD.

25. On many occasions, Plaintiff has made verbal complaints to Defendant Brower about racial harassment by ToRPD officers against himself and against other men in the Ramapough community.

26. On information and belief, Defendant Brower never pursued these complaints, contrary to GO #202.

## FIRST COUNT
### (42 USC 1985)

27. Defendant Dunlap, John Does 1, 2, and 3 conspired, contrary to **42 USC 1985**, to deprive Plaintiff of his constitutional rights, including but not limited to First Amendment rights of travel and association, on the basis of his race.

WHEREFORE, Plaintiff demands Judgment on this Count against Defendants Dunlap, John Doe #1, John Doe #2, and John Doe #3, jointly and severally, for damages, costs of suit and reasonable attorney fees..

### SECOND COUNT
### (42 USC 1983)

28. Defendants John Doe #1, John Doe #2 and John Doe #3 acted under color of state law and in their capacity as police officers of the ToRPD in advising Dunlap that Plaintiff was unsavory and disreputable, and a part of a racially mixed and undesirable community.

29. Defendants John Doe #1, John Doe #2, and John Doe #3 knew that in so doing they were abridging and impeding Plaintiff's enjoyment of his constitutional rights, including but not limited to his First Amendment rights of travel and association, and his Fourteenth Amendment right to substantive due process contrary to **42 USC 1983**.

WHEREFORE, Plaintiff demands Judgment on this Count against Defendants Dunlap, John Doe #1, John Doe #2, and John Doe #3, jointly and severally, for damages and costs of suit.

### THIRD COUNT
### (42 USC 1981)

30. Defendants Dunlap, John Doe #1, John Doe #2, and John Doe #3 interfered with and impeded Plaintiff's ability to form and perform a contract to receive services from AFS.

31. Such conduct was contrary to **42 USC 1981**.

WHEREFORE, Plaintiff demands Judgment on this Count against Defendants Dunlap, John Doe #1, John Doe #2, and John Doe #3, jointly and severally, for damages, costs of suit and reasonable counsel fees.

### FOURTH COUNT
### (42 USC 2000)

32. AFS is a place of public accommodation.

33. AFS barred Plaintiff on the basis of his race, contrary to **42 USC 2000**.

WHEREFORE, Plaintiff demands Judgment on this Count against Defendants AFS, injoining it from barring him, and for costs of suit and reasonable attorney fees.

### FIFTH COUNT
### (NJSA 56:5-1, *et seq.*)

34. AFS is a place of public accommodation.

35. AFS barred Plaintiff on the basis of his race, contrary to **NJSA 56:5-1,** *et seq.*

WHEREFORE, Plaintiff demands Judgment on this Count against Defendants AFS for damages, reasonable attorney fees and costs of suit.

### SIXTH COUNT
### (42 USC 1983)

36. Defendant Pascocello is an officer and employee of the ToRPD.

37. On June 15, 2007 Defendant Pascocello was without due or probable cause to detain or search Plaintiff, and his actions were undertaken in bad faith..

38. On June 15, 2007 Defendant Pascocallo was acting under color of state law as an officer of ToRPD in detaining and searching Plaintiff.

39. On June  , 2007 Defendant Pascocello violated Plaintiff's constitutional rights, including but not limited to his Fifth Amendment right to be free of unreasonable search and seizure, and his Fourteenth Amendment right to substantive due process.

WHEREFORE, Plaintiff demands Judgment pursuant to **42 USC 1983** on this Count against Defendant Pascocello for damages, costs of suit, and reasonable attorney fees.

### SEVENTH COUNT

40. The actions of Defendant Pascocello and John Does 31, #2 and #3 were the result of inadequate training and or supervision by the Defendant Town of Ramapo.

41. The actions of Defendant Pascocallo were the result of a pattern and practice by the Defendant ToRPD harassing Plaintiff and other members of the Ramapough nation due to racial bias.

42. Defendant Brower is the Chief of the ToRPD and, as such, he is the responsible party for supervising the training, instruction, discipline, control and conduct

of the Defendant police officers. He is Also charged with promulgating all orders, rules, instructions and regulations of the ToRPD, including but not limited to those orders, rules, regulations and instructions concerning conduct of investigations and participation in such activities as ultimate fighting.

43. Defendant Town of Ramapo is a municipal corporation charged with and responsible for appointing and promoting, through the Town supervisor and Town Council, the members of the ToRPD, and for the supervision, training, instruction, discipline, control and conduct of the ToRPD and its personnel.

44. At all relevant times, Defendant ToR had the power, right and duty to control the manner in which the individual Defendants carried out the objectives of their employment and to see that all rules, orders, instructions and regulations promulgated for and by the ToRPD were consistent with the Constitutions of the United States and the State of New York, and with the laws of the State of New York and the ToR.

45. Defendant ToR, through the Town Supervisor and members of the Town Council, had actual and/or constructive notice through the Town Attorneys' office, that the ToRPD and specifically Defendant Brower were not complying with GO #   in the investigation of civilian complaints.

46. Defendants Brower and ToR consciously and intentionally failed to exercise supervision and control over the officers of the ToRPD, including but not limited to the individual defendants named herein, thereby tolerating, acquiescing in, condoning and

encouraging conduct of the sort engaged in here, including but not limited to the racial profiling and harassment of male members of the Ramapough community.

WHEREFORE, Plaintiff demands Judgment pursuant to **42 USC 1983** on this Count against Defendants Brower and Town of Ramapo for damages, costs of suit, and reasonable attorney fees.

### EIGHTH COUNT

47. The actions of the Town of Ramapo Defendants were retaliation for Plaintiff's public complaints at the public forum at the Ramapo Nation Lodge.

48. In so retaliating, Defendants were not only discriminatory against Plaintiff due to race, but were attempting to chill his exercise of his First Amendment rights.

WHEREFORE, Plaintiff demands Judgment on this Count against Town of Ramapo Defendants for damages, costs of suit, and reasonable attorney fees.

COTZ & COTZ

Dated: July 3, 2007

B/S/ George J. Cotz  0463
George J. Cotz
180 Franklin Turnpike
Mahwah, New Jersey 07430
Phone 201-512-9961
Fax    201-512-9963

### JURY DEMAND

Plaintiff demands trial by jury on all issues.

B/S/ George J. Cotz, 0463