UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

RODNEY VAN DUNK,

                              Plaintiffs,                07 CIV. 07087

        -against-

PETER BROWER, individually and as an officer of the
Town of Ramapo; TOWN OF RAMAPO, a New York
Municipal corporation; JOHN DOE #1, individually and
as and officer of the Town of Ramapo; JOHN DOE #2,
individually and as an officer of the Town of Ramapo;
JOHN DOE #3, individually and as an officer of the
Town of Ramapo; f/n/u PASCOCELLO, individually
and as an officer of the Town of Ramapo; ADVANCED
FIGHTING SYSTEMS, a New Jersey Corporation; and
PHIL DUNLAP,

                              Defendants,

-----------------------------------------------------------X

**DEFENDANTS PETER BROWER, TOWN OF RAMAPO, JOHN DOES #1
THROUGH #3 AND PASCOCELLO'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO DISMISS THE COMPLAINT**

**MICHAEL L. KLEIN, ESQ.**
**Town Attorney**
**Attorney for Defendants Brower,**
**Town of Ramapo, John Does #1-#3**
**and Pascocello**
**237 Route 59**
**Suffern, New York 10901**
**(845) 357-5100**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. 4

PRELIMINARY STATEMENT ......................................................... 7

Point I.  THE FIRST COUNT MUST BE DISMISSED AS THE
COMPLANT DOES NOT PROPERLY PLEAD A
CONSPIRACY NOR IS THERE A RECOGNIZABLE
CONSTITUTIONAL VIOLATION INVOLVED ................... 7

    A.  The Complaint does not properly plead a
conspiracy and must be dismissed ................................... 8

    B.  The First Count must be dismissed since the
allegations do not implicate any constitutional
rights ............................................................................... 9

        a.  Right to Travel ........................................................ 9

        b.  Right to Association ................................................ 10

Point II.  THE SECOND COUNT MUST BE DISMISSED SINCE
THE COMPLANT FAILS TO ALLEGE FACTS THAT
SUPPORT A VIOLATION OF 42 U.S.C. §1983 NOR
DOES PLAINTIFF PLEAD A RECOGNIZABLE
CONSTITUTIONAL VIOLATION .................................... 11

    A.  The Second Count must be dismissed since the
alleged actions of the John Does were not the
proximate cause of the alleged injuries ...................... 11

    B.  The Second Count must be dismissed since the
allegations do not implicate any constitutional
rights ............................................................................. 12

Point III.  THE THIRD COUNT MUST BE DISMISSED SINCE
PLAINTIFF HAS NOT PROPERLY PLED A
VIOLATION OF 42 U.S.C. §1981 .................................... 14

Point IV.  THE SIXTH COUNT MUST BE DISMISSED AS
DEFENDANT PASCOCELLO IS ENTITLED TO
QUALIFIED IMMUNITY .................................................. 15

2

Point V.   THE SEVENTH COUNT MUST BE DISMISSED
           AS THERE CAN BE NO SUPERVISORY
           LIABILITY NOR LIABILITY FOR AN ALLEGED
           FAILURE TO TRAIN OR SUPERVISE ............... 19

           A.   The complaint must be dismissed as against
                Defendant Brower ............... 19

           B.   The Seventh Count must be dismissed as against
                the Town of Ramapo ............... 21

Point VI.  THE EIGHTH COUNT MUST BE DISMISSED
           SINCE PLAINTIFF HAS NOT PROPERLY PLED
           A CAUSE OR ACTION FOR RETALIATION ............... 23

Point VII. ANY CLAIMS PURSUANT TO STATE LAW
           ARE BARRED DUE TO PLAINTIFF'S FAILURE
           TO FILE A NOTICE OF CLAIM ............... 24

CONCLUSION ............... 25

## TABLE OF AUTHORITIES

Abdi v. Brookhaven Science Associates, 447 F.Supp.2d 221 (E.D.N.Y. 2006) ............ 15

Adams v. Williams, 407 U.S. 143 (1972) ............ 17

Allah v. Poole, _____ F.Supp.2d _____, 2007 WL 2317566 (W.D.N.Y. 1007) ............ 20

Attorney General of New York v. Soto-Lopez, 476 U.S. 898, 903 (1986) ............ 10

Batista v. City of New York, _____ F.Supp.2d _____, 2007
WL 2822211 (S.D.N.Y. 2007) ............ 22

Bell Atlantic v. Twombley, 127 S.Ct. 1955, 1964-65 (2007) ............ 8

Board of the County Commissioners of Bryan County, Oklahoma v.
Bown, 520 U.S. 397 (1997) ............ 21

Boddie v. Schnieder, 105 F.3d 857 (2d Cir. 1997) ............ 9

City of Dallas v. Stanglin, 490 U.S. 19 (1989) ............ 11

City of Oklahoma City v. Tuttle, 471 U.S. 808 (1985) ............ 21

Cotz v. Mastroeni, 476 F.Supp.2d 232 (S.D.N.Y. 2007) ............ 13, 20

County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998) ............ 13, 23

Cramer v. Pyzowski, 2007 WL 1541393 (E.D.N.Y. 2007) ............ 8

Curley v. Village of Suffern, 268 f.3d 65 (2d Cir. 2001) ............ 23

Davis v. Scherer, 468 U.S. 183, 194, 104. Ct. 3012 (1984) ............ 20

Defore v. Premore, 86 F.2d 48 (2d Cir. 1996) ............ 16

Dwares v. City of New York, 985 F.2d 94 (2d Cir. 1993) ............ 21

Five Borough Bicycle Club v. City of New York, 483 S.Supp.2d 351
(S.D.N.Y. 2007) ............ 10

Garrido v. Coughlin, 716 F.Supp.98 (S.D.N.Y. 1989) ............ 21

Gibbs-Alfano v. Ossining Boat & Canoe Club, Inc., 47 F.Supp.2d 506 (1999) ............ 8,14

Golino v. City of New Haven, 950 F.2d 864 (2d Cir. 1991) ............ 16

4

Griffin v. Breckenridge, 403 U.S. 88 (1971) ........... 8

Iqbal v. Hasty, 490 F.3d 143, 157-158 (2d Cir. 2007) ........... 8

Jacobs v. Payner, 727 F.Supp. 1212 (N.D. Ill. 1989) ........... 21

Johnson v. Columbia University, _____ F.Supp.2d _____, 2003
WL 22743675 (S.D.N.Y. 2003) ........... 9, 22

Johnson v. Newburgh Enlarged School District, 239 F.3d 246 (2d Cir. 2001) ........... 20,21

Julian v. New York City Transit Authority, 857 F.Supp. 242 (E.D.N.Y. 1994) ........... 8

King v. New Rochelle Mun. Hous. Auth., 442 F.2d 646 (2d Cir. 1971) ........... 9

Krebs v. Tutelian, _____ F.Supp.2d _____, 1998 WL 108003 (S.D.N.Y. 1998) ........... 11

Lai v. New York City Government, 991 F.Supp. 362 (S.D.N.Y. 1998) ........... 10

Lyn v. Incorporated Village of Hempstead, _____ F.Supp.2d _____, 2007
WL 1876502 ........... 11

Mack v. Port Authority, 225 F.Supp.2d 376 (S.D.N.Y. 2002) ........... 21

Makas v. Miraglia, 2007 WL 152092, 05 Civ. 7180 (S.D.N.Y. 2007) ........... 13

Mangano v. Cambariere, _____ F.Supp.2d _____, 2007
WL 2846418 (S.D.N.Y. 2007) ........... 23

Mian v. Donaldson, Lufkin & Jenrette Securities Corp., 7 F.3d 1085
(2d Cir. 1993) ........... 8

Mollica v. Volker, 229 F.3d 366 (2d Cir. 2000) ........... 18

Monell v. Department of Social Services, 436 U.S. 658 (1978) ........... 21

Moore v. East Cleveland, 431 U.S. 494 (1977) ........... 10

Natale v. Town of Ridgefield, 170 F.3d 258, 263 (2d Cir. 1999) ........... 13

New York v. Class, 475 U.S. 106 (1986) ........... 17

O'Connor v. Pierson, 426 F.3d 187 (2d Cir. 2005) ........... 13

People v. Copeland, 39 N.Y.2d 986, 387 N.Y.S.2d 234 (1976) ........... 18

People v. Ellis, 62 N.Y.2d 393, 477 N.Y.S.2d 106 (1984) ......... 18

People v. Foster, 173 A.D.2d 841, 571 N.Y.S.2d 948 (2d Dept. 1991) ......... 18

People v. Lucas, 183 Misc.2d 639, 704 N.Y.S.2d 779 (Supreme Ct. Monroe Cty. 1999) ......... 18

People v. Rodriguez, 122 A.D.2d 895, 505 N.Y.S.2d 936 (2d Dept. 1986) ......... 18

People v. Troiano, 35 N.Y.2d 476, 363 N.Y.S.2d 943 (19  ) ......... 19

Peterson v. Tomaselli, 469 F.Supp.2d 146 (S.D.N.Y. 2007) ......... 12

Poe v. Leonard, 282 F.3d 123 (2d Cir. 2002) ......... 13

Roberts v. United States Jaycees, 468 U.S. 609 (1984) ......... 10

Robinson v. Town of Colonie, 878 F.Supp. 387 (N.D.N.Y. 1995) ......... 15

Romer v. Morgenthau, 119 F.Supp.2d 326 (S.D.N.Y. 2000) ......... 9

Sathianathan v. Smith Barney, Inc., ___ F.Supp.2d ___, 2006 WL 538152 (S.D.N.Y. 2006) ......... 15

Selevan v. New York Thruway Authority, 470 F.Supp.2d 158, 175 (N.D.N.Y. 2007) ......... 10

Shabazz v. Pico, 994 F.Supp. 460 (S.D.N.Y. 1998) ......... 19

Smith v. Half Hollow Hills Central School District, 298 F.3d 168 (2d Cir. 2002) ......... 13

Sulkowska v. City of New York, 129 F.Supp.2d 274 (S.D.N.Y. 2001) ......... 21

Telltabs, Inc. v. Makor Issues & Rights, Ltd., 127 S.Ct. 2499 (2007) ......... 7

Terry v. Ohio, 392 U.S. 1 (1968) ......... 17

United States v. Rogers, ___ F.Supp. ___, 1996 WL 422260 (S.D.N.Y.) ......... 17

U.S. v. Colon, ___ F.Supp. ___ 1998 WL 122595 (S.D.N.Y. 1998) ......... 17

Washington v. Starke, 855 F.2d 346, 350 (6th Cir. 1988) ......... 20

Yusuf v. Vassar College, 35 F.3d 709, 713 (2d Cir. 1994) ......... 15

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in support of a motion pursuant to FRCP Rule 12 (b)(6), by which defendants, PETER BROWER, TOWN OF RAMAPO, JOHN DOE #1, JOHN DOE #2, JOHN DOE #3 and PASCOCELLO, seek dismissal of the complaint. The accompanying affirmation of Janice Gittelman, Esq., sets forth the pertinent facts.

Plaintiff's First, Second and Third Counts seek to hold the John Doe police officers liable, together with defendant Dunlap, for a violation of Plaintiff's constitutional right to travel, association and contract, pursuant to 42 USC §1985, §1983 and §1981. Plaintiff's Sixth and Seventh counts seek to hold defendants Pascocello, Brower and Town of Ramapo liable for Pascocello's actions in allegedly violating Plaintiff's Fourth and Fourteenth Amendment rights during an encounter in June, 2007. Finally, Plaintiff's Eighth Count seeks to hold the Town of Ramapo liable for an alleged violation of his First Amendment rights.

## POINT I

## THE FIRST COUNT MUST BE DISMISSED AS THE COMPLAINT DOES NOT PROPERLY PLEAD A CONSPIRACY NOR IS THERE A RECOGNIZABLE CONSTITUTIONAL VIOLATION INVOLVED

When faced with a motion pursuant to Rule 12(b)(6) the court must accept all factual allegations in the complaint as true. Telltabs, Inc. v. Makor Issues & Rights, Ltd., 127 S.Ct. 2499 (2007). While a complaint need not provide detailed factual allegations, "…a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do…Factual allegations must be enough to raise a right to relief above the speculative

level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)" Bell Atlantic v. Twombley, 127 S.Ct. 1955, 1964-65 (2007). The Court of Appeals has adopted a flexible plausibility standard by which a plaintiff is obligated to "amplify his claim with some factual allegations … to render the claim plausible". Iqbal v. Hasty, 490 F.3d 143, 157-158 (2d Cir. 2007).

In the First Count, Plaintiff alleges a violation of 42 USC §1985 in that Defendant Dunlap and the John Doe police officers allegedly conspired to deprive Plaintiff of his First Amendment rights of travel and association on the basis of his race. For the reasons set forth below defendants assert that the First Count must be dismissed.

**A. The complaint does not properly plead a conspiracy and must be dismissed.**

In pleading a violation of §1985 a complaint must allege a conspiracy for the purpose of depriving a person of certain rights, together with an act in furtherance of the conspiracy, leading to a deprivation of those rights. Mian v. Donaldson, Lufkin & Jenrette Securities Corp., 7 F.3d 1085 (2d Cir. 1993). To properly plead a §1985 conspiracy a plaintiff must allege specific facts suggesting that there is a mutual understanding among the conspirators to take action for an unconstitutional result. Gibbs-Alfano v. Ossining Boat & Canoe Club, Inc., 47 F.Supp.2d 506 (1999). The facts alleged in the complaint must support a meeting of the minds by which persons entered into an agreement to achieve a specific unlawful end together with an act in furtherance of the object of the conspiracy. Griffin v. Breckenridge, 403 U.S. 88 (1971); Cramer v. Pyzowski, 2007 WL 1541393 (E.D.N.Y. 2007). Moreover, a complaint alleging a violation of 42 USC §1985 is subject to a heightened pleading standard. Julian v. New York City Transit Authority, 857 F.Supp. 242 (E.D.N.Y. 1994). A complaint that alleges only unsupported conclusory, vague or general

allegations of conspiracy will be subject to dismissal. Boddie v. Schnieder, 105 F.3d 857 (2d Cir. 1997).

The instant complaint alleges that the John Doe officers made certain statements to Defendant Dunlap concerning Plaintiff in an effort to persuade Dunlap to take certain action. Sometime after those statements were allegedly made Defendant Dunlap took the action complained of. Nowhere in the complaint does Plaintiff allege any facts that suggest, much less support, a conspiracy between Dunlap and the John Doe officers. For example, there is no allegation that Dunlap took the action complained because of the alleged statements. More significantly, there is no allegation that there was a meeting of the defendants' minds to achieve an unlawful result. Rather, there are only allegations concerning two independent acts and as such the complaint must be dismissed. Johnson v. Columbia University, ___ F.Supp.2d ___, 2003 WL 22743675 (S.D.N.Y. 2003)(complaint dismissed where there were insufficient allegations of a meeting of the minds).

**B.      The First Count must be dismissed since the allegations do not implicate any constitutional rights.**

Moreover, even if the complaint could be read to establish some meeting of the minds, it would still be subject to dismissal since "a violated constitutional right is a natural prerequisite to a claim of conspiracy to violate such right." Romer v. Morgenthau, 119 F.Supp.2d 326 (S.D.N.Y. 2000). While Plaintiff alleges that this conspiracy violated his First Amendment rights to travel and association, no such violations can be present here.

**a.    Right to Travel**

The right to travel, while not specifically referenced in the Constitution, derives from the Constitution's concepts of personal liberty. King v. New Rochelle Mun. Hous. Auth, 442 F.2d 646 (2d Cir. 1971). The right to travel is violated when a state creates

9

barriers to interstate travel or when new residents to a state are treated disparately from longer term residents. _Lai v. New York City Government_, 991 F.Supp. 362 (S.D.N.Y. 1998). State law or other complained of action will implicate this right when that law or action "actually deters such travel, … when impeding travel is its primary objective, … or when it uses any classification which serves to penalize the exercise of that right." _Selevan v. New York Thruway Authority_, 470 F.Supp.2d 158, 175 (N.D.N.Y. 2007) citing _Attorney General of New York v. Soto-Lopez_, 476 U.S. 898, 903 (1986); _Five Borough Bicycle Club v. City of New York_, 483 F.Supp.2d 351 (S.D.N.Y. 2007).

The complaint does not set forth how the alleged conduct of any of the defendant's implicated Plaintiff's right to travel. At best, the complaint alleges that Plaintiff is a New York resident, that Advanced Fighting Systems (AFS) is located in New Jersey and Defendant Dunlap requested that he not return to AFS. Nowhere in the complaint are there any allegations suggesting any violation of Plaintiff's right to interstate travel and as such those allegations must be dismissed.

**b.  Right to Association**

Plaintiff's allegation of a violation of his First Amendment right to freedom of association must also fail. In general, the First Amendment protects the right to enter into and carry on certain intimate or private relationships. _Moore v. East Cleveland_, 431 U.S. 494 (1977). While these relationships typically involve family members, freedom of association has been recognized in those relationships where there are "deep attachments and commitments to the necessarily few other individuals with whom one shares not only a special community of thoughts, experiences and beliefs but also distinctly personal aspects of one's life". _Roberts v. United States Jaycees_, 468 U.S. 609 (1984). To be sure, not all

types of association are protected by the First Amendment. City of Dallas v. Stanglin, 490

U.S. 19 (1989). For example, in Krebs v. Tutelian, ___ F.Supp.2d ___, 1998 WL 108003

(S.D.N.Y. 1998), this Court determined that the right to associate freely with members of a

social club did not fall under First Amendment protection. See also, Lyn v. Incorporated

Village of Hempstead, ___ F. Supp.2d ___, 2007 WL 1876502 (recreational dancing not

intimate or expressive association). Similarly, we submit that the right of free association

does not extend to Plaintiff's claimed right to attend Advanced Fighting Systems, a private

defense fighting school.

Since the alleged conduct of the John Doe police officers did not implicate any

constitutional rights, the First Count must be dismissed.

<u>POINT II</u>

<u>**THE SECOND COUNT MUST BE DISMISSED SINCE THE COMPLAINT
FAILS TO ALLEGE FACTS THAT SUPPORT A VIOLATION OF
42 U.S.C. §1983 NOR DOES PLAINTIFF PLEAD A RECOGNIZABLE
CONSTITUTIONAL VIOLATION**</u>

In the Second Count, Plaintiff alleges that the while acting under color of state law

and in their capacity as police officers,[1] the John Does advised defendant Dunlap that

"Plaintiff was unsavory and disreputable, and a part of a racially mixed and undesirable

community" in violation of First Amendment rights of travel and association pursuant to 42

USC §1983 and his Fourteenth Amendment right to substantive due process

**A.    The Second Count must be dismissed since the alleged statements of the John
Does were not the proximate cause of the alleged injuries.**

In order to maintain an action pursuant to 42 USC §1983, plaintiff must allege

---

[1] While defendants dispute that any of the alleged statements were made by the John Doe officers and
further maintain that any actions by the John Doe defendants involving AFS, a private defense school
located in the State of New Jersey, were not undertaken under the color of law, we recognize that those
factual issues cannot be determined in a motion to dismiss.

11

conduct committed by a person acting under color of state law that deprived him of some right secured by the constitution. There can only be liability if the conduct involved is the both the direct and proximate cause of the alleged constitutional violation. <u>Peterson v. Tomaselli</u>, 469 F.Supp.2d 146 (S.D.N.Y. 2007). The complaint alleges that defendant Dunlap asked him not to return to the Advanced Fighting Systems school. Plaintiff does not allege that the John Doe police officers, acting under the color of state law or in their individual capacities, coerced him, through threats or otherwise, not to return to the school or even that they told or asked Plaintiff not to return to the school. Nor does the complaint allege that the John Doe police officers coerced Dunlap in any way in order to force him to exclude Plaintiff from AFS. Indeed, according to the complaint, AFS is a Mahwah, New Jersey corporation located outside the jurisdictional limits of the Town of Ramapo Police Department. As such, the Ramapo Police Department has no authority to direct the admission at AFS, and indeed would have no similar authority on a private or public school within the Town. In sum, defendants assert that the complaint does not allege that that the complained of statements to Dunlap were the proximate cause of the alleged violation.

Moreover, the complaint must also be dismissed since the only statements that Plaintiff attributes to the John Doe officers that involve Plaintiff directly is that he is a member of the "Hillburn community". The other alleged statements may relate to that community but not necessarily to Plaintiff himself. As such, the complaint, even read in the most generous light, does not even allege conduct based upon Plaintiff's race and, therefore, no §1983 violation has been alleged.

**B.     The Second Count must be dismissed since the allegations do not implicate any constitutional rights.**

42 USC §1983 does not create rights, rather it simply provides a remedy for the

12

violation of certain federal rights. Makas v. Miraglia, 2007 WL 152092, 05 Civ. 7180 (S.D.N.Y. 2007). In order to prevail on a §1983 claim, Plaintiff must allege injuries of a constitutional dimension that implicate federal rights protected by the section. As was demonstrated in Point I above, the alleged conduct does not implicate any First Amendment right to travel or association. Moreover, the alleged conduct does not implicate Plaintiff's right to substantive due process.

In order to analyze an allegation of a violation of substantive due process one must first identify the liberty interest at stake. O'Connor v. Pierson, 426 F.3d 187 (2d Cir. 2005). Aside from the rights to travel and association, which have been addressed above, the complaint does not allege a liberty interest for which Plaintiff's substantive due process was violated. It may be that Plaintiff alleges a liberty interest in attending the private instructional school of his choice. In any event, in order to violate a person's right to substantive due process the alleged conduct must be "outrageously arbitrary" and so offensive that it "shocks the conscience" and violates the "decencies of civilized conduct". Natale v. Town of Ridgefield, 170 F.3d 258, 263 (2d Cir. 1999); Makas v. Miraglia, Id., citing County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998). No violation of the right to substantive due process was found in the following cases: Smith v. Half Hollow Hills Central School District, 298 F.3d 168 (2d Cir. 2002)(no violation of substantive due process where a teacher slapped a child without justification); Makas v. Miraglia Id. (Plaintiff's blood was forcibly drawn and medical records allegedly disseminated); Cotz v. Maestroni, 476 F. Supp.2d 332 (S.D.N.Y. 2007)(Police allegedly coerced and threatened plaintiff therein to permit visitation by an ex-spouse, yelled at plaintiff and forced their way into her home), cf. Poe v. Leonard, 282 F.3d 123 (2d Cir. 2002)(state trooper's secret videotaping

of female as she undressed found to shock the conscience such that there was a violation of substantive due process). The municipal Defendants assert that no such shocking conduct is alleged here as against the John Doe police officers. At most, Plaintiff alleges that members of the AFS school, who happen to be members of the Town of Ramapo Police Department, made certain statements to Defendant Dunlap concerning Plaintiff being a member of the Hilburn Community. Plaintiff further alleges that the John Doe Defendants stated that the Hilburn community contained people with "curious, even bizarre racial characteristics such as light skin and blue eyes combined with Negroid features" (Complaint – Par. 12), which statements allegedly "persuaded" Defendant Dunlap to ask Plaintiff not to return to the school. We submit that the complained of conduct does not rise to the level of shocking and outrageous conduct as required for a violation of the constitutional right to substantive due process.

### POINT III

### THE THIRD COUNT MUST BE DISMISSED SINCE PLAINTIFF HAS NOT PROPERLY PLED A VIOLATION OF 42 U.S.C. §1981

42 USC §1981 prohibits racially motivated or discriminatory acts that impact upon the making and enforcing of private contracts. Gibbs-Alfano v. Ossining Boat and Canoe Club, Inc., supra. Plaintiff alleges that the John Doe defendants interfered with his contract with defendant AFS. The John Does were not parties to that contract. In order for a third party to a contract to be liable under 42 USC §1981 there must be an intent to enter into and maintain the contract. The complaint alleges that defendant Dunlap asked Plaintiff not to return to AFS. The allegations in the complaint then demonstrate that AFS, a first party to the alleged contract, did not want to continue or maintain the

14

contract. The John Does, being third parties, cannot then be liable under 42 USC §1981. Robinson v. Town of Colonie, 878 F.Supp. 387 (N.D.N.Y. 1995)

Additionally, in order to survive a motion to dismiss, a complaint must allege "the *events* claimed to constitute intentional discrimination as well as *circumstances giving rise to a plausible inference of racially discriminatory intent*." Yusuf v. Vassar College, 35 F.3d 709, 713 (2d Cir. 1994)(emphasis in the original). Liability under §1981 must be predicated upon personal involvement in the alleged discrimination. Abdi v. Brookhaven Science Associates, 447 F.Supp.2d 221 (E.D.N.Y. 2006). Moreover, "[A] showing of racial bias alone is not sufficient; rather, a plaintiff must show purposeful discrimination." Sathianathan v. Smith Barney, Inc., __ F.Supp.2d __, 2006 WL 538152 (S.D.N.Y. 2006). Therefore, it is insufficient for the complaint to merely allege that the John Does made racially biased statements to Defendant Dunlap concerning Plaintiff without allegations concerning a discriminatory purpose. Additionally, Plaintiff's allegation that the statements were made in an effort to persuade Dunlap to take a particular action is merely conclusory and unsupported by fact and is not evidence of the type of personal involvement necessary to maintain this action. Yusuf v. Vassar College, supra.

For the reasons stated above, Defendants submit that the Third Count must be dismissed.

<u>**POINT IV**</u>

<u>**THE SIXTH COUNT MUST BE DISMISSED AS DEFENDANT PASCOCELLO IS ENTITLED TO QUALIFIED IMMUNITY**</u>

In the Sixth Count, Plaintiff alleges a violation of his Fourth Amendment rights as well as a violation of his Fourteenth Amendment right to substantive due process. The

15

Municipal Defendants assert that this count must be dismissed as P.O. Pascocello is entitled to the protections of qualified immunity. Qualified immunity shields police from liability when it can be said that the conduct complained of does not violate any clearly established constitutional rights of which a reasonable person would have known or if it is objectively reasonable for that person to believe that their acts did not violate those rights. Golino v. City of New Haven, 950 F.2d 864 (2d Cir. 1991). Dismissal of a complaint based upon the existence of qualified immunity is appropriate where undisputed facts establish that it was "objectively reasonable for the defendants to believe that their actions did not violate clearly established rights." Defore v. Premore, 86 F.3d 48 (2d Cir. 1996).

The complaint states that P.O. Pascocello responded to a certain location in response to a report of illegal fireworks activity. The complaint further alleges that P.O. Pascocello questioned two people and recovered fireworks. P.O. Pascocello then approached Plaintiff who was parked at the scene, ordered him out of his vehicle and frisked him.

New York State Penal Law Section 270.00 prohibits the possession and sale of fireworks. As can be seen from the attached affidavit of P.O. Pascocello, attached to the motion as Exhibit B, he observed Plaintiff seated in his vehicle immediately in the vicinity of where fireworks were being lit. He approached Plaintiff who he recognized as being someone who had been identified to him as Rodney Van Dunk. After some discussion he requested that Plaintiff exit the vehicle. As Plaintiff exited the vehicle P.O. Pascocello observed that Plaintiff's shorts were bunched up in the area of his pocket. P.O. Pascocello was at that time aware of the fact that a Rodney Van Dunk had been

16

arrested for assaulting a police officer. Attached hereto as Exhibit C is the police report relating to that fight as well as certificate of conviction indicating that Plaintiff was, in fact, convicted of Assault in the Third Degree. Further, P.O. Pascocello was at that time in the midst of a criminal investigation involving fireworks, which can certainly cause physical harm. P.O. Pascocello, being concerned for his safety and the safety of others, patted his hand over the outside of the pocket of Plaintiff's shorts to ascertain whether there was, in fact, a weapon secreted therein.

It is beyond dispute that police may stop or detain an individual if they possess reasonable suspicion that there is criminal activity afoot. Terry v. Ohio, 392 U.S. 1 (1968); United States v. Rogers, __ F.Supp. __, 1996 WL 422260 (S.D.N.Y. 1996). In the instant case P.O. Pascocello had more than a mere suspicion that criminal activity was afoot. He had actual knowledge that a violation of the Penal Law was being committed. Therefore, we submit that P.O. Pascocello was authorized to approach, detain and order Plaintiff from his car in connection with the investigation into illegal fireworks. New York v. Class, 475 U.S. 106 (1986). At that point P.O. Pascocello, and as can be seen from the attached Affidavit, observed a bulge in Plaintiff's shorts in the area of where pockets would normally be. P.O. Pascocello, knowing that a Rodney Van Dunk had been previously arrested for assaulting a police officer, and faced with an investigation into illegal fireworks, had a valid and reasonable concern that Plaintiff was secreting something that could cause harm to P.O. Pascocello or others. P.O. Pascocello was, therefore, permitted to conduct a frisk of Plaintiff to ascertain the presence of weapons. Once a police officer is entitled to stop or detain an individual, a frisk is permissible if the officer believes that the individual may be armed or dangerous. Adams v. Williams, 407

17

U.S. 143 (1972); U.S. v. Colon, ___ F.Supp. ___, 1998 WL 122595 (S.D.N.Y. 1998). We submit that based upon the totality of circumstances, that P.O. Pascocello was entitled to frisk Plaintiff and that a reasonable police officer would not have believed otherwise.

In any event, even if Plaintiff were to argue that P.O. Pascocello was not reasonable in his beliefs, we submit that P.O. Pascocello would still be entitled to immunity in this situation. As is stated in the affidavit of P.O. Pascocello, Plaintiff's vehicle did not have a front license plate. A copy of Vehicle and Traffic Law Section 402 setting forth the requirement of front and rear plates is attached hereto as Exhibit D. Additionally, photographs of Plaintiff's vehicle without said front plate are attached hereto as Exhibit E. Based upon this violation of the Vehicle and Traffic Law P.O. Pascocello was entitled to approach Plaintiff and request identification. Not only did Plaintiff's vehicle not have a front license plate but Plaintiff was parked in the immediate vicinity of where a criminal act was taking place. People v. Foster, 173 A.D.2d 841, 571 N.Y.S.2d 948 (2d Dept. 1991). Additionally, once lawfully stopped or detained, police may order occupants of a vehicle to exit that vehicle. Mollica v. Volker, 229 F.3d 366 (2d Cir. 2000). Moreover, once detained for a traffic infraction police are, in fact, authorized to make an arrest if the driver cannot produce identification. People v. Ellis, 62 N.Y.2d 393, 477 N.Y.S.2d 106 (1984); People v. Rodriguez, 122 A.D.2d 895, 505 N.Y.S.2d 936 (2d Dept. 1986); People v. Lucas, 183 Misc.2d 639, 704 N.Y.S.2d 779 (Supreme Ct., Monroe Cty. 1999). Plaintiff, although asked twice for identification, could produce no document with his name or address. Finally, once an arrest is made a search incident to that arrest is also permissible. People v. Copeland, 39 N.Y.2d 986, 387

N.Y.S.2d 234 (1976); People v. Troiano, 35 N.Y.2d 476, 363 N.Y.S.2d 943 (1974).

Therefore, P.O. Pascocello was legally permitted to frisk Plaintiff.

Any claims Plaintiff makes based upon verbal threats or statements to him by P.O. Pascocello must also be dismissed. Such verbal threats or even abusive language does not constitute a violation of any federally protected rights. Shabazz v. Pico, 994 F.Supp. 460 (S.D.N.Y. 1998).

Finally, as was discussed above, Plaintiff's allegations concerning his encounter with P.O. Pascocello fall far short of the type of conduct that is required in order to properly plead a violation of substantive due process and, therefore, that allegation must be dismissed as well.

Inasmuch as P.O. Pascocello was legally permitted to detain and frisk Plaintiff, he is entitled to qualified immunity and the Sixth Count must be dismissed.

## POINT V

### THE SEVENTH COUNT MUST BE DISMISSED AS THERE CAN BE NO SUPERVISORY LIABILITY NOR LIABILITY FOR AN ALLEGED FAILURE TO TRAIN OR SUPERVISE

**A. The Complaint must be dismissed as against Defendant Brower**

In the Seventh Count Plaintiff alleges that Defendant Brower, the Chief of Police of the Town of Ramapo Police Department, did not comply with an unidentified GO regarding the investigation of civilian complaints. (While it is believed that "GO" refers to "General Order", the designation for the Police Department's rules and regulations, no such GO was attached to the complaint). The Seventh Count further alleges that Chief Brower "failed to exercise supervision and control over the officers of the ToRPD, including but not limited to the individual defendants named herein, thereby tolerating,

acquiescing in, condoning and encouraging conduct of the sort engaged in here …."

(Complaint – Paragraph 46).

To establish a claim for a violation of 42 USC §1983 against an individual the complaint must allege personal involvement by the individual in the alleged constitutional violation. Johnson v. Newburgh Enlarged School District, 239 F.3d 246 (2d Cir. 2001).    Personal involvement may be shown by evidence that,

> …(1) the defendant participated directly in the alleged constitutional violation; (2) the defendant, after being informed of the violation through a report or appeal failed to remedy the wrong; (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom; (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) the defendant exhibited deliberate indifference to others rights by failing to act on information indicating that unconstitutional acts were occurring.

Allah v. Poole, __ F.Supp.2d __, 2007 WL 2317566 (W.D.N.Y. 2007).

The complaint does not allege that Defendant Brower participated directly in any constitutional violation, that he created any unlawful policy or custom, that he was grossly negligent or that he acted with deliberate indifference to the rights of others. Rather, the complaint attempts to state a claim for a violation of 42 USC §1983 based upon the allegation that Defendant Brower did not comply with a certain Ramapo Police Department internal General Order concerning the investigation of civilian complaints and that he has failed to so comply in the past.    An alleged violation of an internal rule or regulation, however, cannot give rise to a cause of action unless the violation of the rule itself constitutes a civil rights violation or other tortious act. See, Davis v. Scherer, 468 U.S. 183, 194, 104. Ct. 3012 (1984), Washington v. Starke, 855 F.2d 346, 350 (6th Cir.

1988).[2]  As is demonstrated in this Memorandum, no such civil rights violations or other tortious conduct has been established.

Moreover, no liability can attach to defendant Brower as a result of any alleged failure to train or properly supervise or control police officers without some showing of personal involvement on his part.  Garrido v. Coughlin, 716 F.Supp. 98 (S.D.N.Y. 1989).

**B.  The Seventh Count must be dismissed as against the Town of Ramapo**

In order for the complaint to be sufficient as against the Town of Ramapo under §1983 or §1981, Plaintiff must have alleged facts that show that a constitutional violation resulted from an official policy, custom or practice of the Town.  Monell v. Department of Social Services, 436 U.S. 658 (1978); Mack v. Port Authority, 225 F.Supp.2d 376 (S.D.N.Y. 2002).  It is insufficient to merely allege that such a policy exists.  Rather a complaint must contain facts which tend to support the allegation as opposed to containing only "broad, simple and conclusory statements".  Johnson v. Columbia University, ___ F.Supp.2d ___, 2003 WL 22743675 (S.D.N.Y. 2003).  The doctrine of respondeat superior has been expressly rejected as a basis for municipal liability. See, Monell v. Department of Social Services, 436 U.S. at 691, 98 S. Ct. at 2036 (1978); Jacobs v. Payner, 727 F. Supp. 1212 (N.D. Ill. 1989).  Moreover, the mere allegation that there was a failure to train municipal employees will not be sufficient to support a claim of the existence of a municipal policy. Dwares v. City of New York, 985 F.2d 94 (2d Cir. 1993).  Rather, Plaintiffs must show that the municipality was the "moving force" behind the alleged injury.  Board of the County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397 (1997); Sulkowska v. City of New York, 129 F.Supp.2d 274 (S.D.N.Y. 2001).  Nor will the allegation of a single

---

[2] Indeed, the very same argument was made by a member of Counsel's firm, acting *pro se*, in the matter of Cotz v. Maestroni, 476 F. Supp.2d 332 (S.D.N.Y. 2007).  That argument was rejected in that case.

21

incident involving actors below the policymaking level raise an inference of the existence of some policy. Johnson v. Columbia University, supra.; City of Oklahoma City v. Tuttle, 471 U.S. 808 (1985).

Plaintiff alleges that the John Doe police officers made comments to Defendant Dunlap concerning his race resulting in his being asked not to return to AFS. Plaintiff also alleges that Defendant Pascocello, while investigating a fireworks incident, told Plaintiff to exit his car and then proceeded to frisk him. The complaint does not allege a particular municipal policy which condones the alleged behavior. Rather, the complaint merely alleges that these instances were a result of the Town's failure to train and supervise its police officers. Municipal liability based only upon a failure to train theory can only survive if there is an allegation of deliberate indifference. In this regard a Plaintiff must establish that (1) a policymaker knows to a moral certainty that employees will confront a given situation; (2) there is a history of employees mishandling the situation and (3) the mishandling of the situation will often cause the deprivation of a constitutional right. Batista v. City of New York, __ F.Supp.2d __, 2007 WL 2822211 (S.D.N.Y. 2007). The complaint does not even allege any of these elements. As was demonstrated above, the complaint does not allege any constitutional violations attributable to the John Doe officers and P.O. Pascocello was legally permitted to detain and frisk Plaintiff. Therefore, Plaintiff cannot successfully allege a failure to train on the part of the Town of Ramapo.

Finally, it cannot be said that P.O. Pascocello's conduct in detaining and/or frisking Plaintiff rises to the level of behavior that shocks the conscience such that any violation of Plaintiff's Fourteenth Amendment right to due process could be found.

22

County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998). As such, the Seventh Count must be dismissed. As such, the Seventh Count must be dismissed.

**THE EIGHTH COUNT MUST BE DISMISSED SINCE PLAINTIFF HAS NOT PROPERLY PLED A CAUSE OF ACTION FOR RETALIATION**

In the Eight Count Plaintiff makes the conclusory allegation that the alleged actions of the "Town of Ramapo Defendants were retaliation for Plaintiff's public complaints at the public forum at the Ramapo Nation Lodge". (Complaint – par. 47). This is apparently based upon alleged statements made by Plaintiff at a public meeting having to do with an incident allegedly caused by New Jersey police in the State of New Jersey. Chief Brower was present at that meeting as was Christopher St. Lawrence, the Supervisor of the Town of Ramapo.

In order to state a retaliation claim a complaint must allege that (1) the speech at issue is protected under the First Amendment; (2) the defendant took adverse action; (3) there was a causal connection between the protected speech and the adverse action and (4) the defendant's action actually chilled the exercise of Plaintiff's First Amendment rights. Mangano v. Cambariere, ___ F.Supp.2d ___, 2007 WL 2846418 (S.D.N.Y. 2007). Defendants assert that Plaintiff would be unable to establish any of these criteria. For purposes of this motion, however, defendants assert that the complaint must be dismissed as Plaintiff as failed to allege even one instance where his First Amendment rights were actually chilled as a result of the alleged conduct of the municipal defendants. Nor has Plaintiff alleged facts tending to suggest a causal connection between his earlier speech and the conduct complained of. Curley v. Village of Suffern, 268 F.3d 65 (2d Cir. 2001).

23

Since the complaint does not adequately plead a cause of action for retaliation it

must be dismissed.

**POINT VII**

**ANY CLAIMS PURSUANT TO STATE LAW ARE BARRED DUE TO**
**PLAINTIFF'S FAILURE TO FILE A NOTICE OF CLAIM**

New York General Municipal Law Section 50-e requires as a condition precedent to

bringing an action against a town, that the plaintiff have filed a notice of claim with the town

within ninety days of the accrual of the cause of action.

The affidavit of Christian G. Sampson, attached to the motion and Exhibit E, sets

forth that Mr. Sampson is the Town Clerk of the Town of Ramapo, has conducted a search

of the records maintained by the Town, and has learned that plaintiff never filed a notice of

claim with regards to any of the allegations set forth in the complaint

Defendants acknowledge that claims alleging violations of civil rights pursuant to 42

U.S.C. 1983 generally are held to be exempt from the notice of claim requirement.

However, to the extent that plaintiff's complaint can be read to allege any violations of State

law or other state causes of action, it is respectfully submitted that those causes of action

would be subject to dismissal for failure to comply with the notice of claim requirements.

## CONCLUSION

For all of the foregoing reasons, it is respectfully prayed that an order be made and entered herein granting dismissal of the complaint, together with such other and further relief as to this Court may seem just, proper and lawful.

Dated: Suffern, New York
October 24, 2007

Respectfully submitted,

MICHAEL L. KLEIN, ESQ.
Town Attorney
Town of Ramapo
Attorney for Defendants Peter Brower, Town of Ramapo, John Does #1 through #3 and Pascocello
237 Route 59
Suffern, New York 10901
(845) 357-5100

By: _____
JANICE GITTELMAN - #0029
Deputy Town Attorney