UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

RODNEY VAN DUNK,

                         Plaintiffs,

    -against-

PETER BROWER, individually and as an officer of the
Town of Ramapo; TOWN OF RAMAPO, a New York
Municipal corporation; JOHN DOE #1, individually and
as and officer of the Town of Ramapo; JOHN DOE #2,
individually and as an officer of the Town of Ramapo;
JOHN DOE #3, individually and as an officer of the
Town of Ramapo; f/n/u PASCOCELLO, individually
and as an officer of the Town of Ramapo; ADVANCED
FIGHTING SYSTEMS, a New Jersey Corporation; and
PHIL DUNLAP,

                        Defendants,

------------------------------------------------------------X

NOTICE OF MOTION
FOR DISMISSAL OF
COMPLAINT

07 CIV. 07087 (CLB)

      **PLEASE TAKE NOTICE** upon the affirmation of Janice Gittelman dated October 24,

2007, the affidavit of Edward Pascocello sworn to on October 22, 2007, the affidavit of Christian

Sampson sworn to on October 23, 2007, the exhibits annexed hereto and the accompanying

Memorandum of Law submitted in support of the motion, defendants, PETER BROWER, TOWN

OF RAMAPO, JOHN DOE #1, JOHN DOE #2, JOHN DOE #3 and PASCOCELLO, by their

attorney, Michael L. Klein, Esq., will move this Court before the Hon. Charles L. Brieant, United

States District Court Judge for the Southern District of New York, at the United States Courthouse,

300 Quarropas Street, White Plains, New York, 10961, on the 7th day of December, 2007, at 10:00

a.m., or as soon thereafter as counsel may be heard,

      FOR AN ORDER pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

(FRCP), granting dismissal of the complaint in favor of the above named defendants, and against

the plaintiffs in the above-captioned action as a matter of law; together with such other and further

relief as to this Court may seem just, proper and lawful.


Dated:  Suffern, New York
        October 24, 2007

                                        MICHAEL L. KLEIN, ESQ. - #9159
                                        Town Attorney
                                        Town of Ramapo
                                        Attorney for Defendants Brower,
                                        Town of Ramapo, John Doe #1-#3
                                        and Pascocello
                                        237 Route 59
                                        Suffern, New York 10901
                                        (845) 357-5100


                            By:    _____
                                        JANICE GITTELMAN - #0029
                                        Deputy Town Attorney


TO:    CLERK OF THE UNITED STATES
       DISTRICT COURT
       Southern District of New York
       300 Quarropas Street
       White Plains, New York

       COTZ & COTZ
       Attorneys for Plaintiffs
       180 Franklin Turnpike
       Mahwah, New Jersey 07430

       CONDON & RESNICK
       Attorneys for Defendants AFS and DUNLAP
       96 S. Broadway
       Nyack, New York 10960

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
RODNEY VAN DUNK,

                    Plaintiffs,

        -against-

PETER BROWER, individually and as an
officer of the Town of Ramapo, TOWN OF
RAMAPO, a New York municipal corporation;
JOHN DOE #1, individually and as and officer of the
Town of Ramapo; JOHN DOE #2,
individually and as an officer of the Town of Ramapo;
JOHN DOE #3, individually and as an officer of the
Town of Ramapo; f/n/u PASCOCELLO, individually
and as an officer of the Town of Ramapo; ADVANCED
FIGHTING SYSTEMS, a New Jersey Corporation; and
PHIL DUNLAP,
                    Defendants,
-------------------------------------------------------------X

**AFFIDAVIT IN SUPPORT
OF MOTION FOR
DISMISSAL
PURSUANT TO FRCP 12 (b)(6)**

STATE OF NEW YORK        )
                         )ss.:
COUNTY OF ROCKLAND       )

        JANICE GITTELMAN, ESQ., being duly sworn, deposes and says:

        1. I am an attorney duly admitted to practice law in the State of New York and before this

Court, and am a Deputy Town Attorney in the office of Michael L. Klein, Town Attorney of the

Town of Ramapo, counsel for the defendants, PETER BROWER, TOWN OF RAMAPO,

JOHN DOE #1, JOHN DOE #2, JOHN DOE #3 and PASCOCELLO, in the above named action.

        2. This affidavit in support of a motion for dismissal pursuant to Federal Rules of Civil

Procedure, Rule 12(b)(6), is based upon information and belief except as to those matters stated to

upon direct knowledge.  The sources of information and grounds for belief consist of a review of

the papers filed herein.

3. Plaintiff commenced this action alleging violations of his constitutional rights as a result of two unrelated incidents allegedly involving members of the Town of Ramapo Police Department. The Amended Complaint is attached hereto as Exhibit A.

4. The complaint alleges that Plaintiff is a member of the Ramapough Nation, a Native American tribe, and also a resident of the Village of Hillburn. Plaintiff further alleges that he was enrolled in the defendant Advanced Fighting Systems (AFS) school located in Mahwah, New Jersey. Plaintiff complains that he was asked by Defendant Dunlap, the alleged managing officer of AFS, not to return to the school. Plaintiff also alleges that defendant Dunlap was persuaded to ban him from the school based upon certain disparaging remarks concerning the "Hillburn community" made by three Town of Ramapo Police Officers. These officers are identified in the complaint as John Does 1 through 3. Plaintiff alleges that these alleged actions resulted in violations of his rights pursuant to 42 USC §§1985, 1983 and 1981.

5. Plaintiff also alleges constitutional violations as a result of a June 15, 2007 incident involving Town of Ramapo Police Officer Pascocello. Plaintiff alleges that P.O. Pascocello responded to a police call regarding fireworks. Plaintiff further alleges that he was present at the scene when P.O. Pascocello questioned two other individuals and recovered fireworks. Plaintiff charges, however, that P.O. Pascocello's behavior in questioning him, ordering him from his vehicle and frisking him violated his rights as secured by the Fourth and Fourteenth Amendments.

6. Plaintiff also alleges liability on the part of the Town of Ramapo and Peter Brower, its Chief of Police, as a result of the above allegations and as a result of a claim of retaliation against Plaintiff for some statements made complaining about treatment by police.

7. The municipal Defendants submit that dismissal of the complaint is required. With respect to the alleged incident involving the John Doe police officers the complaint cannot support

a cause of action for conspiracy in violation of 42 USC §1985 inasmuch as Plaintiff has not pled a meeting of the minds for an illegal purpose. Additionally, the complaint does not set forth that the alleged actions of the John Doe officers was the proximate cause of any violation pursuant to 42 USC §1983. Moreover, the complaint does not plead a cognizable claim under the First or Fourteenth Amendments. Finally, we assert that Plaintiff's cause of action pursuant to 42 USC §1981 must also fail since the John Doe police officers were not party to the alleged contract to attend AFS, and since the complaint fails to allege any intentional or discriminatory purpose on their part.

8.      With respect to the alleged incident regarding Police Officer Pascocello, defendants assert that the complaint must also be dismissed. Attached hereto as Exhibit B is an affidavit of Defendant Pascocello relevant to the issue of qualified immunity. In that affidavit P.O. Pascocello states that on June 15, 2007 he was on routine patrol when he heard popping noises and saw smoke. Upon investigation he observed two vehicles parked in close proximity to each other. He observed two men standing outside one of the vehicles and lighting fireworks. P.O. Pascocello recovered a quantity of fireworks and then approached the other vehicle, which did not have a front license plate. Plaintiff, who was seated in the driver's seat of this vehicle, was unable to produce any identification. P.O. Pascocello recognized Plaintiff as someone who had been previously identified to him as Rodney Van Dunk. P.O. Pascocello knew that a Rodney Van Dunk had been arrested for assaulting a police officer. P.O. Pascocello requested that Plaintiff exit his vehicle at which point he observed a bulge in Plaintiff's shorts in the area of where pockets would be. P.O. Pascocello then conducted a pat down of the exterior of Plaintiff's shorts. Based upon the above defendants assert that the complaint must be dismissed since P.O. Pascocello is entitled to qualified immunity.

9.     Finally, Defendants Brower and Town of Ramapo are also entitled to dismissal as there is no personal involvement on the part of defendant Brower, there can be no liability based upon *respondeat superior*, Plaintiff has not adequately pled a municipal policy at fault in this case nor has he pled a valid cause of action for failure to train.

10.  Attached hereto are the following exhibits as referenced in the Memorandum of Law:

Exhibit A – Amended Complaint

Exhibit B – Affidavit of P.O. Pascocello

Exhibit C – Police report and Certificate of Conviction

Exhibit D – Vehicle and Traffic Law Section 402

Exhibit E – Photographs

Exhibit F – Affidavit of Christian Sampson

**WHEREFORE**, for the reason set out above and in the Memorandum of Law and exhibits accompanying this motion, it is respectfully submitted that dismissal in favor of defendants Brower, Town of Ramapo, John Does 1 through 3 and Pascocello be granted, together with such other, further and different relief as to this Court seems just and proper.

Dated:  Suffern, New York
        October 24, 2007

JANICE GITTELMAN - #0029

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**RODNEY VAN DUNK,**

**Plaintiff,**

**v**

**Case No.: : 07-civ-07087**

**PETER BROWER, individually and as an officer of the Town of Ramapo; TOWN OF RAMAPO, a New York municipal corporation; JOHN DOE #1, individually and as an officer of the Town of Ramapo; JOHN DOE #2, individually and as an officer of the Town of Ramapo; JOHN DOE #3, individually and as an officer of the Town of Ramapo; f/n/u PASCOCELLO, individually and as an officer of the Town of Ramapo; ADVANCED FIGHTING SYSTEMS, a New Jersey Corporation; and PHIL DUNLAP,**

*AMENDED COMPLAINT*
*and*
*JURY DEMAND*

**Defendants.**

---

Plaintiff Rodney Van Dunk residing at 37 Sixth Street, Hillburn, New York, complaining of the Defendants says:

**Parties**

1.   Plaintiff is a resident of the Village of Hillburn, Town of Ramapo, County of Rockland, and he is a citizen of the State of New York.

2.   Defendant Town of Ramapo is a municipal corporation located in Rockland County, New York.

3.      Defendants Peter Brower, f/n/u Pascocello, John Doe #1, John Doe #2, and John Doe # 3 are employees of the Police Department of the Town of Ramapo in Rockland County, and, on information and belief, all are residents of the State of New York.

4.      Advanced Fighting Systems is a New Jersey corporation located in the Township of Mahwah, County of Bergen, State of New Jersey.

5.      Phil Dunlap is a resident of the Township of Mahwah, County of Bergen, State of New Jersey.

**Jurisdiction and Venue**

6.      Venue is properly placed in the White Plains vicinage, as all parties are located in Rockland County or Bergen County, New Jersey.

7.      This Court has jurisdiction pursuant to **28 USC 1331** as the issues arise under Federal Statutes, to wit, **42 USC 1981, 42 USC 1983, 42 USC 1985,** and **42 USC 2000(a)**; and it has concurrent jurisdiction over pendent state law claims under **28 USC 1367**.

**Factual Allegations**

8.      Defendant Phil Dunlap is the principal in, and managing officer of, Advanced Fighting Systems ("AFS"), a New Jersey Corporation, with its principal place of business at 221 Franklin Turnpike, Mahwah, New Jersey. This business is located approximately one mile from the New York State line. AFS is engaged in the business of

training individuals for fighting and for competition in such fighting and martial arts contests known as Ultimate Fighting Championships, etc. It is a place of public accommodation within the meaning of the Civil Rights Act of 1964.

9.    AFS is engaged in interstate commerce. It advertises on the internet *inter alia*, **Exhibit A**, and draws its clientele from a market area that encompasses portions of both New York and New Jersey.

10.    Plaintiff enrolled at AFS to undertake training in fighting and martial arts skills.

11.    A number of police officers from the Defendant Town of Ramapo Police Department are enrolled at AFS.

12.    On or about June 10, Defendant Donald Dunlap called Plaintiff, and advised him that he had been called by the [Town of] "Ramapo Police Department" who told him [Dunlap] many negative things about Plaintiff, and told him that Plaintiff was a member of the "Hillburn community", and that the "Hillburn community" was racially mixed and suspect, that the "Hillburn community had communication problems" with the Ramapo Police, that people from Hillburn and Stag Hill had curious, even bizarre racial characteristics such as light skin and blue eyes combined with Negroid features, etc. Dunlap told Plaintiff that because of all of these things, it would be best if he did not return to the school.

13.    Plaintiff had several further telephone conversations with Dunlap in the

next week, in which Dunlap reiterated some or all of these comments, and remained

adamant that Plaintiff was excluded from his school. Dunlap told Plaintiff that two or

three officers of the Town of Ramapo Police Department ("ToRPD") had spoken to him

about Plaintiff, and those officers are identified herein as John Does 1, 2 and 3.

14.     Hillburn is a village within the Town of Ramapo, Rockland County, New

York, and abuts the Stag Hill community in Mahwah, New Jersey. These two

communities are largely peopled by members of the Ramapough Nation, a Native

American tribe, which has been recognized as such by the States of New York and New

Jersey. Plaintiff is a member of the Ramapough Nation, and is active in the affairs of said

Native American tribe.

15.     On Friday, June 15, Plaintiff was present at an area adjacent to the Fourth

Street Bridge in Hillburn, an area designated by the Hillburn mayor and trustees as an

appropriate spot for residents of the Village, including, but not limited to people of the

Ramapough Nation to congregate and socialize.

16.     On that occasion Defendant Pascoceelo, an officer of the Town of Ramapo

Police Department, appeared at the scene, apparently in response to a report of illegal

fireworks activity.

17.     Defendant Pascocello, questioned two young people who had fireworks in

their possession, Doug LaForge and John Peterson  He demanded and received

identification from Peterson who is a member of the Ramapough Nation, and demanded

but did not receive identification from LaForge, who is white. Although he had initially taken their fireworks, he returned the fireworks to them.

18. Defendant Pascocello then approached Plaintiff, who was sitting in his truck, and demanded that Plaintiff get out of the truck and assume a spread eagle position against the truck for a pat down. Defendant Pascocello aggressively frisked Plaintiff. Defendant Pascocello told Plaintiff "I know who you are and I'm not afraid of you", used profanity at him throughout the entire process, and then walked away from Plaintiff calling him a "fucking nigger".

19. Plaintiff attempted to make a verbal complaint by telephone about Defendant Pascocello's behavior, but Sergeant DeMaio of the Town of Ramapo Police refused to take the verbal complaint, contrary to Town of Ramapo Police Department General Order 202.4(1)(A).

20. The next day, on Saturday, June 16, Plaintiff went to the Town of Ramapo Police headquarters and was allowed to fill out a written complaint about Defendant Pascocello, but was refused a copy of same.

21. Plaintiff has subsequently returned and attempted to get a copy of this complaint, but has consistently been refused same.

22. In speaking of Plaintiff to Dunlap, Defendants John Doe 1, John Doe 2, and John Doe 3 were using their authority as police officers of the Town of Ramapo Police Department, and acted under color of the state law, to persuade him to bar Plaintiff.

23.    At a public meeting held at the Ramapough Nation Lodge to address issues surrounding the alleged murder of a member of the community by New Jersey park Police in the spring of 2006, Defendant Brower and ToR Supervisor St. Lawrence were present on the dias. On that occasion, Plaintiff rose and addressed them, complaining and informing them of the pattern and practice of racial harassment and profiling against the men of the Ramapough community by the ToRPD.

24.    Prior to mid 2006, Defendant Brower was for many years a captain in the ToRPD, with responsibility for civilian complaints against and about police officers. His duties in that regard were set forth in ToRPD General Order #  attached. In 2006, Brower was promoted to Chief of the ToRPD.

25.    On many occasions, Plaintiff has made verbal complaints to Defendant Brower about racial harassment by ToRPD officers against himself and against other men in the Ramapough community.

26.    On information and belief, Defendant Brower never pursued these complaints, contrary to GO #202.

### FIRST COUNT
### (42 USC 1985)

27.    Defendant Dunlap, John Does 1, 2, and 3 conspired, contrary to **42 USC 1985**, to deprive Plaintiff of his constitutional rights, including but not limited to First Amendment rights of travel and association, on the basis of his race.

WHEREFORE, Plaintiff demands Judgment on this Count against Defendants Dunlap, John Doe #1, John Doe #2, and John Doe #3, jointly and severally, for damages, costs of suit and reasonable attorney fees..

## SECOND COUNT
### (42 USC 1983)

28.    Defendants John Doe #1, John Doe #2 and John Doe #3 acted under color of state law and in their capacity  as police officers of the ToRPD in advising Dunlap that Plaintiff was unsavory and disreputable, and a part of a racially mixed and undesirable community..

29.    Defendants John Doe #1, John Doe #2, and John Doe #3 knew that in so doing they were abridging and impeding Plaintiff's enjoyment of his  constitutional rights, including but not limited to his First Amendment rights of travel and association, and his Fourteenth Amendment right to substantive due process contrary to **42 USC 1983**.

WHEREFORE, Plaintiff demands Judgment on this Count against Defendants Dunlap, John Doe #1, John Doe #2, and John Doe #3, jointly and severally, for damages and costs of suit.

## THIRD COUNT
### (42 USC 1981)

30.    Defendants Dunlap, John Doe #1, John Doe #2, and John Doe #3 interfered with and impeded Plaintiff's ability to form and perform a contract to receive services from AFS.

31.    Such conduct was contrary to **42 USC 1981**.

WHEREFORE, Plaintiff demands Judgment on this Count against Defendants Dunlap, John Doe #1, John Doe #2, and John Doe #3, jointly and severally, for damages, costs of suit and reasonable counsel fees.

## FOURTH COUNT
### (42 USC 2000)

32.    AFS is a place of public accommodation.

33.    AFS barred Plaintiff on the basis of his race, contrary to **42 USC 2000(a).**.

WHEREFORE, Plaintiff demands Judgment on this Count against Defendants AFS, injoining it from barring him,  and for costs of suit and reasonable attorney fees.

## FIFTH COUNT
### (NJSA 10:5-1, *et seq.*)

34.    AFS is a place of public accommodation.

35.    AFS barred Plaintiff on the basis of his race, contrary to **NJSA 10:5-5,** *et seq.*

WHEREFORE, Plaintiff demands Judgment on this Count against Defendants AFS for damages, reasonable attorney fees and costs of suit.

## SIXTH COUNT
### (42 USC 1983)

Page 8 of  12

36. Defendant Pascocello is an officer and employee of the ToRPD.

37. On June 15, 2007 Defendant Pascocello was without due or probable cause to detain or search Plaintiff, and his actions were undertaken in bad faith..

38. On June 15, 2007 Defendant Pascocallo was acting under color of state law as an officer of ToRPD in detaining and searching Plaintiff.

39. On June 15, 2007 Defendant Pascocello violated Plaintiff's constitutional rights, including but not limited to his Fourth Amendment right to be free of unreasonable search and seizure, and his Fourteenth Amendment right to substantive due process.

WHEREFORE, Plaintiff demands Judgment pursuant to **42 USC 1983** on this Count against Defendant Pascocello for damages, costs of suit, and reasonable attorney fees.

## SEVENTH COUNT

40. The actions of Defendant Pascocello and John Does 31, #2 and #3 were the result of inadequate training and or supervision by the Defendant Town of Ramapo.

41. The actions of Defendant Pascocallo were the result of a pattern and practice by the Defendant ToRPD harassing Plaintiff and other members of the Ramapough nation due to racial bias.

42. Defendant Brower is the Chief of the ToRPD and, as such, he is the responsible party for supervising the training, instruction, discipline, control and conduct

of the Defendant police officers. He is Also charged with promulgating all orders, rules, instructions and regulations of the ToRPD, including but not limited to those orders, rules, regulations and instructions concerning conduct of investigations and participation in such activities as ultimate fighting.

43.    Defendant Town of Ramapo is a municipal corporation charged with and responsible for appointing and promoting, through the Town supervisor and Town Council, the members of the ToRPD, and for the supervision, training, instruction, discipline, control and conduct of the ToRPD and its personnel.

44.    At all relevant times, Defendant ToR had the power, right and duty to control the manner in which the individual Defendants carried out the objectives of their employment and to see that all rules, orders, instructions and regulations promulgated for and by the ToRPD were consistent with the Constitutions of the United States and the State of New York, and with the laws of the State of New York and the ToR.

45.    Defendant ToR, through the Town Supervisor and members of the Town Council, had actual and/or constructive notice through the Town Attorneys' office, that the ToRPD and specifically Defendant Brower were not complying with GO # in the investigation of civilian complaints.

46.    Defendants Brower and ToR consciously and intentionally failed to exercise supervision and control over the officers of the ToRPD, including but not limited to the individual defendants named herein, thereby tolerating, acquiescing in, condoning and

encouraging conduct of the sort engaged in here, including but not limited to the racial profiling and harassment of male members of the Ramapough community.

WHEREFORE, Plaintiff demands Judgment pursuant to **42 USC 1983** on this Count against Defendants Brower and Town of Ramapo for damages, costs of suit, and reasonable attorney fees.

## EIGHTH COUNT

47.     The actions of the Town of Ramapo Defendants were retaliation for Plaintiff's public complaints at the public forum at the Ramapo Nation Lodge.

48.     In so retaliating, Defendants were not only discriminatory against Plaintiff due to race, but were attempting to chill his exercise of his First Amendment rights.

WHEREFORE, Plaintiff demands Judgment on this Count  against Town of Ramapo Defendants for damages, costs of suit, and reasonable attorney fees.

COTZ & COTZ

Dated:  July 3, 2007

B/S/ George J. Cotz  0463
George J. Cotz
180 Franklin Turnpike
Mahwah, New Jersey 07430
Phone 201-512-9961
Fax    201-512-9963

## JURY DEMAND

Plaintiff demands trial by jury on all issues.

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
ROCKLAND COUNTY
------------------------------------------------------------------------------X

RODNEY VAN DUNK,

                 Plaintiffs,

  -against-

PETER BROWER, individually and as an
officer of the Town of Ramapo; TOWN OF
RAMAPO, a New York municipal corporation;
JOHN DOE #1, individually and
as and officer of the Town of Ramapo; JOHN DOE #2,
individually and as an officer of the Town of Ramapo;
JOHN DOE #3, individually and as an officer of the
Town of Ramapo; f/n/u PASCOCELLO, individually
and as an officer of the Town of Ramapo; ADVANCED
FIGHTING SYSTEMS, a New Jersey Corporation; and
PHIL DUNLAP,

                       Defendants,

------------------------------------------------------------------------------X

**AFFIDAVIT**

07 CIV 07087 (CLB)

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF ROCKLAND )

      EDWARD PASCOCELLO, being duly sworn, deposes and says:

      1)     I am a police officer employed by the Town of Ramapo and I have been so employed for approximately nine months. I have been a police officer continuously for the past eleven years.

      2)     On June 15, 2007, I was on routine patrol in the Town of Ramapo when I heard several loud popping noises and observed smoke. Upon investigation I observed two vehicles parked near each other in the entrance of the Orange and Rockland Utilities property located off the Fourth Street Bridge in Hillburn. As I approached I observed two males standing outside one of the vehicles lighting fireworks. One of the males turned over to me a bag of fireworks. I then approached the other vehicle. This vehicle, which was parked less than five feet away from the other vehicle, had no front license plate. I saw that there was a male sitting in the driver' seat. I asked this

individual for identification but he told me that he did not have any and asked why I wanted same. I asked him again for any form of identification but again he said that he had none. After observing this individual I believed him to be an individual who had been identified to me in the past as Rodney Van Dunk. I knew that Mr. Van Dunk had been arrested in the past for assaulting a police officer. I then asked Mr. Van Dunk to step out of his vehicle, which request he complied with. As Mr. Van Dunk stepped out of his vehicle I noticed that the front of his shorts was bunched up in the area of where pockets would be.  At that point I was concerned as to whether Mr. Van Dunk may have something in a pocket that could cause harm to me or others.

3) Based upon the fact that Mr. Van Dunk's vehicle did not have a front license plate as required by Vehicle and Traffic Law §402 and that he was unable to produce any identification confirming his name or address, coupled with my investigation into illegal fireworks, my knowledge of Mr. Van Dunk's past fights with police and my concerns for safety, I asked Mr. Van Dunk to turn around and proceeded to conduct a brief, quick pat down of the exterior of Mr. Van Dunk's shorts to ascertain whether this bulge could be a weapon.

4) After further conversation with the other two males who agreed to immediately stop lighting fireworks, I determined not to issue any summonses in this matter.  At no time during this entire incident did I make any comments of a racial nature.

5) Attached hereto as Exhibit E are photographs of Plaintiff's vehicle taken after the June 15, 2007 incident. Plaintiff's vehicle appeared substantially the same to me on June 15th as it does in this photograph in that there is no front license plate.

6) Based upon the above, I believe that the complaint is without merit.

WHEREFORE, it is respectfully requested that the Court grant the instant motion for dismissal of the complaint.

EDWARD PASCOCELLO

Sworn to before me this
22nd Day of October, 2007.

NOTARY PUBLIC
Notary Public

LINDA PASSMAN
Notary Public, State of New York
No. 01PA5070054
Qualified in Rockland County
Commission Expires Dec. 9, 2010