# EXHIBIT C

# SPECIAL REPORT

**1. Agency:** Town of Ramapo Police
**2. Division/Precinct:** HB/07
**3. Incident No.:** Supplement To: 04-44272
**5. Time of Report:** 1754
**6. Date:** 9/30/04
**7. Complainant Name:** PO WAYNE A. MITCHELL

New York State SUPPLEMENTAL REPORT

While attempting to arrest Craig VanDunk in the area of Fifth Street in Hillburn, Rodney VanDunk interposed himself between myself and Craig Vandunk. While advising Rodney VanDunk that Craig was under arrest and without warning a highly irate Rodney Vandunk punched me with his right hand against the left side of my face and eye. The vision in my left eye immediately became extremely blurred. I was wearing sunglasses which broke against my face and eye causing a bleeding laceration on my eyelid. I used my pepper spray on both Rodney and Craig VanDunk. I attempted to arrest Rodney VanDunk as he ran behind Craig VanDunk. As I passed Craig VanDunk he struck me on top of my head with his forearm. I was again punched in the face by Rodney VanDunk. Rodney VanDunk then turned and ran out the driveway towards Fifth Street. I was able to catch up to him. After being punched again I was able to catch his arm. While holding his arm in attempt to place him into custody Rodney VanDunk charged towards me causing me to fall backwards through hedges in front of 41 Fifth Street. Rodney VanDunk landed on top of me and a struggle ensued. I was later able to handcuff Rodney Vandunk with the assistance of Sgt. Corbett. As a result of the fore mentioned I also suffered pains in my neck, back and a swollen right middle finger. I was later treated and released from Good Samaritan Hospital Emergency Room. I was seen by Physician Assistant Keel who advised me to follow up with an orthopedists and optomotrists.

Also reference incident 04-41397

**10. Inquiries:** ☒ Crim. History
**11. NYSPIN Message No.:** 
**14. ID No.:** 440
**16. ID No.:** 
**17. Case Status:** ☒ Closed — ☒ Arrest
**19. Status Date:** 

DCJS-3208 (1/92)

# SENTENCE AND COMMITMENT

STATE OF NEW YORK
SUPREME COUNTY COURT OF ROCKLAND
HON. _____

THE PEOPLE OF THE STATE OF NEW YORK
-against-
_____
NYSID# _____

SEX: ___ DOB: 6/1/66

THE ABOVE NAMED DEFENDANT HAVING BEEN CONVICTED OF A (FELONY) (MSDR)   BY   (PLEA) (VERDICT)   FOR:
CRIME and # OF COUNTS _____ LAW PLAW SECTION 96.04 MIN.TERM(YRS) ___ MAX.TERM(YRS) ___ DEF.TERM 60 days

1. _Assault 3°_
2.
3.
4.
5.

Hate Crime ___ Convicted as an Armed Felon ___ Convicted as a Juvenile Offender ___ Age at time crime committed 35   Other (see remarks) ___
X Probation 3 Years   License revoked ___ A Fine of ___ Drug Type: ___
Mandatory surcharge $ ___ Victim's Assistance Fee $ ___ Weapon Type: ___

X THE SENTENCE(S) IMPOSED HEREIN ON 6/1/05 SHALL RUN:
CONCURRENTLY with ___
CONSECUTIVELY with ___

___ Found to be a YOUTHFUL OFFENDER ___ Found to be a (SECOND)(PERSISTENT) (VIOLENT)(Felony Offender
___ Found to be a Second Child Sexual Assault Felony Offender

X AND THAT SAID DEFENDANT BE AND HEREBY IS COMMITTED TO THE CUSTODY OF THE RCJ
Department of Correctional Services of the State of New York until release in accordance with the law, and being a male/female person sixteen or older the NYS Dept. of Correctional Services is directed to deliver him/her to the custody of the NYS Department of Correctional Services as provided in 7 NYCRR part 103.

___ Execute as a sentence of parole supervision pursuant to Section 410.91 of the C.P.L.

___ Division for Youth of the State of New York in accordance with the law being a person LESS than sixteen (16) years of age at the time the crime was committed.

___ TO BE HELD UNTIL THE JUDGMENT OF THE COURT IS SATISFIED

X TO THE NEW YORK STATE DEPT. OF CORRECTIONAL SERVICES PURSUANT TO SECTION 60.35 OF THE PENAL LAW OF THE STATE OF NEW YORK, A MANDATORY SURCHARGE AND VICTIM'S ASSISTANCE FEE IN THE AMOUNT OF $ 160. HAS BEEN IMPOSED AND, TO DATE, THE DEFENDANT HAS FAILED TO PAY SAID AMOUNT.

REMARKS: _Credit for time Served_

DEFENDANT'S ADDRESS: 37 6th St Hillburn NY

___ AMENDED COMMITMENT   ORIGINAL SENTENCE DATE: ___

DATE ___ CLERK ___ SIGNATURE ___

CERTIFIED JAIL TIME CREDIT

[ENTERED JUL 22 2005]
[FILED BH JUL 22 2005 ROCKLAND COUNTY CLERK'S OFFICE]

A TRUE EXTRACT OF THE MINUTES
_____ COURT CLERK
TITLE
BOOK 103 PAGE 1126

COURT COPY

**EXHIBIT D**

## VEHICLE AND TRAFFIC LAW
Title IV

Finance ruled that it was not necessary to register motorized snowplows because of an exemption in subdivision 6 of former section 11 [now this section], which was in existence at the time the fees were paid, no refund should be made. 1932, Op.Atty.Gen., 179.

**State vehicles**

The Jones Beach Parkway Authority, created by L.1933, c. 70, is a public instrumentality carrying out a state function and is exempt from the registration fees upon automobiles used by it to perform such functions. 1933, Op.Atty.Gen.

Certain state institutions, commissions, agencies, etc., were exempt from payment of registration fees by virtue of subdivision 6 of former section 11 [now this section]. 1933, Op.Atty.Gen. 278.

Motor vehicles used exclusively for the official business of the National Guard do not come within exemption from payment of registration fees provided in subdivision 6 of former section 11 [now this section]. 1933, Op.Atty.Gen. 100.

**Town vehicles**

Motor vehicles purchased by funds of a town but actually used by a town commission must be deemed owned by the town and therefore exempt from registration fees. 1932, Op.Atty.Gen. 174.

Commercial towing in this state by a tow truck, as hereinafter registered as a tow truck unless having of at least eighty-six for such registration is accompanied which shall meet the requirement. Upon payment of the fees set in of section four hundred one shall be issued a license plate all constitute a class A misdemeanor with a tow truck that is not

## REGISTRATION OF VEHICLES
Art. 14

### Historical and Statutory Notes

**Effective Date; Applicability.** Section effective Jan. 22, 1995 and applies to applications for new or renewed registrations submitted on or after that date, pursuant to L.1994, c. 552, § 12, set out as a note under Vehicle and Traffic Law § 107–b.

**Continued Validity of Existing Licenses; Obtaining CT Endorsement.** L.1994, c. 552, § 9, eff. Jan. 22, 1995, provided: "Any driver's license or vehicle registration which by its terms would be valid on the effective date of this act [Jan. 22, 1995] shall remain valid until its stated expiration unless suspended or revoked. Any holder of a class A license may obtain a CT endorsement upon submitting an affidavit of experience within a time period and in a form and manner prescribed by regulation of the commissioner. Any holder of a Class B or C license may obtain a CT Class B or C license endorsement upon submitting an affidavit of experience and by passing a knowledge test prepared by such commissioner within a time period and in a form and manner prescribed by regulation of such commissioner. Any holder of a Class D or E license may convert such license to a Class C license with a CT endorsement upon submitting an affidavit of experience and by passing a knowledge test prepared by such commissioner within a time period and in a form and manner prescribed by regulation of such commissioner."

## § 402. Distinctive number; form of number plates; trailers

1. No person shall operate, drive or park a motor vehicle on the public highways of this state unless such vehicle shall have a distinctive number assigned to it by the commissioner and a set of number plates issued by the commissioner with a number and other identification matter if any, corresponding to that of the certificate of registration conspicuously displayed, one on the front and one on the rear of such vehicle, each securely fastened so as to prevent the same from swinging and placed, whenever reasonably possible, not higher than forty-eight inches and not lower than twelve inches from the ground; provided, however, that in any registration year for which only one number plate is issued, such number plate shall constitute a set of number plates for the time in which such use is authorized, shall be displayed on the rear of the vehicle and none shall be displayed on its front, except in case of a tractor, when such number plate shall be displayed on the front of the vehicle and none shall be displayed on its rear. Number plates shall be kept clean and in a condition so as to be easily readable and shall not be covered by glass or any plastic material, and the view thereof shall not be obstructed by any part of the vehicle or by anything carried thereon.

2. [Eff. until Dec. 8, 1996. See, also, subd. 2 below.] Such number plates shall be of such material, form, design and dimensions and contain or set forth such distinguishing number or other identification marks as the commissioner shall prescribe, provided, however, that there shall be at all times a marked contrast between the color of the number plates and that of the numerals or letters thereon, and provided further that no vehicle shall display the number plates of more than one state at a time except where the vehicle

§ 402

51

## § 402     VEHICLE AND TRAFFIC LAW
### Title IV

is required to be registered in more than one state, nor shall any plate be used other than those issued by the commissioner.

2. [Eff. Dec. 8, 1996, as amended by L.1996, c. 137. See, also, subd. 2 above.] Such number plates shall be of such material, form, design and dimensions and contain or set forth such distinguishing number or other identification marks as the commissioner shall prescribe. provided, however, that there shall be at all times a marked contrast between the color of the number plates and that of the numerals or letters thereon, and provided further that no vehicle shall display the number plates of more than one state at a time except where the vehicle is required to be registered in more than one state, and provided further that the number plates of a rental vehicle shall not display any indication of the rental status of such vehicle nor shall any plate be used other than those issued by the commissioner.

3. No person shall operate or drive a motor vehicle drawing a trailer on the public highways of the state, unless such trailer shall have a distinctive number assigned to it by the commissioner and a number plate issued by such commissioner with a number corresponding to that of the certificate of registration displayed and fastened on the rear in the manner provided for number plates on the rear of a motor vehicle. The provisions of subdivision two of this section relating to number plates for motor vehicles shall apply to number plates for any such trailer. The provisions of this subdivision shall not apply when a newly constructed trailer is being drawn to or from a weighing station solely for the purpose of determining the weight thereof.

4. No person shall operate or drive a motor vehicle upon the public highways of this state having displayed thereon number plates not proper for such vehicle under the provisions of this chapter and, upon a conviction for this offense, the number plates shall be surrendered to the court for delivery to the commissioner. The failure to produce the certificate of registration or registration renewal stub of a vehicle shall be presumptive evidence of displaying number plates not proper for the vehicle. Every annual number plate issued shall remain the property of the state until the correct registration fee is paid. Every number plate of a permanent nature for use with a removable date tag which shall be issued shall remain the property of the state unless and until the commissioner finds that the state no longer has use for it. Number plates belonging to the state shall be under the control of the commissioner.

5. No person shall knowingly authorize or permit a number plate issued for a motor vehicle or trailer owned and registered by him to

52

## § 402     VEHICLE AND TRAFFIC LAW
### Title IV

is required to be registered in more than one state, nor shall any plate be used other than those issued by the commissioner.

2. [Eff. Dec. 8, 1996, as amended by L.1996, c. 137. See, also, subd. 2 above.] Such number plates shall be of such material, form, design and dimensions and contain or set forth such distinguishing number or other identification marks as the commissioner shall prescribe. provided, however, that there shall be at all times a marked contrast between the color of the number plates and that of the numerals or letters thereon, and provided further that no vehicle shall display the number plates of more than one state at a time except where the vehicle is required to be registered in more than one state, and provided further that the number plates of a rental vehicle shall not display any indication of the rental status of such vehicle nor shall any plate be used other than those issued by the commissioner.

3. No person shall operate or drive a motor vehicle drawing a trailer on the public highways of the state, unless such trailer shall have a distinctive number assigned to it by the commissioner and a number plate issued by such commissioner with a number corresponding to that of the certificate of registration displayed and fastened on the rear in the manner provided for number plates on the rear of a motor vehicle. The provisions of subdivision two of this section relating to number plates for motor vehicles shall apply to number plates for any such trailer. The provisions of this subdivision shall not apply when a newly constructed trailer is being drawn to or from a weighing station solely for the purpose of determining the weight thereof.

4. No person shall operate or drive a motor vehicle upon the public highways of this state having displayed thereon number plates not proper for such vehicle under the provisions of this chapter and, upon a conviction for this offense, the number plates shall be surrendered to the court for delivery to the commissioner. The failure to produce the certificate of registration or registration renewal stub of a vehicle shall be presumptive evidence of displaying number plates not proper for the vehicle. Every annual number plate issued shall remain the property of the state until the correct registration fee is paid. Every number plate of a permanent nature for use with a removable date tag which shall be issued shall remain the property of the state unless and until the commissioner finds that the state no longer has use for it. Number plates belonging to the state shall be under the control of the commissioner.

5. No person shall knowingly authorize or permit a number plate issued for a motor vehicle or trailer owned and registered by him to

# § 402     VEHICLE AND TRAFFIC LAW — Title IV

is required to be registered in more than one state, nor shall any plate be used other than those issued by the commissioner.

2. [Eff. Dec. 8, 1996, as amended by L.1996, c. 137. See, also, subd. 2 above.] Such number plates shall be of such material, form, design and dimensions and contain or set forth such distinguishing number or other identification marks as the commissioner shall prescribe. provided, however, that there shall be at all times a marked contrast between the color of the number plates and that of the numerals or letters thereon, and provided further that no vehicle shall display the number plates of more than one state at a time except where the vehicle is required to be registered in more than one state, and provided further that the number plates of a rental vehicle shall not display any indication of the rental status of such vehicle nor shall any plate be used other than those issued by the commissioner.

3. No person shall operate or drive a motor vehicle drawing a trailer on the public highways of the state, unless such trailer shall have a distinctive number assigned to it by the commissioner and a number plate issued by such commissioner with a number corresponding to that of the certificate of registration displayed and fastened on the rear in the manner provided for number plates on the rear of a motor vehicle. The provisions of subdivision two of this section relating to number plates for motor vehicles shall apply to number plates for any such trailer. The provisions of this subdivision shall not apply when a newly constructed trailer is being drawn to or from a weighing station solely for the purpose of determining the weight thereof.

4. No person shall operate or drive a motor vehicle upon the public highways of this state having displayed thereon number plates not proper for such vehicle under the provisions of this chapter and, upon a conviction for this offense, the number plates shall be surrendered to the court for delivery to the commissioner. The failure to produce the certificate of registration or registration renewal stub of a vehicle shall be presumptive evidence of displaying number plates not proper for the vehicle. Every annual number plate issued shall remain the property of the state until the correct registration fee is paid. Every number plate of a permanent nature for use with a removable date tag which shall be issued shall remain the property of the state unless and until the commissioner finds that the state no longer has use for it. Number plates belonging to the state shall be under the control of the commissioner.

5. No person shall knowingly authorize or permit a number plate issued for a motor vehicle or trailer owned and registered by him to

REGISTRATION OF VEHICLES § 402
Art. 14

be displayed on any motor vehicle or trailer other than a motor vehicle or trailer to which such number plate has been assigned by the commissioner, or upon which such number plate may legally be displayed under a temporary certificate of registration issued by a dealer under the provisions of section four hundred twenty of this chapter.

6. No owner shall knowingly cause or permit a vehicle owned by him to be operated, driven or parked upon the public highways of this state in violation of this section. Any violation of this section that occurs while a motor vehicle is parked on the public highways of this state shall constitute a parking violation.

7. The violation of this section shall be punishable by a fine of not less than twenty-five nor more than two hundred dollars.

(L.1959, c. 775; amended L.1968, c. 87; L.1969, c. 384; L.1972, c. 439, § 2; L.1989, c. 61, § 41; L.1996, c. 137, § 1.)

### Historical and Statutory Notes

**1996 Amendments.** Subd. 2. L.1996, c. 137, § 1, eff. Dec. 8, 1996, provided that the rental status of a vehicle not be indicated on the vehicle's number plates.

**1989 Amendments.** Subd. 7. L.1989, c. 61, § 41, substituted a fine of not less than $25 nor more than $200 for a fine of no more than $50, and omitted provisions relating to imprisonment for up to 30 days. For eff. date, see note below.

**Effective Date of Amendment by L.1989, c. 61; Applicability.** Amendment by L.1989, c. 61, eff. May 19, 1989, and applicable to violations committed on or after such date, pursuant to section 365(c) of L.1989, c. 61, set out as a note under Tax Law § 210.

**Derivation.** Subd. 1. Vehicle and Traffic Law of 1929, § 12, subd. 1; amended L.1942, c. 557, § 1; L.1945, c. 720, § 2; L.1946, c. 205, § 2; L.1949, c. 445, § 2; L.1951, c. 549; L.1955, § 660; repealed by Vehicle and Traffic Law § 2314.

Said subd. 1 of section 12 of the Vehicle and Traffic Law of 1929 was from subd. 1 of section 283 of the Highway Law of 1909; added L.1910, c. 374; amended L.1911, c. 491; L.1917, c. 174, § 3; L.1921, c. 580, § 3; L.1924, c. 360, § 3; L.1925, c. 311; L.1927, c. 272; § 13; L.1925, c. 54. Said subd. 1 of repealed L.1929, c. 54. Said subd. 1 of section 283 was from section 283; added L.1909, c. 30; repealed L.1910, c. 374; originally derived from L.1904, c. 238, § 2.

Subd. 2. Vehicle and Traffic Law of 1929, § 12, subd. 2; amended L.1937, c. 16; L.1939, c. 121; L.1948, c. 64, § 1; L.1954, c. 92; repealed by Vehicle and Traffic Law § 2314.

Said subd. 2 of section 12 of the Vehicle and Traffic Law of 1929 was from subd. 2, originally 3, of section 283 of the Highway Law of 1909; added L.1910, c. 374; amended L.1911, c. 491; L.1917, c. 174, § 3; L.1921, c. 580, § 3; L.1923, c. 736; renumbered 2, L.1924, c. 360, § 13; repealed L.1929, c. 54.

Subd. 3. Vehicle and Traffic Law of 1929, § 12, subd. 3; amended L.1930, c. 269; L.1933, c. 285, § 2; L.1949, c. 657; repealed by Vehicle and Traffic Law § 2314.

Said subd. 3 of section 12 of the Vehicle and Traffic Law of 1929 was from subd. 3, originally 4, of section 283 of the Highway Law of 1909; added L.1917, c. 727, § 3; amended L.1921, c. 580, § 3; L.1923, c. 123; renumbered 3 and amended L.1924, c. 360, § 13; repealed L.1929, c. 54.

Subd. 4. Vehicle and Traffic Law of 1929, § 12, subd. 4; amended L.1930, c.

53

**EXHIBIT E**





# EXHIBIT F

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
---------------------------------------------------------------X
RODNEY VAN DUNK,

        Plaintiffs,

-against-

PETER BROWER, individually and as an officer of the Town of Ramapo; TOWN OF RAMAPO, a New York municipal corporation; JOHN DOE #1, individually and as and officer of the Town of Ramapo; JOHN DOE #2, individually and as an officer of the Town of Ramapo; JOHN DOE #3, individually and as an officer of the Town of Ramapo; f/n/u PASCOCELLO, individually and as an officer of the Town of Ramapo; ADVANCED FIGHTING SYSTEMS, a New Jersey Corporation; and PHIL DUNLAP,

        Defendants,
---------------------------------------------------------------X

**AFFIDAVIT**

07 CIV 07087 (CLB)

STATE OF NEW YORK  )
                            )ss.:
COUNTY OF ROCKLAND )

    CHRISTIAN G. SAMPSON, being duly sworn, deposes and says:

    1. I am the Town Clerk of the Town of Ramapo, said Town being a defendant in the above entitled action.

    2. The above action alleges various claims against the Town of Ramapo, Peter Brower, P.O. Pascocello and John Doe police Officers employed by the Town of Ramapo.

    3. I understand that no cause of action upon an alleged violation of State law may be maintained against the Town unless a notice of claim is filed within ninety (90) days after the claim arises.

    4. I have searched the record of written notices in the Town Clerk's Office and have found no record of a notice of claim having been filed with the Town regarding these claims.

In fact, I have found no record of any notice of claim being filed with the Town by or on behalf of Rodney Van Dunk at any time.

5. By reason of the foregoing, I believe that any State causes of action against the municipal Defendants as set forth in the complaint must be dismissed.

WHEREFORE, it is respectfully requested that the complaint be dismissed.

_____
CHRISTIAN G. SAMPSON

Sworn to before me this
23rd day of October, 2007.

_____
Notary Public

LINDA PASSMAN
Notary Public, State of New York
No. 01PA5070054
Qualified in Rockland County
Commission Expires Dec. 9, 2010