Ellen O'Hara Woods (EW 5338)
CONDON RESNICK, LLP
96 South Broadway
Nyack, New York 10960
(845) 358-8900 Telephone
(845) 358-8901 Facsimile

*Attorneys for Defendants, Advanced Fighting Systems and Phil Dunlap*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

RODNEY VAN DUNK,                                      Civil Action No.
                                                     07 CV 7087 (SCR)
                          Plaintiff,

      -against-

PETER BROWER, individually and as an officer of the
TOWN OF RAMAPO, a New York municipal corporation;
JOHN DOE #1, individually and as an officer of the Town
of Ramapo; JOHN DOE #2, individually and as an officer
of the Town of Ramapo; JOHN DOE #3, individually and
as an officer of the Town of Ramapo, f/n/u PASCOCELLO,
individually and as an officer of the Town of Ramapo;
ADVANCED FIGHTING SYSTEMS, a New Jersey
Corporation; and PHIL DUNLAP,

                          Defendants.
------------------------------------------------------------------------X

---

**DEFENDANTS ADVANCED FIGHTING SYSTEMS AND PHIL DUNLAP'S
MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS COUNTS
I, II, III, IV AND V OF PLAINTIFF'S AMENDED COMPLAINT**

---

**CONDON RESNICK, LLP**

Ellen O'Hara Woods (EW 5338)
96 South Broadway
Nyack, New York 10960
(845) 358-8900
*Attorneys for Defendants Advanced Fighting
Systems and Phil Dunlap*

TABLE OF CONTENTS

PAGE

I.    PRELIMINARY STATEMENT ...................................................................................... 1

II.    RELEVANT FACTUAL BACKGROUND ................................................................... 1

III.    LEGAL ARGUMENT ................................................................................................. 2

A. The Standard for a Motion for Dismissal Under F.R.Civ.P.12(b)(6) .......................... 2

B. Count I of Plaintiff's Amended Complaint Fails to State a Cause of Action Upon Which Relief Can Be Granted and, as such, Should be Dismissed . . . . . . . . . . . . . . . . . . . . . . . . 4

C. Count II of Plaintiff's Amended Complaint Fails to State a Cause of Action Upon Which Relief Can Be Granted and, as such, Should be Dismissed . . . . . . . . . . . . . . . . . . . . . . . 7

D. Count III of Plaintiff's Amended Complaint Fails to State a Cause of Action Upon Which Relief Can Be Granted and, as such, Should Be Dismissed      . . . . . . . . . . . . . . . . . . . .8

E. Count IV of Plaintiff's Amended Complaint Fails to State a Cause of Action Upon Which Relief Can Be Granted and, as such, Should Be Dismissed    . . . . . . . . . . . . . . . . . . . . .10

F. Count V of Plaintiff's Amended Complaint Fails to State a Cause of Action Upon Which Relief Can Be Granted and, as such, Should Be Dismissed  . . . . . . . . . . . . . . . . . . . . ..11

IV.    CONCLUSION ................................................................................................. 13

## TABLE OF AUTHORITIES

### CASES

*Adams v. Smith, ___ F.Supp.2d ___, 2007 WL 2323435 (N.D.N.Y. 2007)* ................................... 8

*Addickes v. Kress & Co., 398 U.S. 144 (1970)* .............................. 8

*Ashcroft v. Department of Corrections, __ F.Supp.2d. __, 2007 WL 1989265 (W.D.N.Y. 2007)* 4

*Bell Atlantic Corp. v. Trombly, ___ U.S. ___, 127 S.Ct. 1955 (2007)* .......................................... 4

*Black v. United States, 534 F.2d 524 (2d Cir. 1976)* ....................................... 6

*Bridgeport Guardians, Inc. v. Delmonte, 553 F.Supp. 601 (D.Conn 1983)* .............................. 11

*Brown v. City of Oneonta, 221 F.3d 329 (2d Cir. 2000)* ............................................... 5

*Burke v. Town of East Hampton, ___ F.Supp.2d ___, 2001 WL 624821 (E.D.N.Y. 2001)* .......... 5

*Ciambriello v. County of Nassau, 292 F.3d 307 (2d. Cir. 2002)* ..................................... 8

*Conley v. Gibson, 355 U.S. 41, 45-46 (1957)* .............................................. 4

*Doe v. Smith, 704 F.Supp. 1177 (S.D.N.Y. 1988)* ....................................... 8, 9

*Ellison v. Creative Learning Ctr., 383 N.J. Super. 581 (App. Div. 2006)* ................................. 13

*Festa v. Local 3, Int'l Brotherhood of Elec. Workers, 905 F.2d 35, 37 (2d Cir. 1990)* ............... 3

*Fine v. City of New York, 529 F.2d 70 (2d Cir. 1975)* .................................. 8

*General Building Contractors Ass'n v. Pennsylvania, 458 U.S. 375 (1982)* ............................. 10

*Gomez v. Toledo, 446 U.S. 635 (1980)* ........................................ 8

*Great American Federal Savings & Loan Assoc. v. Novotny, 442 U.S. 366 (1979)* ..................... 7

*Griffin v. Breckenridge, 403 U.S. 88 (1971)* ................................................. 5

*Kelly v. Yorktown Police Department, ___ F.Supp.2d ___, 2006 WL 3316183
 (S.D.N.Y. 2006)* ...................................................................... 10, 11

*Laverpool v. New York City Transit Authority, 760 F.Supp. 1046 (E.D.N.Y. 1991)* ................... 9

*Martin Hodas, et al v. Lindsay, 431 F.Supp. 637 (S.D.N.Y. 1977)* ............................... 6

*Mass v. McClenahan, 893 F.Supp. 225 (S.D.N.Y. 1995)* …………………………………..5

*Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085 (2d Cir. 1993)* ........................... 5

*Mione v. McGrath, 435 F.Supp.2d 266 (S.D.N.Y. 2007)* .............................................. 8

*Mooney v. County of Monroe, ___ F.Supp.2d. __, 2007 WL 2601449 (W.D.N.Y. 2007)* .............. 4

*Oliver Schools, Inc. v. Foley, 930 F.3d 248 (2d Cir. 1991)* ........................................... 3

*Ostrer v. Aronwald, 567 F.2d 551 (2d Cir. 1977)* ....................................................... 6

*Papasan v. Allain, 478 U.S. 265 (1986)* ................................................................... 3

*Patterson v. McLean Credit Union, 491 U.S. 164 (1989)* ............................................... 9

*Peavey v. Polytechnic Institute of New York, 775 F.Supp. 75 (E.D.N.Y. 1991)* ....................... 5, 6

*Phillips v. Mashburn, 746 F.2d 782 (11ᵗʰ Cir. 1984)* ................................................... 9

*Richards v. New York State DOCS, 572 F.Supp. 1168 (S.D.N.Y. 1983)* ................................ 6, 7

*Rodriguez v. Beechmont Bus Service, Inc., 173 F.Supp. 139, 145 (S.D.N.Y. 2001)* ..................... 3

*Sooner Products Co. v. McBride, 708 F.2d 510 (10ᵗʰ Cir. 1983)* ..................................... 8

*Thomas v. County of Camden, 902 A.2d 327 (N.J. Sup. A.D. 2006)* .................................... 12, 13

*Thomas v. Tops Friendly Markets, Inc., __ F.Supp.2d ___, 1997 WL 627553 (N.D.N.Y. 1997)* ........................................................................................ 11

*United Brotherhood of Carpenters & Joiners v. Scott, 463 U.S. 825 (1993)* ........................... 5, 6

## I.    PRELIMINARY STATEMENT

Pursuant to Fed. R. Civ. P. 15(a), Defendants Advanced Fighting Systems("AFS") and Phil Dunlap ("Dunlap") submit this Memorandum of Law in Support of their Motion to Dismiss. Count I of the Amended Complaint purports to state claims of conspiracy to deprive Plaintiff of certain constitutional rights under 42 USC 1985 against Defendant Dunlap.  Count II purports to state a claim of conspiracy to deprive Plaintiff of certain constitutional rights under 42 USC 1983 against Defendant Dunlap.  Count III purports to state a claim for interference with the right to contract under 42 USC 1981 against Defendant Dunlap.  Counts IV and V purport to state a claim for violation of Plaintiff's right to public accommodation under 42 USC 2000 and NJSA 10:5-1 *et seq.*, respectively, against Defendant AFS.  For the reasons discussed below, Counts I, II, III, IV and V of Plaintiff's Amended Complaint should be dismissed for failure to state a cause of action upon which relief may be granted.

## II.    RELEVANT FACTUAL BACKGROUND[1]

Defendant AFS maintains a martial arts academy in Mahwah, New Jersey.  Defendant Dunlap is AFS's principal.  According to the Amended Complaint, "Plaintiff enrolled at AFS to undertake training in fighting and martial arts skills" (Am. Comp. ¶ 10).  A number of police officers from the Town of Ramapo police department are enrolled at AFS (Am. Comp. ¶ 11). According to Plaintiff, Defendant Dunlap told him that the "[Town of] Ramapo Police Department" advised Dunlap of "many negative things about Plaintiff," including that he was a member of "the Hillburn community," which was, among other things, "racially mixed and

---

[1]    The facts set forth herein are drawn from Plaintiff's Amended Complaint to the extent that they relate to claims against AFS and Dunlap.  They are assumed to be true, as they must be, for the purposes of this Motion.

suspect" (Am. Comp. ¶ 12). Plaintiff maintains that Dunlap told him "it would be best if he did

not return to the school" (Am.

Comp. ¶ 12), but that Plaintiff continued to engage in telephone conversations with Dunlap after

this exchange (Am. Comp. ¶ 13). During these conversations, Plaintiff alleges, Dunlap

"remained adamant that Plaintiff was excluded from his school," and that "two or three officers"

had spoken to Dunlap about Plaintiff (Am. Comp. ¶13).

## III.    LEGAL ARGUMENT

### A. The Standard for a Motion to Dismiss Under F.R.Civ.P. 12(b)(6)

"The Court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might

be presented at trial but merely to determine whether the complaint itself is legally sufficient."

*Festa v. Local 3, Int'l Brotherhood of Elec. Workers*, 905 F.2d 35, 37 (2d Cir. 1990). While all

reasonable inferences are to be drawn in favor of the Plaintiff (*Papasan v. Allain, 478 U.S. 265

(1986))*, "conclusory allegations or legal conclusions masquerading as factual conclusions will

not suffice to prevent a motion to dismiss." *Rodriguez v. Beechmont Bus Service, Inc., 173

F.Supp. 139, 145 (S.D.N.Y. 2001), quoting 2 JAMES WM. MOORE ET AL. Moore's Federal

Practice §12.34 (3d Ec. 1997)* ("bald assertions are insufficient to state a claim). Thus, the oft-

repeated standard has been that a motion to dismiss should be granted if the plaintiff can prove

no set of facts in support of her claim that would entitle him to relief. *Oliver Schools, Inc. v.

Foley, 930 F.2d 248 (2d Cir. 1991).*

However, the Courts have recently taken the opportunity to further sharpen the focus on

this area of the law. Thus, "the traditional Rule 12(b)(6) test, which permitted dismissal only

where it

2

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would

entitle him to relief, has recently been amended by the Supreme Court's decision in *Bell Atlantic Corp. v. Trombly,* ___ *U.S.* ___, *127 S.Ct. 1955 (2007)."* *Mooney v. County of Monroe,* __ *F.Supp.2d.* ___, *2007 WL 2601449 (W.D.N.Y. 2007*). "[*Bell Atlantic*] conclusively rejected the 'no set of facts' test and held that 'a plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.'" *Mooney v. County of Monroe, 2007 WL 2601449 at *1, quoting Bell Atlantic Corp. v. Trombly, 127 S.Ct. at 1964-65.*

Thus, *Bell Atlantic* "set forth a new standard to challenge pleadings at the motion to dismiss stage." *Ashcroft v. Dept. of Corrections,* ___ *F.Supp.2d.* ___, *2007 WL 1989265 (W.D.N.Y. 2007).* "The *Bell Atlantic* Court . . . retired this 'no set of facts' formulation of *Conley [v. Gibson, 355 U.S. 41 (1957)]*, as being incomplete and not the 'minimum standard of adequate pleading to govern a complaint's survival,' but 'described the breadth of opportunity to prove what an adequate complaint claims.'" *Ashcroft v. Dept. of Corrections, 2007 WL 1989265 at *5, quoting Bell Atlantic v. Trombly, 127 S.Ct. at 1969.*

Because Counts I, II, III, IV and V of Plaintiff's Amended Complaint fails to state a cause of action upon which relief may be granted under this standard, these counts should be dismissed.

3

**B.      Count I of Plaintiff's Amended Complaint Fails to State a Cause of Action Upon Which Relief May Be Granted and, As Such, Should Be Dismissed**

Section 1985 of Title 42 prohibits conspiracies to interfere with civil rights. *Burke v. Town of East Hampton*, ___ F.Supp. ___, 2001 WL 624821, \*13 (E.D.N.Y. 2001), citing *Griffin v. Breckenridge, 403 U.S. 88, 102-104 (1971)*. "In order to prevail on [his] §1985(3) claim, [Plaintiff] must establish the following: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of a constitutional right." *Burke v. Town of East Hampton, 2001 WL 624821 at \*13, citing, United Bhd. Of Carpenters and Joinders v. Scott, 463 U.S. 825, 829-30 (1993); Brown v. City of Oneonta, 221 F.3d 329, 3431 (2d Cir. 2000); Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087088 (2d Cir. 1993).*

To adequately plead a cause of action for a violation of 42 USC §`985, the Plaintiff must demonstrate not only that "the alleged conspiracy was 'motivated by some racial or perhaps otherwise class-based invidious discriminatory animus behind the conspirators' action" but also "that the conspiracy aimed at interfering with rights that are protected against private, as well as official, incroachment." *Burke at \*13 (internal quotations omitted)*.    Plaintiff must include specific instances of misconduct sufficient to meet each and every element of the charge, and "must do more than make vague, general or conclusory accusations in order to establish the existence of a conspiracy actionable under §1985(3)." *Burke at \*13, quoting Mass v. McClenahan, 893 F.Supp. 225, 231 (S.D.N.Y. 1995).*    "[T]he Second Circuit has repeatedly held that complaints containing only 'conclusory,' 'vague,' or 'general allegations' of a conspiracy to deprive a person of constitutional rights should be dismissed." *Peavey v. Polytechnic Institute of New York, 775 F.Supp. 75, 77*

4

*(E.D.N.Y. 1991); Ostrer v. Aronwald, 567 F.2d. 551, 553 (2d Cir. 1977); Black v. United States, 534 F.2d. 524 (2d Cir. 1976).*

No reading of Count I of Plaintiff's Amended Complaint rises to the level of these standards.   Preliminarily, Plaintiff fails to adequately allege that he is a member of a protected class.  Plaintiff simply alleges that "Defendant Dunlap, [and] John Does 1, 2 and 3 conspired . . . to deprive Plaintiff of his constitutional rights, including but not limited to First Amendment rights of travel and association, on the basis of his race" (Am. Comp. ¶27).  As such, Count I fails to adequately set forth the conspiracy at issue, the acts which furthered said conspiracy or the state action that is crucial to the claim.

An adequate complaint alleging conspiracy under 42 USC ¶1985 must "set forth with certainty facts showing what a defendant or defendants did to carry the conspiracy into effect, whether such acts fit within the framework of the conspiracy alleged and whether such acts, in the ordinary course of events, would proximately cause injury to the plaintiff."  *Richards v. New York State DOCS, 572 F.Supp. 1168, 1174 (S.D.N.Y. 1983 ), citing Martin Hodas, East Coast Cinematics v. Lindsay, 431 F.Supp. 637, 643-44 (S.D.N.Y. 1977).*       Plaintiff's Amended Complaint, however,  "contains nothing more than generalized, unsupported allegations and simple conclusions, which do not describe the parameters of a conspiracy."  *Richards v. New York State DOCS, 431 F.Supp. at 1174.*   The bare allegations that three "John Does" told Defendant Dunlap that Plaintiff was a member of the "Hillburn community" and of mixed racial background hardly rises to the level of a conspiratorial act.

Further, "the Supreme Court's decision in *United Brotherhood of Carpenters & Joiners v. Scott, 463, U.S. 825 (1983)* makes clear that when the right which the conspiracy allegedly

violates is a right protected only against interference from the state, a violation of the section

cannot be alleged

5

absent state action." *Peavey v. Polytechnic Institute of New York, 774 F.Supp. at 77.* Plaintiff's Amended Complaint is completely devoid of any plausible allegation of state action. With respect to Count I, the Amended Complaint merely claims that Defendant Dunlap told Plaintiff that certain unnamed "John Does" - who are allegedly police officers in Ramapo, New York - told Dunlap allegedly negative things about Plaintiff. Even if these "John Does" exist, there is no allegation that they undertook any state action whatsoever. Indeed, Plaintiff contends that various unnamed Ramapo police officers attend training at AFS. Assuming, *arguendo*, that any of these students spoke about Plaintiff to Defendant Dunlap, such conversations hardly rise to the level of official state action. Of course, Plaintiff offers no explanation how these mysterious police officers from New York could possibly undertake state action in the state of New Jersey by conspiring to prevent Plaintiff from attending a private martial arts school.

Finally, the allegations of Count I are virtually indistinguishable from those set forth in Count IV, which alleges a 42 USC §2000 claim against Defendant AFS. It is well-settled that section 1985 cannot be invoked to redress violations covered by Title VII. *Richards v. New York State DOCS, 572 F.Supp. at 1175, citing Great American Federal Savings & Loan Assoc. v. Novotny, 442 U.S. 366, 378 (1979).* Since Count I "is not a claim that is distinct from one that could be raised under Title VII, 42 USC §2000e," it should be dismissed.

In sum, because Count I fails to state a cause of action upon which relief may be granted and because it is alleges a claim that can be brought under 42 USC §2000, it should be dismissed.

**C.        Count II of Plaintiff's Amended Complaint Fails to State a Cause of Action Upon Which Relief May Be Granted and, As Such, Should Be Dismissed**

"In order to state a claim under §1983, a plaintiff must allege that he was injured by either  a state actor or a private party acting under color of state law." *Adams v. Smith, ___ F.Supp. ___. 2007 WL 2323435 )(N.D.N.Y. 2007); Mione v. McGrath, 435 F.Supp.2d 266, 272 (S.D.N.Y. 2006); Ciambriello v. County of Nassau, 292 F.3d 307, 323 (2d Cir. 2002)*.  Moreover, "[a] merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a §1983 claim against a private entity." *Mione v. McGrath, 435 F.Supp.2d at 272; Spear v. Town of West Hartford, 954 F.2d 63, 68 (2d Cir. 1992)*.  The defendants in a §1983 action must "have deprived one who is a person within the meaning of the Civil Rights Act, of a right secured by the Constitution or laws of the United States." *Doe v. Smith, 704 F.Supp. 1177, 1183 (S.D.N.Y. 1988), citing Gomez v. Toledo, 446 U.S. 635, 640 (1980); Adickes v. Kress & Co., 398 U.S. 144, 150 (1970); Fine v. City of New York, 529 F.2d 70, 73 (2d. Cir. 1975)*.

Under these standards, Count II of the Amended Complaint fails to state a cause of action upon which relief may be granted.   Defendant Dunlap is a private party "and in order to cloak [him] with state action it must be shown that [he] either jointly participated or conspired with a state actor to violate plaintiff's federal rights." *Doe v. Smith, 704 F.Supp. at 1188.*     The Plaintiff has failed to show such participation or conspiracy here.  The Amended Complaint is devoid of "[s]upporting operative facts" that are required to show "agreement and concerted action." *Doe v. Smith, 704 F.Supp. at 1188; Sooner Products Co. v. McBride, 708 F.2d 510, 512 (10th Cir. 1983)*.  As explained in Point C, *supra,* the best that the Plaintiff can do in attempting to cloak Defendant Dunlap with state action is to create a conspiracy with unnamed police officers from a different state.  There is no allegation as to the parameters of said conspiracy. The only allegedly overt act described as furthering  the  conspiracy  is that  these out-of-jurisdiction "John Does" "advise[d] Dunlap that

7

Plaintiff was unsavory and disreputable, and part of a racially mixed and undesirable community" (Am. Comp. ¶28).  Even if these facts are taken as true for purposes of the instant motion, no interpretation of these allegations of idle gossip can possibly support the pleading requirements of a full-fledged conspiracy. *Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984)* (conclusory allegations or naked assertions are insufficient to plead joint or conspiratorial action between a state actor and a private defendant).  Finally, Plaintiff has failed to allege an appropriate constitutional right that was violated by the John Does' conversation with Defendant Dunlap.  His claims that he was denied his "rights of travel and association" and "substantive due process" are entirely conclusory and must be rejected. *Doe v. Smith, 704 F.Supp. at 1183.*

In sum, because Plaintiff has failed to state a cause of action upon which relief may be granted, Count II of the Amended Complaint must be dismissed.

**D.        Count III of Plaintiff's Amended Complaint Fails to State a Cause of Action Upon Which Relief May Be Granted and, As Such, Should Be Dismissed**

Section 1981 of 42 USC provides, in relevant part, that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts." *42 USC §1981.* "Section 1981, however, is not 'a general proscription of racial discrimination in all aspects of contract relations, for it expressly prohibits discrimination *only in the making and*

enforcement of contracts." *Laverpool v. New York City Transit Authority, 760 F.Supp. 1046, 1050 (E.D.N.Y. 1991), citing Patterson v. McLean Credit Union*, 491 U.S. 164, 176 (1989) (emphasis supplied).

Count III of Plaintiff's Amended Complaint must clearly fail, given that there is no allegation of any contractual relationship whatsoever. Plaintiff alleges that he, at some point, "enrolled at AFS to undertake training in fighting and martial arts skills" (Am. Comp. ¶10). Plaintiff further claims that, "[o]n or about June 10" Defendant Dunlap "told Plaintiff that . . . it would be best if he did not

8

return to the school" (Am. Comp. ¶12). There is no allegation that Plaintiff entered into or attempted to enter into a contract with anyone at any time. There is no allegation that Plaintiff attempted to contract and that he was denied that opportunity; Plaintiff does not even allege that such contracts were offered to others but not to him. Further, while Plaintiff would like this Court to come to the conclusion that he was told "not to return to the school" based on his membership in a protected class, his Amended Complaint does not come close to adequately supporting that conclusion. Indeed, a reading of the Amended Complaint might lead to the conclusion that was excluded because he was "unsavory and undesirable" (Am. Comp. ¶28) or "part of a racially mixed and undesirable community" (Am. Comp. ¶28), having nothing whatsoever to do with membership in a protected class.

Taking as true Plaintiff's allegation that he was prevented from training at AFS after his conversation with Defendant Dunlap, there is simply nothing to connect his alleged dismissal to an action under 42 USC §1981. Reading the Amended Complaint, Plaintiff claims that Defendant Dunlap discussed that "Plaintiff was a member of the 'Hillburn community,'" that the "Hillburn community was racially mixed and suspect," that "the Hillburn community had communication problems with the Ramapo Police," and that members of "the Hillburn community" had "curious, even bizarre racial characteristics" (Am. Comp. ¶ 12). Notably, Plaintiff does not allege that Defendant Dunlap knew or even believed that Plaintiff was personally a member of a minority group who would be protected under 42 USC §1982. Plaintiff's allegation that he was denied the opportunity to attend training at AFS based on racial discrimination is wholly conclusory and must be rejected. *See, General Building Contractors Ass'n v. Pennsylvania, 458 U.S. 375, 391 (1982)*.

In sum, because Plaintiff has failed to state a cause of action upon which relief may be granted, Count III of the Amended Complaint must be dismissed.

9

**E.         Count IV of Plaintiff's Amended Complaint Fails to State a Cause of Action Upon Which Relief May Be Granted and, As Such, Should Be Dismissed**

"Enacted under Title II of the Civil Rights Act of 1963, 42 USC §2000(a) provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of any place of public accommodation without discrimination or segregation on the grounds of race." *Kelly v. Yorktown Police Department, __ F.Supp.2d ___, 2006 WL 3316183 (S.D.N.Y. 2006)*. "[A] plaintiff alleging a violation of Section 2000(a) must allege facts that show that he was deprived of equal use and enjoyment of a covered facility's services and facts which demonstrate discriminatory intent. A plaintiff may prove discriminatory intent, motive or purpose by direct evidence or by circumstantial evidence, including evidence of difference in treatment." *Thomas v. Tops Friendly Markets, Inc., ___ F.Supp.2d ___, 1997 WL 627553 (N.D.N.Y. 1997); Bridgeport Guardians, Inc. v. Delmonte, 553 F.Supp. 601, 606 (D. Conn. 1983)*.

At the very least, then, a cause of action for a violation of 42 USC § 2000(a) must allege that the premises in question is a "covered facility" within the meaning of the statute. Plaintiff's conclusory statement that AFS "is a public accommodation within the meaning of the Civil Rights Act of 1964" (Am. Comp. ¶8) hardly makes it so. Additionally, Plaintiff's bald assertion that AFS "is engaged in interstate commerce" (Am. Comp. ¶9) is by itself insufficient to establish that AFS is a public accommodation under 42 USC §2000b. In addition, Plaintiff must allege that AFS falls within one of the four enumerated categories listed in the statute: (1) lodging for transient guests; (2) a facility primarily engaged in selling food for consumption on the premises; (3) places of exhibition of entertainment; and (4) any establishment within an establishment falling into one of the first three categories. *Kelly v. Yorktown Police Department, 2006 WL 3316183 at *5.* It is clear that AFS is neither an inn (subsection 1), a restaurant (subsection 2) or a movie theater (subsection 3); Count IV of Plaintiff's Amended Complaint, however, utterly fails to indicate which category of establishment

10

AFS is alleged to fall under. Moreover, even if Plaintiff established that AFS is a place of public accommodation under 42 USC §2000b, he fails to flesh out a claim of discrimination. The only reference to a possibly protected classification is Plaintiff's reference to his membership in a Native American tribe (Am. Comp. ¶14). There is no allegation that AFS was aware of that fact; instead, Plaintiff can only claim that Defendant Dunlap spoke to Plaintiff regarding Plaintiff's involvement in the "Hillburn community" which was, in turn, "racially mixed and suspect" (Am. Comp. ¶14). Plaintiff's weak attempt to bootstrap this alleged conversation into a complaint under 42 USC §2000a must be rejected.

In sum, because it fails to state a cause of action upon which relief may be granted, Count IV of the Amended Complaint must be dismissed.

### F.   Count V of Plaintiff's Amended Complaint Fails to State a Cause of Action Upon Which Relief May Be Granted and, As Such, Should Be Dismissed

The Fifth Count of Plaintiff's Amended Complaint, which alleges a violation of NJSA 10:5-1 *et seq* fails to state a cause of action upon which relief may be granted, and should therefore be dismissed. Specifically, Plaintiff claims that AFS, as a public accommodation, discriminated against him because of his race (Am. Comp. ¶¶34-35). Plaintiff fails to establish that AFS is a public accommodation within the meaning of the statute, and further fails to allege any nexus between his race and his alleged exclusion from AFS.

NJSA 10:5-5 "provides a non-exhaustive list of places of "public accommodations." *Thomas v. County of Camden, 902 A.2d 327, 331 (N.J. Super. A.D. 2006)*. To determine whether a particular location falls under the "public accommodation" definition of NJSA 10:5, the "focus appropriately rests on whether the entity 'engages in broad public solicitation, whether it maintains close relationships with the government or other public accommodations or whether it is similar to

11

enumerated or other previously recognized public accommodations." *Thomas v. County of Camden, 902 A.2d at 332, quoting Ellison v. Creative Learning Ctr, 383 N.J. Super. 581, 588 (App. Div. 2006).* Further, "[t]he existence of broad public solicitation has 'consistently been a principal characteristic of public accommodations.'" *Thomas v. County of Camden, 902 A.2d at 332; Ellison v. Creative Learning Ctr., 383 N.J. Super. at 589.*

Given these parameters, Plaintiff has fallen far shy of establishing that AFS is a public accommodation. As discussed, *supra,* Plaintiff's conclusory statement that AFS "is a public accommodation within the meaning of the Civil Rights Act of 1964" (Am. Comp. ¶8) hardly

makes it so; nor is there any support for such a conclusion – much less that AFS is a public accommodation for purposes of the New Jersey statute.  Neither is Plaintiff's reference to an advertisement "on the internet" (Am. Comp. ¶9 – and an Exhibit not included with the Amended Complaint), nor his conclusion that AFS "draws its clientele from a market area that encompasses portions of both New York and New Jersey" (Am. Comp. ¶9).  Plaintiff does not name a single "client" of AFS other than himself – and the three "John Does" that are named in other counts of the Amended Complaint, and whose residences are listed as the State of New York upon information and belief.  It is respectfully submitted that this is insufficient to establish that AFS is a public accommodation for the purposes of this action.

      Because the Plaintiff has failed to state a cause of action upon which relief may be granted, Count V of the Amended Complaint should be denied.

12
## CONCLUSION

      For all the foregoing reasons, Defendants AFS and Dunlap respectfully request that the Court dismiss Counts I, II, III, IV and V of the Amended Complaint, and for such further relief as to the Court seems just and proper.

                          CONDON RESNICK, LLP
                          By: _____/s/_____
                          ELLEN O'HARA WOODS (EW5338)
                          96 South Broadway
                          Nyack, New York 10960
                          (845) 358-8900 (Telephone)
                          (845) 358-8901 (Facsimile)
                          *Attorneys for Defendants Advanced Fighting Services and Phil Dunlap*

13