**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**RODNEY VAN DUNK,**

                  **Plaintiff,**

v

**PETER BROWER, individually and as an officer of the Town of Ramapo; TOWN OF RAMAPO, a New York municipal corporation; JOHN DOE #1, individually and as an officer of the Town of Ramapo; JOHN DOE #2, individually and as an officer of the Town of Ramapo; JOHN DOE #3, individually and as an officer of the Town of Ramapo; f/n/u PASCOCELLO, individually and as an officer of the Town of Ramapo; ADVANCED FIGHTING SYSTEMS, a New Jersey Corporation; and PHIL DUNLAP,**

                  **Defendants.**

**Case No.:  :  07-civ-07087**

*NOTICE of MOTION to AMEND*

---

TO:    Michael Klein, Town Attorney

Brian Condon, E

sq

Town of Ramapo                              Condon Resnick, LLP
237 Route 59                                96 South Broadway
Suffern, NY 10901                           Nyack, NY 10960

**PLEASE TAKE NOTICE** that the undersigned, attorneys for Plaintiff,

will move before the before the United State District Court, for the Southern District of

New York , on the 7th day of December, 2007, at 9:00 a.m., or as soon thereafter as

counsel may be heard for an Order permitting Plaintiff to file a Second  Amended

Complaint, in the form annexed hereto, pursuant to Fed. R. Civ. Pro 15(a).

Plaintiff will rely on the Certification of George J. Cotz in support of the within

motion.

                                            COTZ & COTZ
Dated: November 11, 2007                    By  / George J. Cotz 0463
                                            Attorney for Plaintiff
                                            180 Franklin Turnpike
                                            Mahwah, New Jersey 07430
                                            Phone 201-512-9961
                                            Fax    201-512-9963


## PROOF OF SERVICE


I certify that on November 11, 2007 I mailed copies of the within Notice of

Motion, with all supporting documents, to Brian Condon, Esq at Condon Resnick, LLP at

96 South Broadway, Nyack, NY 10960 and to Janice Gittelman, Esq at the office of the

Town Attorney, 237 Route 59, Suffern, NY10901 by regular mail in sealed envelopes

with postage prepaid thereon.

Dated: November 11, 2007                    /s/ George J. Cotz   0463

---

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW**

**YORK**

**RODNEY VAN DUNK,**

        **Plaintiff,**

**v**

**PETER BROWER, individually and as an officer of the Town of Ramapo; TOWN OF RAMAPO, a New York municipal corporation; JOHN DOE #1, individually and as an officer of the Town of Ramapo; JOHN DOE #2, individually and as an officer of the Town of Ramapo; JOHN DOE #3, individually and as an officer of the Town of Ramapo; f/n/u PASCOCELLO, individually and as an officer of the Town of Ramapo; ADVANCED FIGHTING SYSTEMS, a New Jersey Corporation; and PHIL DUNLAP,**

        **Defendants.**

**Case No.:  :  07-civ-07087**

*CERTIFICATION in SUPPORT*

*of MOTION to AMEND*

---

GEORGE J. COTZ does hereby certify as follows:

1.      I am an attorney at law of the State of New York, and I represent the Plain-

tiff in this action.  I make this Certification to support a motion to file a Second Amended

Complaint in the form annexed hereto as **Exhbit A.**  All the new material is so indicated

by bold italics.

2.      The new matter is added to amplify and clarify the initial contents of the

Amended Complaint; much of it was, I believe, implicit and is now made explicit.  Other

allegations have been added to address the deficiencies raised in the motion to dismiss.

I certify that the foregoing statements made by me are true.  I am aware that if any

of the foregoing is false, I am subject to punishment.

Dated: November 11, 2007                              /s/ George J. Cotz 0463

# *EXHIBIT A*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

**RODNEY VAN DUNK,**

               **Plaintiff,**

**v**

**PETER BROWER, individually and as an officer of the Town of Ramapo; TOWN OF RAMAPO, a New York municipal corporation; JOHN DOE #1, individually and as an officer of the Town of Ramapo; JOHN DOE #2, individually and as an officer of the Town of Ramapo; JOHN DOE #3, individually and as an officer of the Town of Ramapo; *EDWARD* PASCOCELLO, individually and as an officer of the Town of Ramapo; ADVANCED FIGHTING SYSTEMS, a New Jersey Corporation; and PHIL DUNLAP,**

               **Defendants.**

**Case No.: : 07-civ-07087**

*SECOND AMENDED COMPLAINT*

Plaintiff Rodney Van Dunk residing at 37 Sixth Street, Hillburn, New York, complaining of the Defendants says:

**Parties**

1.      Plaintiff is a resident of the Village of Hillburn, Town of Ramapo, County of Rockland, and he is a citizen of the State of New York.  *He is of Native American descent, a member of the Ramapough Lenape Nation,  and as such is a member of a protected group*.

2.      Defendant Town of Ramapo is a municipal corporation located in Rockland County, New York.

3.      Defendants Peter Brower, *Edward* Pascocello,  John Doe #1, John Doe #2, and John Doe # 3 are employees of the Police Department of the Town of Ramapo in Rockland County, and, on information and belief, all are residents of the State of New York.

4.      Advanced Fighting Systems is a New Jersey corporation located in the Township of Mahwah, County of Bergen, State of New Jersey, *and is engaged in inter-state commerce.*

5.      Phil Dunlap is a resident of the Township of Mahwah, County of Bergen, State of New Jersey.

**Jurisdiction and Venue**

6.    Venue is properly placed in the White Plains vicinage, as all parties are located in Rockland County or Bergen County, New Jersey.

7.    This Court has jurisdiction pursuant to **28 USC 1331** as the issues arise under Federal Statutes, to wit, **42 USC 1981, 42 USC 1983, 42 USC 1985,** and **42 USC 2000(a)**; and it has concurrent jurisdiction over pendent state law claims under **28 USC 1367**.

**Factual Allegations**

8.    Defendant Phil Dunlap is the principal in, and managing officer of, Advanced Fighting Systems ("AFS"), a New Jersey Corporation, with its principal place of business at 221 Franklin Turnpike, Mahwah, New Jersey.  This business is located approximately one mile from the New York State line. AFS is engaged in the business of training individuals for fighting and for competition in such fighting and martial arts contests known as Ultimate Fighting Championships, etc., and is a place of public accommodation within the meaning of the Civil Rights Act of 1964.

9.    AFS is engaged in interstate commerce.  It advertises on the internet *inter alia,* **Exhibit A**, and draws its clientele from a market area that encompasses portions of both New York and New Jersey.

10.    Plaintiff enrolled at AFS to undertake training in fighting and martial arts skills.  ***In doing so, he entered into a contract, and a contractual relationship, with AFS that had explicit and implicit terms.***

11.    A number of police officers from the Defendant Town of Ramapo Police

Department are enrolled at AFS.

    12.    On or about June 10, Defendant Phil Dunlap called Plaintiff, and
advised him that he had been called by the [Town of] "Ramapo Police Department" who
told him [Dunlap] many negative things about Plaintiff, and told him that Plaintiff was a
member of the "Hillburn community", and that the "Hillburn community" was racially
mixed and suspect, that the "Hillburn community had communication problems" with the
Ramapo Police, that people from Hillburn and Stag Hill had curious, even bizarre racial
characteristics such as light skin and blue eyes combined with Negroid features, etc.
Dunlap told Plaintiff that because of all of these things, it would be best if he did not
return to the school.

    *12A.    The phrase "Hillburn Community", if used by the John Does, . was a
euphemism for the derogatory term "Jackson Whites" or Ramapough Lenape Nation.*

    13.    Plaintiff had several further telephone conversations with Dunlap in the
next week, in which Dunlap reiterated some or all of these comments, and remained
adamant that Plaintiff was excluded from his school.  Dunlap told Plaintiff that two or
three officers of the Town of Ramapo Police Department ("ToRPD") had spoken to him
about Plaintiff , and those officers are identified herein as John Does 1, 2 and 3.

    14.    Hillburn is a village within the Town of Ramapo, Rockland County, New
York, and abuts the Stag Hill community in Mahwah, New Jersey.  These two
communities are largely peopled by members of the Ramapough Nation, a Native
American tribe, which has been recognized as such by the States of New York and New
Jersey.  Plaintiff is a member of the Ramapough Nation, and is active in the affairs of said

Native American tribe.

15.     On Friday, June 15, Plaintiff was present at an area adjacent to the Fourth Street Bridge in Hillburn, an area designated by the Hillburn mayor and trustees as an appropriate spot for residents of the Village, including, but not limited to people of the Ramapough Nation to congregate and socialize.

16.     On that occasion Defendant Pascocello, an officer of the Town of Ramapo Police Department, appeared at the scene, apparently in response to a report of illegal fireworks activity.

17.     Defendant Pascocello, questioned two young people who had fireworks in their possession, Doug LaForge and John Peterson  He demanded and received identification from Peterson who is a member of the Ramapough Nation, and demanded but did not receive identification from LaForge,  who is white.  Although he had initially taken their fireworks, he returned the fireworks to them.

18.     Defendant Pascocello then approached Plaintiff, who was sitting in his truck, and demanded that Plaintiff get out of the truck and assume a spread eagle position against the truck for a pat down.  Defendant Pascocello aggressively frisked Plaintiff. Defendant Pascocello told Plaintiff  "I know who you are and I'm not afraid of you", used profanity at him throughout the entire process, and then walked away from Plaintiff calling him a "fucking nigger".

19.     Plaintiff attempted to make a verbal complaint by telephone about Defendant Pascocello's behavior, but Sergeant DeMaio of the Town of Ramapo Police refused to take the verbal complaint, contrary to Town of Ramapo Police Department

General Order 202.4(1)(A).

20.     The next day, on Saturday, June 16, Plaintiff went to the Town of Ramapo

Police headquarters and was allowed to fill out a written complaint about Defendant Pas-

cocello, but was refused a copy of same.

21.     Plaintiff has subsequently returned and attempted to get a copy of this

complaint, but has consistently been refused same.

22.     In speaking of Plaintiff to Dunlap, Defendants John Doe 1, John Doe 2, and

John Doe 3 were using their authority as police officers of the Town of Ramapo Police

Department, and acted under color of the state law, to persuade him to bar Plaintiff.

23.     At a public meeting held at the Ramapough Nation Lodge to address issues

surrounding the alleged murder of a member of the community by New Jersey park

Police in the spring of 2006, Defendant Brower and ToR Supervisor St. Lawrence were

present on the dias.  On that occasion, Plaintiff rose and addressed them, complaining and

informing them of the pattern and practice of racial harassment and profiling against the

men of the Ramapough community by the ToRPD.

24.     Prior to mid 2006, Defendant Brower was for many years a captain in the

ToRPD, with responsibility for civilian complaints against and about police officers.  His

duties in that regard were set forth in ToRPD General Order #   attached.  In 2006,

Brower was promoted to Chief of the ToRPD.

25.     On many occasions, Plaintiff has made verbal complaints to Defendant

Brower about racial harassment by ToRPD officers against himself and against other men

in the Ramapough community.

26.     On information and belief, Defendant Brower never pursued these complaints, contrary to GO #202.

## FIRST COUNT

### (42 USC 1985)

27.     *Plaintiff had a constitutional right to travel from his home in New York to AFS in New Jersey to engage in interstate commerce, and to associate with other people who shared his interest in pursuing a career in professional fighting, a recognized spectator sport which is also a part of interstate commerce.*

28.     *In making these telephone calls to Dunlap and/or speaking to him personally, the John Doe Defendants were using their positions as police officers, which were known to him, to impart information not commonly known to the general public, such as Plaintiff's unsavory history and the fact that the "Hillburn Community" had "communica- tion problems " with the Ramapo Police. Their statements were in the nature of an official warning, notwithstanding that they were communicated to someone outside their actual jurisdiction, and were cloaked with an appearance of official police action.*

29.     *Because of the communications from the John Doe Defendants, and for no other reason that was ever expressed to Plaintiff, Dunlap barred him from AFS.*

30.     *By barring Plaintiff from AFS, defendants Dunlap and John Does im-*

*peded his right to travel and associate.*

31..    Defendant  John Does 1, 2, and 3 conspired, contrary to **42 USC 1985**, to deprive Plaintiff of his constitutional rights, including but not limited to First Amendment rights of travel and association, on the basis of his race, ***by encouraging Dunlap to bar him from AFS, and Dunlap conspired by agreeeing to bar him. But for the communications from the John Doe defendants, Dunlap would not have acted against Plaintiff.***

WHEREFORE, Plaintiff demands Judgment on this Count against Defendants Dunlap, John Doe #1, John Doe #2, and John Doe #3, jointly and severally, for damages, costs of suit and reasonable attorney fees..

## SECOND COUNT

### (42 USC 1983)

32.    Defendants John Doe #1, John Doe #2 and John Doe #3 acted under color of state law and in their capacity  as police officers of the ToRPD in advising Dunlap that Plaintiff was unsavory and disreputable, and a part of a racially mixed and undesirable community.  ***Their actions were cloaked with an official character by virtue of their well known position as police officers, communicating confidential information.***

33.    Defendants John Doe #1, John Doe #2, and John Doe #3 knew that in so doing they were abridging and impeding Plaintiff's enjoyment of his  constitutional rights, including but not limited to his First Amendment rights of travel and association,

and his Fourteenth Amendment right to substantive due process contrary to **42 USC 1983**.

WHEREFORE, Plaintiff demands Judgment on this Count against Defendants Dunlap, John Doe #1, John Doe #2, and John Doe #3, jointly and severally, for damages and costs of suit.

## THIRD COUNT

## (42 USC 1981)

34.    Defendants Dunlap, John Doe #1, John Doe #2, and John Doe #3 interfered with and impeded Plaintiff's ability to form and perform a contract to receive services from AFS, ***for reasons that were racially based***.

35.    Such conduct was contrary to **42 USC 1981**.

WHEREFORE, Plaintiff demands Judgment on this Count against Defendants Dunlap, John Doe #1, John Doe #2, and John Doe #3, jointly and severally, for damages, costs of suit and reasonable counsel fees.

## FOURTH COUNT

## (42 USC 2000)

36.    AFS is a place of public accommodation.

37.    AFS barred Plaintiff on the basis of his race, contrary to **42 USC 2000(a)**..

WHEREFORE, Plaintiff demands Judgment on this Count against Defendants AFS, injoining it from barring him,  and for costs of suit and reasonable attorney fees.

## FIFTH COUNT

## (NJSA 10:5-1, *et seq.*)

38.     AFS is a place of public accommodation.

39.     AFS barred Plaintiff on the basis of his race, contrary to **NJSA 10:5-5,** *et*

*seq.*

        WHEREFORE, Plaintiff demands Judgment on this Count against

Defendants AFS for damages, reasonable attorney fees and costs of suit.

## SIXTH COUNT

## (42 USC 1983)

40.     Defendant Pascocello is an officer and employee of the ToRPD.

41..     On June 15, 2007 Defendant Pascocello was without due or probable cause

to detain or search Plaintiff, and his actions were undertaken in bad faith..

42.     On June 15, 2007 Defendant Pascocallo was acting under color of state law

as an officer of ToRPD in detaining and searching Plaintiff.

43.     On June 15, 2007 Defendant Pascocello violated Plaintiff's constitutional

rights, including but not limited to his Fourth Amendment right to be free of unreasonable

search and seizure, and his Fourteenth Amendment right to substantive due process.

        WHEREFORE, Plaintiff demands Judgment pursuant to **42 USC 1983** on

this Count against Defendant Pascocello for damages, costs of suit, and reasonable

attorney fees.

**SEVENTH COUNT**

44.    The actions of Defendant Pascocello and John Does 31, #2 and #3 were the result of inadequate training and or supervision by the Defendant Town of Ramapo.

45.    The actions of Defendant Pascocello were the result of a pattern and practice by the Defendant ToRPD harassing Plaintiff and other members of the Rama-pough nation due to racial bias.

46.    Defendant Brower is the Chief of the ToRPD and, as such, he is the responsible party for supervising the training, instruction, discipline, control and conduct of the Defendant police officers.  He is Also charged with promulgating all orders, rules, instructions and regulations of the ToRPD, including but not limited to those orders, rules, regulations and instructions concerning conduct of investigations and participation in such activities as ultimate fighting.

47.    Defendant Town of Ramapo is a municipal corporation charged with and responsible for appointing and promoting, through the Town supervisor and Town Council, the members of the ToRPD, and for the supervision, training, instruction, discipline, control and conduct of the ToRPD and its personnel.

48.    At all relevant times, Defendant ToR had the power, right and duty to control the manner in which the individual Defendants carried out the objectives of their employment and to see that all rules, orders, instructions and regulations promulgated for and by the ToRPD were consistent with the Constitutions of the United States and the State of New York, and with the laws of the State of New York and the ToR.

49.    Defendant ToR, through the Town Supervisor and members of the Town

Council, had actual and/or constructive notice through the Town Attorneys' office, that the ToRPD and specifically Defendant Brower were not complying with GO #  in the investigation of civilian complaints.

50.     Defendants Brower and ToR consciously and intentionally failed to exercise supervision and control over the officers of the ToRPD, including but not limited to the individual defendants named herein, thereby tolerating, acquiescing in, condoning and encouraging conduct of the sort engaged in here, including but not limited to the racial profiling and harassment of male members of the Ramapough community.

51.     *Defendant Brower created a pattern and practice of not documenting citizen complaints, not investigating citizen complaints, not documenting the results of citizen complaints when they were investigated, not disciplining officers for harassment of Plaintiff and other members of the Ramapough Nation.  He did this deliberate indifference to the rights of citizens and members of the Ramapough Nation.  He also acted  with gross negligence, knowing that the officers of the ToRPD would feel empowered to ignore the rights of citizens.*

52.     *Defendant ToR created a pattern and practice of allowing the senior officers in the ToRPD to not document citizen complaints, to not investigate citizen complaints, to not document the results of citizen complaints when they were investigated, to not discipline officers for harassment of Plaintiff and other members of the Ramapough Nation.  It did this knowledge that it was occurring, and with deliberate indifference to the rights of citizens and members of the Ramapough Nation.*

*53.      Defendants Brower and ToR knew that there was a history of antagonism between the "Hillburn Community" in general, and Rodney Van Dunk in particular; that not dealing with Plaintiff in a lawful and constitutional way would, or could, impede his Constitutional rights; and they failed to act in a corrective way.*

WHEREFORE, Plaintiff demands Judgment pursuant to **42 USC 1983** on this Count against Defendants Brower and Town of Ramapo for damages, costs of suit, and reasonable attorney fees.

## EIGHTH COUNT

47.      The actions of the Town of Ramapo Defendants were retaliation for Plaintiff's public complaints at the public forum at the Ramapo Nation Lodge.

48.      In so retaliating, Defendants were not only discriminatory against Plaintiff due to race, but were attempting to chill his exercise of his First Amendment rights.

WHEREFORE, Plaintiff demands Judgment on this Count  against Town of Ramapo Defendants for damages, costs of suit, and reasonable attorney fees.

COTZ & COTZ

Dated:  July 3, 2007                         B/S/ George J. Cotz  0463

George J. Cotz

180 Franklin Turnpike

Mahwah, New Jersey 07430

Phone 201-512-9961

Fax     201-512-9963

## JURY DEMAND

Plaintiff demands trial by jury on all issues.

 B/S/ George J. Cotz  0463____