## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

**RODNEY VAN DUNK,**

                **Plaintiff,**

**v**

**PETER BROWER, individually and as
an officer of the Town of Ramapo;
TOWN OF RAMAPO, a New York
municipal corporation; JOHN DOE #1,
individually and as an officer of the
Town of Ramapo; JOHN DOE #2,
individually and as an officer of the
Town of Ramapo; JOHN DOE #3,
individually and as an officer of the
Town of Ramapo; f/n/u PASCO
CELLO, individually and as an officer
of the Town of Ramapo; ADVANCED
FIGHTING SYSTEMS, a New Jersey
Corporation; and PHIL DUNLOP,**

                **Defendants.**

**Case No.: 07-civ-07087**

*AFFIDAVIT IN OPPOSITION
TO MOTION TO DISMISS*

---

STATE OF NEW JERSEY }
                                        } S.S.:
COUNTY OF BERGEN    }


Rodney Van Dunk being duly sworn on his oath, deposes and says:

1.      I am the Plaintiff in this action.  I make this Affidavit to oppose the

Defendant's pending motion to dismiss my lawsuit.

2.      I have read the Affidavit of P.O. PASCO CELLO and I dispute his version of

what happened on June 15, 2007 in many details.

3.      First of all, in the very same paragraph (Paragraph 2) he says that he asked

me for identification and that he knew me.  If he knew me, why did he ask for

identification other than to harass me?

4.      It's true that my truck does not have a front license plate.  But, I attach

herewith the report Officer PASCO CELLO filed on the day of this incident, June 15,

2007, **Exhibit A**, which makes no mention at all of my alleged missing license plate, or

for that being the reason why he approached me.  The missing plate was reported by its

owner, who is my father, some time ago, and the D.V. has never replaced the missing

plate, see **Exhibit B** hereto.  Moreover, if it is an offense, why didn't I get a ticket?

5.      I also direct the Court to the second page of his June 15th report, **Exhibit

A,** where a white male who was at the same location as me, "Doug", is noteworthy for his

politeness to the officer.  I also point out that the officer makes no mention of

confiscating the illegal fireworks, which he did not do.

6.      Lastly, there is the mystery of how this officer knew me, or knew of

Rodney Van Dunk.  The officer states in Paragraph 1 of his Affidavit that he has been

employed by the Town of Ramapo Police Department for approximately 9 months, i.e.

since January of this year, and I have never before encountered him. This is reminiscent

of an event that happened to me about 5 years ago when a new patrol officer was assigned

to the sector that includes Hillburn.  In or about 2001 or 2002, while I was in my yard, a

Ramapo patrol car stopped and the officer got out and spoke to me.  He was an African

American male, who I later learned was P.O. Mitchell, and he told me that he was new to

the force, but that he knew who I was.  He told me that his orientation as a new officer

included efforts by the Ramapo Police Department to acquaint him with me and other

members of my family!

       7.      P.O. PASCO CELLO attaches to his moving papers an incident that

            happened

more than three years ago, in September 2004, as to which he suggests he has some sort

of personal knowledge (2½ years before he joined the force).  The conviction which P.O.

PASCO CELLO has referenced in his Affidavit was an outgrowth of a police riot,

instigated and provoked by the Ramapo Police Department on September 13, 2004.

       8.      According to a report by PO Mitchell, **Exhibit C**, on September 13, 2004,

my ex-wife Diedre Van Dunk called the Ramapo Police to report two "trespassers" on the

house next door to mine at 39 6th Street.  She is not the owner of the property, but took it

upon herself to report to P.O. Mitchell that two young men, Patton Oliver and Brad

Powell had been on the 39 6th Street property and "did not belong there".  He did not

report that she did had reported a crime, and it is clear from his report that he knew that

she certainly did not have standing to accuse these two young men of trespassing.  In any

event, P.O. Mitchell reports that following my ex-wife's directions, he went around the

corner and found three young men at the home of one of their grandmothers.  One of the

three eventually identified himself as Brad Powell; apparently Patton Oliver was not there and the other two young men there were Peter Bowels and my nephew Craig Van Dunk. Patrolman Mitchell further reports that my brother, Craig Van Dunk arrived on the scene. As one reads P.O. Mitchell's report, the younger Craig Van Dunk suddenly becomes a "suspect"(for which crime it is not clear), who his father could not remove from the scene. I advise the Court that Craig Van Dunk was at the time a minor, approximately 14 years of age. I also point out to the Court that at the time these events began to unfold no crime had been reported, and therefore, Craig Van Dunk as well as Brad Powell, Peter Bowels and Patton Oliver, if he had been there, would not have been "suspects" in anything, simply minors and citizens who may or may not have been on somebody's property, perhaps with and perhaps without express permission, which, as I understand it, is not a crime in the State of New York.

9.      My brother called me and told me that the police were harassing his son and his friends so I came over to see what was going on. When I arrived there I had my 6 year-old daughter with me in the car and certainly had no intention of becoming involved in any fight. When I got there, there were only 2 police officers on the scene; but more Ar.-

rived every minute, and before it was over I saw officers from the Town of Tuxedo, the Town of Clarkson, Township of Mahwah and Borough of Upper Saddle River in New Jersey, and the Village of Suffern there.

10.      I categorically deny assaulting P.O. Mitchell or anybody else. I did strike

P.O. Mitchell but only after he had struck me first. I was between him and my brother Craig, urging both of them to calm down, while he hit me. Attached hereto is a video tape obtained from the Suffern Police made on that day, and it clearly shows P.O. Mitchell laying hands on me first, without provocation.

11.     The events of September 30, 2004, have to be viewed in the context of sustained harassment by the Ramapo Police against the members of the Ramapough Lenape Nation, Native Americans, many of whom–including me-- live in Hillburn. Almost every one of my nine brothers had been arrested at one time or another, before this, over one trivial incident or another. This is something that they even told the other Defendant, DUNLOP, about us. This was just one in a long line of acts of harassment against me by the Ramapo Police, and particularly Patrolman Mitchell, all of which had been the subject of prior complaints by me to then Capt. Brower (now Chief Brower, a Defendant herein), former Chief Dolan, and other officers.

12.     The first incident I had with P.O. Mitchell, which I related above (¶ 6 ) occurred in or about 2001 or 2002, and I did make a complaint of it, verbally, to Capt. Brower. Not many months thereafter, on Easter Sunday 2002, I had my whole family at my house for a party and picnic. It was a beautiful day and we were all outside. We were all enjoying music being played on the stereo system in my brother Morgan's truck. It was about 1:00 in the afternoon and P.O. Mitchell, without having received any noise complaints, took it upon himself to enter onto my property, tell us to hold the noise down and to enter my brother's truck and turn down his radio. This evolved into an altercation,

and I was arrested that day for a disorderly persons offense.

13.     Thereafter, P.O. Mitchell would cruise through the Village of Hillburn blowing kisses at me and my brothers.  At or about this time P.O. Mitchell also came to my door to advise me that my wife, Diedre, did not wear adequate clothing when she was meeting our children at the bus stop!

14.     I complained about this to Captain Brower. On another occasion, in or about 2005, P.O. Budnik, who was recently promoted to a Detective, forced me to the side of the road while I had my children in the car, and accused me of having his missing cell phone which he had dropped while chasing somebody through the woods in Hillburn. He cursed at me in the presence of my children, frightened my children, and half-an-hour later he found his cell phone – I don't know where or how – and called and apologized to me.

15.     I have made complaints about all of these incidents and there has never been any reaction from the Town of Ramapo Police Department to any of them, except with regards to the incident with P.O. Budnik.  I was told by Brower that he would be reprimanded, and a report added to his personnel file, but that never happened.


    /s/
RODNEY VAN DUNK


Sworn to before me this
    day of November, 2007

/s/ George J. Cotz
_____

George J. Cotz, Esq.
an attorney at law of New Jersey

# Exhibit  A

| 1. Agency | | | Division/Precinct | | | | | Network Routing | | | 5. NY State Case No. | 4. Case Supp. | | 6. Incident No. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Ramapo Town PD | | | 7 / HB | | | INCIDENT REPORT | | NY0435300 | | | Orig. No. ------ | Supp. | | 07-25215 |

| 7. Report Day | 8. Date | 9. Report Time | Occurred | 10. Day | 11. Date | 12. Time | Occurred | 13. Day | 14. Date | 15. Time |
|---|---|---|---|---|---|---|---|---|---|---|
| Fri | 6/15/07 | 2010 | | Fri | 6/15/07 | 0 | | ------ | ------------ | ------ |

| 16. Incident Type | 17. Business Name | 18. Weapon | |
|---|---|---|---|
| Disorderly Group | N/A | N/A | A / |

| 19. Incident Address (Street No, Street Name, Bldg. No. Apt. No.) | 20. City, State, Zip (□ C □ T ☒ V) | 21. Location Code | |
|---|---|---|---|
| Fourth Street Bridge | Hillburn, N.Y. 10931 | 4427 | B / |

| 22. COUNT | LAW | SECT | SUB | HRS | CAT | DEG | ATT | NAME OF OFFENSE | DTS | 23. No of Victims---- | C / |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | | | | |
| 2 | | | | | | | | | | 24. No of | D |
| 3 | | | | | | | | | | Suspects----- | 01 |

E /

| Type No. | Name (Last, First, Middle, Suffix) | DOB | STREET NO's,STREET NAME,BLD,NO.,APT,NO.,CITY, STATE,ZIP | TELEPHONE NO. | | |
|---|---|---|---|---|---|---|
| CO | Pascocello, E P.O. | | 237 Route 59, Suffern, N.Y. 10901 | 845-357-2400 | B | F / |
| | | | | | H | |
| P.I. | Van Dunk, Rodney | Race/Sex? (OtherM) | 37 Sixth Street, Hillburn N.Y. 10931 | | B | G / |
| | | | | | H | |
| | | Race/Sex? ?? | | | B | H / |
| | | | | | H | |
| | | Race/Sex? ?? | | | B | I / |
| | | | | | H | |

| 27. Date of Birth | 28. Age | 29. Sex □M □F □Unk | 30 Race □White □Black □Other □Indian □Asian □Unk. | 31. Ethnic □Hispanic □Unk □Non-Hispa. | 32. Handicap □Yes □No | 33 Residence Status □Temp Res For Nat □Resident □Tourist □Student □Oth □Commuter □Military □Homeless □Unk | J / |
|---|---|---|---|---|---|---|---|

| 34. Type/No Table O | 35. Name (Last, First, Middle) | 36. Alias/NickName/Maiden Name (Last, First, Middle) | 37. Apparent Condition □Impaired Drugs □Mental Dis. □Unk. □Impaired Alco. □Inj / Ill □App Norm | K / |
|---|---|---|---|---|

| 38. Address (Street No., Street Name, Bldg No. Apt. No. City, State, Zip) | 39. Phone No. | 40. Social Security No. | L / |
|---|---|---|---|

| 41. Date of Birth | 42. Age | 29. Sex □M □F □Unk | 44. Race □White □Black □Other □Indian □Asian □Unk. | 45. Ethnic □Hispanic □Unk □Non Hispanic | 46. Skin □Light □Dark □Unk □Medium □Other | 47. Occupation Table P | M / |
|---|---|---|---|---|---|---|---|

| 48. Height Ft In | 49 Weight | 50. Hair Table Q | 51. Eyes Table H | 52. Glasses □Yes □No □Contacts | 53. Build □Small □Large □Medium | 54. Employer/School | 55. Address: | N / |
|---|---|---|---|---|---|---|---|---|

| 56. Scars / Marks/ Tattoos (Describe) | 57. Misc. |
|---|---|

| 58. Victim or Suspect No. | Property Status Table S | Property Type Table T | Quant./ Meas. Table U | Make or Drug Type Table V | Model | Serial No. | Description | Value |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

| 59. Veh. Status Table W | 60. License Plate No. □Full □Partial | 61. State | 62. Exp Yr | 63. Plate Type | 64. Value | |
|---|---|---|---|---|---|---|
| 65. Veh. Year | 66. Make | 67. Model | 68. Style | 69. VIN | | Total |

| 70. Color(s) | 71. Towed By: Not Towed | 72. Vehicle Notes: |
|---|---|---|
| | To: Not Towed | |

73.

While assigned to sector seven and performing routine patrol, the undersigned observed two males lighting fireworks in the entrance way of Orange and Rockland Utilities, located off the Fourth Street Bridge. Upon arrival, the undersigned observed two parked vehicles, one occupied and one unoccupied. An investigation revealed that the unoccupied car belonged to one of the males lighting fireworks and the other car was occupied by Rodney Van Dunk. The undersigned approached a white male and requested that said party produce the fireworks in question and identification. Said party, later identified as Doug, handed over a small bag containing fire crackers and bottle rockets. Doug further stated that he had no identification and that he was sorry for what had happened, meant no disrespect and that it would not happen again. A second party named Albert was requested by the undersigned to produce identification and did so by showing a New York State Drivers License.

| 74. Inquiries (check all that apply) □DMV □Want / Warrant □Scofflaw □Criminal History □Stolen Property □Other | 75. NYSPIN Message No. | 76. Complainant Signature | | | B Cover |
|---|---|---|---|---|---|
| 77. Reporting Officer Signature (Include Rank) P.O. Pascocello | 78. ID No. 476 | 78. Supervisors Signature (Include Rank) | 80. ID No. | 84 Page # 1 |
| 81. Status □Open □Closed (if closed, check box below) □Vict. Refused To Coop. □Arrest □Pros. Declined □CBI □Juv. No Custody □Arrest Juv | □Unfounded □Warrant Advised □Offender Dead □Extrad. Declined □Unknown | 82. Status Date | 83. Notified / TOT | Of 2 Pages |

DCJS-3205 (2/97) *FALSE STATEMENTS ARE PUNISHABLE AS A CRIME, PURSUANT TO THE NEW YORK STATE PENAL LAW

| Ramapo Town PD | 2.Division/Precinct 7 / HB | New York State SUPPLEMENTAL REPORT | Supplement 3.Incident No. To: | 07-25215 | 4. Arrest No. A- |
|---|---|---|---|---|---|

| 5. Date 6/15/07 | 6. Time of Report 2010 | 7.Complainant Name P.O. Pascocello | 8. Disorderly Group |
|---|---|---|---|

The undersigned asked the driver of the occupied vehicle to produce identification in which the driver stated "why". Although the party could not produce identification, the undersigned recognized the driver to be Rodney Van Dunk due to prior police incidents involving said party. Upon the request of the undersigned, Mr. Van Dunk exited his vehicle and was asked if he had any fireworks in his auto to which Van Dunk replied "no". An investigation of the immediate area revealed an open twelve pack of Budweiser bottles in the trunk of Dougs auto. The undersigned was continuing said investigation when Van Dunk stated that the undersigned was harassing them and that they were allowed to be at above location. Van Dunk and Doug implied that someone had given them permission to be at said location. The undersigned responded to the above implication by stating that drinking and lighting off fireworks is not allowed and that they had to find another spot to hang out in. Due to Dougs ackknowledgement of wrong doing and his politness, he was given a warning and informed that if said activity was to continue he would be arrested. Doug further stated that they were told to háng out here as opposed to hanging out in the Village of Hillburn. The undersigned allowed the above parties to remain at the location as long as the above agreement was adhered to. Van Dunk continuously tried to interrupt the conversation between the undersigned and Doug and at one point told Doug to "shut up". Van Dunk was told by the undersigned that he was not being spoken to and to be quiet. Van Dunk replied that he was not with the parties lighting off the fireworks and that he was not going anywhere because he was given permission to be there and that it was Orange and Rocklands property. Furthermore, Van Dunk asked the undersigned if he knew who he was in which the undersigned replied yes, you are Rodney Van Dunk. Van Dunk responded to the undersigned that he must not know about him. The undersigned told Van Dunk that an agreement was made and that he was arguing a point that was already rectified. Van Dunk informed the undersigned that he was calling a supervisor but would not state who. Also, Van Dunk stated that he had never lost a fight in which the undersigned responded "that he didn't care who he was or who he knew, and that the lighting of fireworks would not be tolerated'. Due to the confrontation with Van Dunk, the undersigned was unable to obtain further pedigree on Doug and Albert. As the undersigned was leaving the location an unknown male pulled up in which Van Dunk stated that said person was a family member in which he called. As of the time of report, no further incidents have been reported at the above location.

| 10. Inquiries (Check all that apply) ☐ DMV  ☐ Want /Warrant  ☐ Scofflaw ☐ Crim. History  ☐ Stolen Property  ☐ Other | 11. NYSPIN Message No. | 12. | 82. Page # 2 |
|---|---|---|---|
| 12.Reporting Officer Signature (Include Rank) P.O. Pascocello | 14. ID No. 476 | 15.Supervisor's Signature (Include Rank) | 16.ID No. Of 2 Pages |
| 17 Case Status  ☐ Open ☐Vict. Refused to Coop. ☐CBI  ☐Juv.-No Custody | ☐Closed  (if closed, check box below) ☐Arrest ☐Offender Dead | ☐Unfounded ☐Pros. Declined ☐Warrant Advised ☐Extrad. Declin  ☐Unknown | 19. Status Date | 19. Notified/TOT | A |

DCJS-3208 (1/92)

# Exhibit   C

| Town of Ramapo Police | | | | | | | | | 04-41397 |
|---|---|---|---|---|---|---|---|---|---|

| 7.Report Day | 8.Date | 9.Report Time | | 10.Day | 11.Date | 12.Time | | 13.Day | 14. Date | 15.Time |
|---|---|---|---|---|---|---|---|---|---|---|
| MO | 9/13/04 | 1742 | | | | | | | | |

| 16. Incident Type | 17. Business Name | 18. Weapon | A |
|---|---|---|---|
| ASSAULT 2nd | | | |

| 19. Incident Address (Street No, Street Name, Bldg. No. Apt. No.) | 20. City, State, Zip (☐ C ☐ T ☒ V) | 21. Location Code | B |
|---|---|---|---|
| 41 Fifth Street | HILLBURN, NY 10931 | 4437 | |

| | | | | | | | | | 23. No of Victims 2 | C |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PL | 240.20 | 6 | O | V | | C | Dis Con | 1 | |
| 2 | PL | 205.30 | | A | M | | C | Resisting Arrest | 1 | 24.No of D |
| 3 | PL | 195.05 | | A | M | | C | Obstructing Governmental Administration | 1 | Suspects 6 92 |

"E"

| | | | | | | 845-621-7247 | B | F |
|---|---|---|---|---|---|---|---|---|
| CO | Vandunk, Diedra | 5/30/74 | 37 Sixth Street Hillburn, NY 10931 | | | | H | 02 |
| | | | | | | | B | G |
| | | | | | | | H | |
| | | | | | | | B | H |
| | | | | | | | H | |
| | | | | | | | B | I |
| | | | | | | | H | 02 |

| 27. Date of Birth | 28.Age | 29. Sex | 30 Race | 31. Ethnic | 32. Handicap | 33 Residence Status ☐Temp Res For Nat | J |
|---|---|---|---|---|---|---|---|
| 5/30/74 | 30 | ☐M ☒F ☐Unk | ☐White ☒Black ☐Other ☐Indian ☐Asian ☐Unk. | ☐Hispanic ☐Unk ☒Non-Hispa. | ☐Yes ☒No | ☒Resident ☐Tourist ☐Student ☐Oth ☐Commuter ☐Military ☐Homeless☐Unk | 06 |

| 34.Type/No A Table O | 35. Name (Last, First, Middle) | 36.Alias/NickName/Maiden Name (Last, First, Middle) | 37. Apparent Condition | K |
|---|---|---|---|---|
| | VanDunk, Glenn, Edwards | | ☐Impaired Drugs ☐Mental Dis. ☐Unk. ☐Impaired Alco. ☐Inj / Ill ☒App Norm | 02 |

| 38. Address (Street No., Street Name, Bldg No. Apt. No. City, State, Zip) | 39. Phone No. | 40. Social Security No. | L |
|---|---|---|---|
| 157 Sixth Street Hillburn, NY 10931 | 845-721-9947 | 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 | 30 |

| 41. Date of Birth | 42.Age | 29. Sex | 44. Race | 45. Ethnic | 46. Skin | 47. Occupation | M |
|---|---|---|---|---|---|---|---|
| 6/26/85 | 19 | ☒M ☐F ☐U | ☐White ☒Black ☐Other ☐Indian ☐Asian ☐Unk. | ☐Hispanic ☐Unk ☒Non Hispa. | ☐Light ☐Dark ☐Unk ☒Medium ☐Other | Table P | 0 |

| 48. Height | 49.Weight | 50.Hair | 51. Eyes | 52.Glasses | 53.Build | 54.Employer/School | 55.Address | N |
|---|---|---|---|---|---|---|---|---|
| 6 Ft 1 in | 160 | BLK Table Q | BRO Table H | ☐Yes ☒No ☐Contacts | ☐Small ☒Large ☒Medium | | | 12 |

| 56. Scars / Marks/ Tattoos (Describe) | 57. Misc. |
|---|---|
| | A-1185-04 |

| 58.Veh. Status Table W | 60.License Plate No. ☐Full ☐Partial | 61.State | 62.Exp Yr | 63. Plate Type | 64. Value |
|---|---|---|---|---|---|
| 65. Veh. Year | 66 Make | 67. Model | 68.Style | 69.VIN | |
| 70. Color(s) | 71. Towed By: To: | | 72 Vehicle Notes | | |

| 73. |
|---|
| SEE SUPPLEMENTAL REPORT 04-41397 |

| 74. Inquiries (check all that apply) ☐DMV ☒Want / Warrant ☐Scofflaw ☒Criminal History ☑Stolen Property ☐Other | 75.NYSPIN Message No. | 76.Complainant Signature | B |
|---|---|---|---|
| 77.Reporting Officer Signature (Include Rank) | 78. ID No. 440 | 79.Supervisors Signature (include Rank) | 80. ID No. 32 | 84. Page # |

| 81. Status ☐Open ☒Closed (if closed, check box below) ☐Unfounded ☐Vict. Refused To Coop. ☒Arrest ☐Pros. Declined ☐Warrant Advised ☐CBI ☐Juv. No Custody ☐Arrest Juv ☐Offender Dead ☐Extrad. Declined ☐Unknown | 82. Status Date 9/15/04 | 83. Notified / TOT N/A | Of Pages |
|---|---|---|---|

DCJS-3205 (3/97) *FALSE STATEMENTS ARE PUNISHABLE AS A CRIME, PURSUANT TO THE NEW YORK STATE PENAL LAW

6

While on uniformed patrol in Airmont sector 02 my normal patrol area I was dispatched to the Village of Hillburn sector 07 for two black male trespassers at 39 Sixth Street. Via police radio I asked Ramapo dispatch if there was any further description of the suspects. Dispatch responded that there was not. While en route to Hillburn, dispatch advised that the suspects have left the premise but the caller still wants to speak with the police. As per dispatch the caller is located at 37 Sixth Street.

Upon arrival a black female with blond dyed hair approach my marked patrol car and stated that she was the caller. She identified herself as Diedra VanDunk. I asked if she is Rodney's wife. She stated that she is his wife. I then asked her to tell me about the trespassers. She stated that "Merna" the homeowner of 39 Sixth Street asked her to keep an eye on the property. She further stated that the suspects who she named as Payton Oliver and Brad Powell were on the property and did not belong there. I asked her for a description of the suspects as I was not familiar with them. She stated that they are both black and one individual is on a "bmx" bicycle wearing a "black T-shirt." The other individual is wearing a "white T-shirt." She further stated that they were around the corner from the post office.

Sgt. Corbett and I responded as directed by Diedra VanDunk to the corner of Fifth Street and Mountain Ave and observed three black males in the driveway of 41 Fifth Street. I observed that two males were wearing white t-shirts and the other male was wearing a black t-shirt and seated on a bicycle. There was also an elderly black female seated in a chair in the driveway. I exited the patrol car and approached the suspects. I told them that someone called the police and complained about them being the property of 39 Sixth Street. Initially all three parties stated that they had been at this location all day and had not been at 39 Sixth Street. I did not believe them because of the accurate description given by Diedra VanDunk. I then approached the female seated in the chair. Sgt. Corbett stood by the suspects. I asked her if in fact these individuals were here all day or did they just arrive. She supported their claim and stated that they were there all day. As I returned to the subjects Sgt. Corbett advised that one individual indicating the male on the bicycle admitted being on the property. His admission was contradictory to what the unnamed elderly female just told me. This individual later identified himself to me as Peter Bowens. I obtained description from the other individual who stated his name is Brad Powell one of the individuals Diedra VanDunk stated was trespassing. He initially refused to give an address stating that he does not have one. After repeated questions he finally stated that he does not live here but lives in Pennsylvania. I asked for that address to which he stated he did not know the address. I asked where did you sleep last night? He stated he did not know the address. He stated that he "stays with his aunt." I asked for that address. He stated it was 24 Ave A. I asked him where is that located. In a very sarcastic manner he stated "Mahwah." I asked for the phone number there. He again stated he did not know it. He then made a cell phone call and after the call gave a phone number of "512-0428." I asked him for the area code. He again sarcastically stated "201." While interviewing the individual who identified himself as "Brad Powell" I observed Craig VanDunk making a phone call. Moments later I observed a green SUV approach. I then observed an individual known to me as Rodney VanDunk exit this vehicle and began walking in a hurried manner in our direction. Sgt. Corbett walked over to Rodney at which time Rodney backed away. I entered my patrol vehicle and via police radio asked Ramapo dispatch to check the three individuals for wants or warrants. Before dispatch returned with the information I observed a second SUV approach and a large black male with a full beard and an orange T-shirt exit the vehicle. This individual was later identified also as Craig VanDunk. He approached the younger Craig VanDunk and held him by the arm leading him towards the vehicle. Sgt. Corbett who was now standing beside my open driver's window asked me if Craig VanDunk was free to go. I stated no. Sgt. Corbett then told the elder Craig VanDunk that the suspect was not free to go. The elder Craig VanDunk disregarded Sgt. Corbett and continued to lead the younger Crag VanDunk away.

I observed the elder Craig VanDunk in the driveway cursing and yelling at Sgt. Corbett. I then exited my patrol vehicle and approached Sgt. Corbett. Craig VanDunk continued cursing at Sgt. Corbett stating, "You punk ass... Take off that badge I'll kick your ass!" Sgt. Corbett stated to Craig VanDunk, "You're under arrest for disorderly conduct." As Sgt. Corbett and I attempted to place Craig Vandunk into custody Rodney VanDunk rushed in front of Craig VanDunk and in an extremely enraged manner screamed directly at me stating, "You fucking nigger I'll kick your fucking Uncle Tom ass if you try to arrest my brother!" Him arms were outstretched blocking Craig VanDunk who was standing directly behind him. As I attempted to tell Rodney Vandunk that Craig is under arrest for disorderly conduct Rodney Vandunk "sucker punched" me against the left side of my face and eye. The sunglasses I was wearing broke against my face and eye as they were thrown clear of my face. As a result I suffered a laceration on my eyelid. The blow caused the vision in my left eye to become extremely blurred. I then took out my pepper spray and sprayed both Rodney VanDunk and Craig VanDunk. Rodney then turned and ran behind Craig Vandunk. I told Rodney VanDunk, "You're under arrest!" and attempted to apprehend him. As I rushed behind Craig VanDunk who now had his arm outstretched he struck me on top of my head with his forearm. I continued after Rodney VanDunk as I got behind Craig VanDunk, Rodney VanDunk again punched me in the face and began running out of the driveway towards Fifth Street. I was able to catch up to him at which point he stood in a boxer's stance and rushed towards me and again punched me in the face. I was able to grab his arm. He then charged towards me. I fell backwards through the hedges in front of 41 Fifth Street. Rodney VanDunk was on top of me Sgt. Corbett came over and assisted me. While struggling with Rodney we fell against a vehicle parked on the street. Rodney was able to break free of my hold on him. We (Myself, Sgt.