Ellen O'Hara Woods (EW 5338)
CONDON RESNICK, LLP
96 South Broadway
Nyack, New York 10960
(845) 358-8900 Telephone
(845) 358-8901 Facsimile

*Attorneys for Defendants, Advanced Fighting Systems and Phil Dunlap*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

| | |
|---|---|
| RODNEY VAN DUNK, | Civil Action No. |
| | 07 CV 7087 (SCR) |
| Plaintiff, | |
| -against- | |
| PETER BROWER, individually and as an officer of the TOWN OF RAMAPO, a New York municipal corporation; JOHN DOE #1, individually and as an officer of the Town of Ramapo; JOHN DOE #2, individually and as an officer of the Town of Ramapo; JOHN DOE #3, individually and as an officer of the Town of Ramapo, f/n/u PASCOCELLO, individually and as an officer of the Town of Ramapo; ADVANCED FIGHTING SYSTEMS, a New Jersey Corporation; and PHIL DUNLAP, | |
| Defendants. | |

----------------------------------------------------------------X

**DEFENDANTS ADVANCED FIGHTING SYSTEMS AND PHIL DUNLAP'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS COUNTS I, II, III, IV AND V OF PLAINTIFF'S SECOND AMENDED COMPLAINT**

**CONDON RESNICK, LLP**

Ellen O'Hara Woods (EW 5338)
96 South Broadway
Nyack, New York 10960
(845) 358-8900
*Attorneys for Defendants Advanced Fighting Systems and Phil Dunlap*

TABLE OF CONTENTS

PAGE

I. PRELIMINARY STATEMENT..................................................................................4

II. RELEVANT FACTUAL BACKGROUND..................................................................4

III. LEGAL ARGUMENT..................................................................................................5

    A. The Plaintiff Has Not Established Personal Jurisdiction Over Defendants AFS and Dunlap and Therefore the Second Amended Complaint Must Be Dismissed ......................5

    B Count I of Plaintiff's Second Amended Complaint Fails to State a Cause of Action Upon Which Relief Can Be Granted and, as such, Should be Dismissed . . . . . . . . . . . . . . . . 7

    C. Count II of Plaintiff's Second Amended Complaint Fails to State a Cause of Action Upon Which Relief Can Be Granted and, as such, Should be Dismissed . . . . . . . . . . . . . . . . .11

    D. Count III of Plaintiff's Second Amended Complaint Fails to State a Cause of Action Upon Which Relief Can Be Granted and, as such, Should Be Dismissed          . . . . . . . . . . . . . . 13

    E. Count IV of Plaintiff's Second Amended Complaint Fails to State a Cause of Action Upon Which Relief Can Be Granted and, as such, Should Be Dismissed   . . . . . . . . . . . . . . . .15

    F. Count V of Plaintiff's Second Amended Complaint Fails to State a Cause of Action Upon Which Relief Can Be Granted and, as such, Should Be Dismissed   . . . . . . . . . . . . . . ...15

IV. CONCLUSION..........................................................................................................16

## TABLE OF AUTHORITIES

### CASES

*Adams v. Smith*, ___ F.Supp.2d ___, 2007 WL 2323435 (N.D.N.Y. 2007) .................................. 11

*Attorney General of New York v. Soto-Lopez*, 476 U.S. 893 (1986) ........................................... 10

*Black v. United States*, 534 F.2d 524 (2d Cir. 1976) ........................................................................ 8

*Brown v. City of Oneonta*, 221 F.3d 329 (2d Cir. 2000) .................................................................. 7

*Bryant v. Finnish National Airline*, 15 N.Y.2d 426 (1965) ............................................................. 6

*Burke v. Town of East Hampton*, ___ F.Supp.2d ___, 2001 WL 624821 (E.D.N.Y. 2001) ......... 7,8

*Ciambriello v. County of Nassau*, 292 F.3d 307 (2d. Cir. 2002) ................................................... 11

*Doe v. Smith*, 704 F.Supp. 1177 (S.D.N.Y. 1988) ........................................................................... 12

*Drucker Cornell v. Assicurazioni Generali S.p.A.* 2000 WL 284222 (S.D.N.Y. 2000) .................... 6

*Fighting Finest v. Bratton*, 95 F.3d 224 (2d Cir. 1996) ................................................................. 10

*Frummer v. Hilton Hotels Int'l, Inc.*, 19 N.Y.2d 533 (1967)) .......................................................... 6

*General Building Contractors Ass'n v. Pennsylvania*, 458 U.S. 375 (1982) ................................ 14

*Glacier Refrigeration Service, Inc. v. American Transp, Inc.*, 467 F.Supp. 1104 (E.D.N.Y. 1979) 5

*Great American Federal Savings & Loan Assoc. v. Novotny*, 442 U.S. 366 (1979) ..................... 11

*Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55 (2d Cir. 1985) ............................................ 6

*In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000*, 230 F.Supp.2d 376 (S.D.N.Y. 2002) .... 6

*Laverpool v. New York City Transit Authority*, 760 F.Supp. 1046 (E.D.N.Y. 1991) .................... 13

*Lyn v. Incorporated Village of Hempstead*, 2007 WL 1876502 (E.D.N.Y.2007) .......................... 10

*Lyng v. International Union UAW*, 485 U.S. 360 (1988) .............................................................. 10

*Martin Hodas, et al v. Lindsay*, 431 F.Supp. 637 (S.D.N.Y. 1977) ................................................. 9

*Mass v. McClenahan*, 893 F.Supp. 225 (S.D.N.Y. 1995) ................................................................ 8

*Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085 (2d Cir. 1993) ............................... 7

*Mione v. McGrath*, 435 F.Supp.2d 266 (S.D.N.Y. 2007) ............................................................. 11

*Mullins v. Hak*, 674 F.Supp. 997 (2d Cir. 1985) ............................................................................ 5

*Ostrer v. Aronwald*, 567 F.2d 551 (2d Cir. 1977) ......................................................................... 8

*Patterson v. McLean Credit Union*, 491 U.S. 164 (1989) ............................................................ 13

*Peavey v. Polytechnic Institute of New York*, 775 F.Supp. 75 (E.D.N.Y. 1991) ......................... 8,9

*Phillips v. Mashburn*, 746 F.2d 782 (11th Cir. 1984) ................................................................... 12

*Reers v. Deutsche Bahn AG*, 320 F.Supp2d 140 (S.D.N.Y. 2004) ................................................ 6

*Richards v. New York State DOCS*, 572 F.Supp. 1168 (S.D.N.Y. 1983) ............................... 8,9,11

*Rodriguez v. Circus Circus Casinos, Inc.*, 2001 WL 21244 (S.D.N.Y. 2001)) ............................. 6

*Selevan v. New York Thruway Authority*, 470 F.Supp.2d 158 (N.D.N.Y. 2007) ......................... 10

*Sooner Products Co. v. McBride*, 708 F.2d 510 (10th Cir. 1983) ................................................ 12

*Spear v. Town of West Hartford*, 954 F.2d 63 (2d Cir. 1992) ...................................................... 11

*The Williams Systems, Ltd v. Total Freight Systems, Inc.*, 27 F.Supp. 386 (E.D.N.Y. 1998) ... 5,6

*United Brotherhood of Carpenters & Joiners v. Scott*, 463 U.S. 825 (1993) .............................. 7,9

*Yanouskiy v. Eldorado Logistices Systems, Inc.*, 2996 WL 3950871 (E.D.N.Y. 2006) ................ 6

*Zipper v. Nichtern*, 2007 WL 1041667 (E.D.N.Y. 2007) ............................................................... 6

I.  **PRELIMINARY STATEMENT**

Pursuant to Fed. R. Civ. P. 15(a), Defendants Advanced Fighting Systems("AFS") and Phil Dunlap ("Dunlap") submit this Memorandum of Law in Further Support of their Motion to Dismiss. Count I of the Amended Complaint purports to state claims of conspiracy to deprive Plaintiff of certain constitutional rights under 42 USC 1985 against Defendant Dunlap. Count II purports to state a claim of conspiracy to deprive Plaintiff of certain constitutional rights under 42 USC 1983 against Defendant Dunlap. Count III purports to state a claim for interference with the right to contract under 42 USC 1981 against Defendant Dunlap. Counts IV and V purport to state a claim for violation of Plaintiff's right to public accommodation under 42 USC 2000 and NJSA 10:5-1 *et seq.*, respectively, against Defendant AFS. The Plaintiff has failed to establish that this Court has jurisdiction over Defendants AFS and Dunlap, and therefore the Complaint should be dismissed with respect to these Defendants. Further, for the reasons discussed below and in the Defendants' initial Memorandum in Support of the Motion to Dismiss, Counts I, II, III, IV and V of Plaintiff's Amended Complaint should be dismissed for failure to state a cause of action upon which relief may be granted.

II.  **RELEVANT FACTUAL BACKGROUND**[1]

Defendant AFS maintains a martial arts academy in Mahwah, New Jersey. Defendant Dunlap is AFS's principal. According to the Amended Complaint, "Plaintiff enrolled at AFS to undertake training in fighting and martial arts skills" (Second Am. Comp. ¶ 10). A number of police officers from the Town of Ramapo police department are enrolled at AFS (Second Am. Comp. ¶ 11). According to Plaintiff, Defendant Dunlap told him that the "[Town of] Ramapo Police Department"

---

[1] The facts set forth herein are drawn from Plaintiff's Amended Complaint to the extent that they relate to claims against AFS and Dunlap. They are assumed to be true, as they must be, for the purposes of this Motion.

advised Dunlap of "many negative things about Plaintiff," including that he was a member of "the Hillburn community," which was, among other things, "racially mixed and suspect" (Second Am. Comp. ¶ 12). Plaintiff maintains that Dunlap told him "it would be best if he did not return to the school" (Second Am. Comp. ¶ 12), but that Plaintiff continued to engage in telephone conversations with Dunlap after this exchange (Second Am. Comp. ¶ 13). During these conversations, Plaintiff alleges, Dunlap "remained adamant that Plaintiff was excluded from his school," and that "two or three officers" had spoken to Dunlap about Plaintiff (Second Am. Comp. ¶13).

### III.  LEGAL ARGUMENT

#### A.  The Plaintiff Has Not Established Personal Jurisdiction Over Defendants AFS and Dunlap and Therefore the Second Amended Complaint Must Be Dismissed

As described in the Second Amended Complaint at paragraphs 4 and 5, Defendant AFS is a New Jersey corporation and Defendant Dunlap is a New Jersey resident. There is no allegation that any conduct forming the basis of the Complaint took place in the State of New York. As a result, it is respectfully submitted that the Defendants are not subject to personal jurisdiction in New York and, as such, the Complaint must be dismissed as it pertains to them.

"The issue of personal jurisdiction over a foreign corporation said to be doing business in New York is governed by CPLR §301. A corporation is subject to the personal jurisdiction of a New York court when it is 'doing business in New York in the traditional sense, that is not occasionally or casually, but with a fair measure of permanence and continuity.'" *The William Systems, Ltd. v. Total Freight Systems, Inc.*, 27 F.Supp. 386, 387 (E.D.N.Y. 1998), citing *Mullins v. Hak*, 674 F.Supp. 997, 997-998 (2d Cir. 1985); *Glacier Refrigeration Service, Inc. v. American Transp., Inc.*, 467 F.Supp. 1104, 1106 (E.D.N.Y. 1979). Moreover, "[i]n determining a corporation's New York presence,

New York courts have focused on factors such as the existence of an office in the state; the solicitation of business in the state; the presence of bank accounts and property in the state; the authority to do business in New York as a foreign corporation; and the relative percentage of business done in New York by the defendant." *The Williams Systems, Ltd. v. Total Freight Systems, Inc.*, 27 F.Supp at 387; *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir. 1985) (cting *Frummer v. Hilton Hotels Int'l, Inc.*, 19 N.Y.2d 533 (1967); *Bryant v. Finnish National Airline*, 15 N.Y.2d 426 (1965)).

A review of the Complaint reveals no allegations whatsoever as to the Defendants' alleged ties to New York, except Plaintiff's opinion that AFS "draws its clientele from a market area that encompasses portions of both New York and New Jersey" (Second Amended Complaint at para. 9). The Plaintiff has amended his Complaint to state that AFS "is engaged in interstate commerce" (Second Amended Complaint at para. 4). There is no allegation that either Defendant AFS or Defendant Dunlap maintained an office in New York, held bank accounts or other property in New York or ever sought authority to do business in New York as a foreign corporation. All the Plaintiff states is that Defendant AFS "advertises on the internet" (Second Amended Complaint at para. 9). This is hardly sufficient to establish that either Defendant is doing business in New York: "[t]he mere existence of a website accessible within New York is insufficient to establish general jurisdiction over a defendant here." *Zipper v. Nichtern*, 2007 WL 1041667, *6 (E.D.N.Y. Mar. 30, 2007), citing, e.g., *Yanouskiy v. Eldorado Logistices Systems, Inc.*, No. 05 Civ. 2202 (ENV), 2006 WL 3050871, at *3 (E.D.N.Y. Oct. 20, 2006); *Reers v. Deutsche Bahn AG*, 320 F.Supp.2d 140, 155 (S.D.N.Y. 2004); *In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000*, 230 F.Supp.2d 376, 383 (S.D.N.Y. 2002); *Rodriguez v. Circus Circus Casinos, Inc.*, No. 00 Civ. 6559 (GEL), 2001 WL 21244, at 2 (S.D.N.Y. Jan. 9, 2001); *Drucker Cornell v. Assicurazioni Generali S.p.A.*, Nos. 97 Civ. 2262 (MBM), 98 Civ. 9186 (MBM), 2000 WL 284222, *1 (S.D.N.Y. Mar. 16, 2000). There is no

allegation that the Defendants have engaged in any other activities of substance in New York.

In sum, Defendants Dunlap and AFS do not have sufficient minimum contacts with the state of New York to support the exercise of personal jurisdiction by a Federal Court sitting in New York. Therefore, Plaintiff cannot establish that Defendants Dunlap and AFS are subject to New York's long-arm jurisdiction. The Complaint against them must be dismissed for lack of personal jurisdiction.

### B. Count I of Plaintiff's Second Amended Complaint Fails to State a Cause of Action Upon Which Relief May Be Granted and, As Such, Should Be Dismissed

In his Second Amended Complaint, the Plaintiff adds several paragraphs of allegations to the First Count in an attempt to survive the Defendants' Motion to Dismiss. However, these additional factual statements are not sufficient to prevent dismissal for failure to state a cause of action upon which relief may be granted. As such, Count I should be dismissed.

As stated in Defendants' Memorandum in Support of the Motion to Dismiss, "in order to prevail on [his] §1985(3) claim, [Plaintiff] must establish the following: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of a constitutional right." *Burke v. Town of East Hampton, 2001 WL 624821 at \*13, (E.D.N.Y. 2001),* citing *United Bhd. Of Carpenters and Joinders v. Scott, 463 U.S. 825, 829-30 (1993); Brown v. City of Oneonta, 221 F.3d 329, 3431 (2d Cir. 2000); Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087088 (2d Cir. 1993).*

To adequately plead a cause of action for a violation of 42 USC §`985, the Plaintiff must

demonstrate not only that "the alleged conspiracy was 'motivated by some racial or perhaps otherwise class-based invidious discriminatory animus behind the conspirators' action" but also "that the conspiracy aimed at interfering with rights that are protected against private, as well as official, incroachment." *Burke at \*13 (internal quotations omitted)*. Plaintiff must include specific instances of misconduct sufficient to meet each and every element of the charge, and "must do more than make vague, general or conclusory accusations in order to establish the existence of a conspiracy actionable under §1985(3)." *Burke at \*13, quoting Mass v. McClenahan, 893 F.Supp. 225, 231 (S.D.N.Y. 1995)*. "[T]he Second Circuit has repeatedly held that complaints containing only 'conclusory,' 'vague,' or 'general allegations' of a conspiracy to deprive a person of constitutional rights should be dismissed." *Peavey v. Polytechnic Institute of New York, 775 F.Supp. 75, 77 (E.D.N.Y. 1991); Ostrer v. Aronwald, 567 F.2d. 551, 553 (2d Cir. 1977); Black v. United States, 534 F.2d. 524 (2d Cir. 1976)*.

Even with the Plaintiff's latest amendments, Count I of Plaintiff's Second Amended Complaint does not rise to the level of these standards. Preliminarily, Plaintiff fails to adequately allege that he is a member of a protected class. Plaintiff simply alleges that "the John Doe Defendants were using their positions as police officers . . . to impart information not commonly known to the general public, such as Plaintiff's unsavory history and that fact that the 'Hillburn Community' had 'communication problems' with the Ramapo Police." (Am. Comp. ¶28). As such, Count I fails to adequately set forth the conspiracy at issue, the acts which furthered said conspiracy or the state action that is crucial to the claim.

An adequate complaint alleging conspiracy under 42 USC ¶1985 must "set forth with certainty facts showing what a defendant or defendants did to carry the conspiracy into effect, whether such acts fit within the framework of the conspiracy alleged and whether such acts, in the ordinary course of events, would proximately cause injury to the plaintiff." *Richards v. New York*

9

*State DOCS*, 572 F.Supp. 1168, 1174 (S.D.N.Y. 1983 ), citing *Martin Hodas, East Coast Cinematics v. Lindsay*, 431 F.Supp. 637, 643-44 (S.D.N.Y. 1977). Plaintiff's Second Amended Complaint, however, "contains nothing more than generalized, unsupported allegations and simple conclusions, which do not describe the parameters of a conspiracy." *Richards v. New York State DOCS*, 431 F.Supp. at 1174. The bare allegations that three "John Does" told Defendant Dunlap that Plaintiff had an "unsavory history,"(Complaint at para. 28), was a member of the "Hillburn community" (Complaint at para. 12) and that people from that area "were racially mixed and suspect" (Complaint at para. 12) do not rise to the level of a conspiratorial act.

Further, "the Supreme Court's decision in *United Brotherhood of Carpenters & Joiners v. Scott*, 463, U.S. 825 (1983) makes clear that when the right which the conspiracy allegedly violates is a right protected only against interference from the state, a violation of the section cannot be alleged absent state action." *Peavey v. Polytechnic Institute of New York*, 774 F.Supp. at 77. Plaintiff's Second Amended Complaint is completely devoid of any plausible allegation of state action. With respect to Count I, the Second Amended Complaint merely claims that Defendant Dunlap told Plaintiff that certain unnamed "John Does" - who are allegedly police officers in Ramapo, New York - told Dunlap allegedly negative things about Plaintiff. Even if these "John Does" exist – and even if they are police officers in a different state – there is no allegation that they undertook any state action whatsoever. Indeed, Plaintiff contends that various unnamed Ramapo police officers attend training at AFS. Assuming, *arguendo*, that any of these students spoke about Plaintiff to Defendant Dunlap, such conversations hardly rise to the level of official state action. Even with its amendments, the Second Amended Complaint offers no explanation how these mysterious police officers from New York could possibly undertake state action in the state of New Jersey by conspiring to prevent Plaintiff from attending a private martial arts school.

Next, even if a conspiracy could be made out of the Plaintiff's innocuous allegations, no

violation of a constitutional right has been alleged, and therefore the Second Amended Complaint must be dismissed. Plaintiff contends that his First Amendment rights to travel and to associate were violated, but he does not support either contention.

The right to travel is impeded when the state implements barriers to interstate travel. A cause of action accrues when the state deters travel, when impeding travel is the state's primary objective or when the state "uses any classification which serves to penalize the exercise of that right." *Selevan v. New York Thruway Authority*, 470 F.Supp.2d 158, 175 (N.D.N.Y. 2007), citing *Attorney General of New York v. Soto-Lopez*, 476 U.S. 893, 903 (1986). There is simply no reason to believe that the Plaintiff's right to travel was in any way impeded, much less that an impediment was created by state action.

Plaintiff's allegation that his right to free association was violated fares no better. To state a claim for freedom of association under the First Amendment, "the interference with associational rights must be 'direct and substantial' or 'significant.'" *Fighting Finest v. Bratton, 95 F.3d 224, 228 (2d Cir. 1996), citing Lyng v. International Union UAW, 485 U.S. 360, 367 (1988)*. Unfortunately for the Plaintiff, the right to associate freely with members of a private social club is not protected by the First Amendment (*Lyn v. Incorporated Village of Hempstead, 2007 WL 1876502 (E.D.N.Y. 2007)*. Further, even if such association was protectable, there is no basis to establish that the Plaintiff's exclusion from AFS was based on an impermissible classification. Taking the allegations in the Second Amended Complaint as true for the purposes of this motion, it appears just as likely that the Plaintiff would be excluded from AFS based on his "unsavory history" as for any impermissible racially-based motive.

It should be noted that the allegations of Count I of the Second Amended Complaint are virtually indistinguishable from those set forth in Count IV, which alleges a 42 USC §2000 claim against Defendant AFS – and which has not been changed from the version set forth in the Amended

Complaint. As cited in Defendants' Memorandum in Support of the Motion to Dismiss, Section 1985 cannot be invoked to redress violations covered by Title VII. *Richards v. New York State DOCS*, 572 F.Supp. at 1175, citing *Great American Federal Savings & Loan Assoc. v. Novotny*, 442 U.S. 366, 378 (1979). Since Count I "is not a claim that is distinct from one that could be raised under Title VII, 42 USC §2000e," it should be dismissed.

In sum, because Count I of the Second Amended Complaint fails to state a cause of action upon which relief may be granted and because it is alleges a claim that can be brought under 42 USC §2000, it should be dismissed.

    **C.**    **Count II of Plaintiff's Second Amended Complaint Fails to State a Cause of Action Upon Which Relief May Be Granted and, As Such, Should Be Dismissed**

A review of the Plaintiff's Second Amended Complaint reveals that it adds a single sentence to the allegations regarding John Does #1, #2 and #3 contained in the Amended Complaint: "Their actions were cloaked with an official character by virtue of their well-known position as police officers, communicating confidential information" (Second Am. Compl. at ¶ 32). This additional language does not save Count II from the requirement that, "[i]n order to state a claim under §1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law." *Adams v. Smith*, ___ F.Supp. ___. 2007 WL 2323435 )(N.D.N.Y. 2007); *Mione v. McGrath*, 435 F.Supp.2d 266, 272 (S.D.N.Y. 2006); *Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002). Rather, the Plaintiff's contentions are no more than "merely conclusory allegation[s] that a private entity acted in concert with a state actor [which do] not suffice to state a §1983 claim against a private entity." *Mione v. McGrath*, 435 F.Supp.2d at 272; *Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992).

Given these standards, Count II of the Second Amended Complaint fails to state a cause of action upon which relief may be granted. As stated in the Defendant's Memorandum in Support of the Motion to Dismiss, Defendant Dunlap is a private party "and in order to cloak [him] with state action it must be shown that [he] either jointly participated or conspired with a state actor to violate plaintiff's federal rights." *Doe v. Smith, 704 F.Supp. at 1188*. The language added by the Plaintiff simply does not make the Ramapo, New York police officers state actors in the State of New Jersey for the purpose of this litigation.

Since there were no state actors, the Plaintiff cannot show the requisite participation or conspiracy to establish a §1983 action. The alleged conspiracy is merely smoke and mirrors, without the "[s]upporting operative facts" that are required to show "agreement and concerted action." *Doe v. Smith, 704 F.Supp. at 1188; Sooner Products Co. v. McBride, 708 F.2d 510, 512 (10th Cir. 1983)*. In trying to create a cause of action against Defendants Dunlap and AFS, the best that the Plaintiff can do to cloak Defendant Dunlap with state action is to create a conspiracy with unnamed police officers from a different state. There is no allegation as to the parameters of said conspiracy. The only allegedly overt act described as furthering the conspiracy is that these out-of-jurisdiction "John Does" "advise[d] Dunlap that Plaintiff was unsavory and disreputable, and part of a racially mixed and undesirable community" (Second Am. Comp. at ¶28). Even if these facts are taken as true for purposes of the instant motion, no interpretation of these allegations of idle gossip can possibly support the pleading requirements of a full-fledged conspiracy. *Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984)* (conclusory allegations or naked assertions are insufficient to plead joint or conspiratorial action between a state actor and a private defendant). Finally, Plaintiff has failed to allege an appropriate constitutional right that was violated by the John Does' conversation with Defendant Dunlap. His claims that he was denied his "rights of travel and association" and "substantive due process" are entirely conclusory and must be rejected. *Doe v. Smith, 704 F.Supp. at*

13

*1183.*

In sum, because Plaintiff has failed to state a cause of action upon which relief may be granted, Count II of the Second Amended Complaint must be dismissed.

    **D.    Count III of Plaintiff's Second Amended Complaint Fails to State a Cause of Action Upon Which Relief May Be Granted and, As Such, Should Be Dismissed**

A review of the Third Count of Plaintiff's Second Amended Complaint indicates that Plaintiff adds a single clause to the language in the Amended Complaint that Defendants interfered with and impeded Plaintiff's ability to form and perform a contract to receive services from AFS "for reasons that were racially motivated" (Plaintiff's Complaint at para. 34). Section 1981 of 42 USC provides, in relevant part, that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts." *42 USC §1981.* "Section 1981, however, is not 'a general proscription of racial discrimination in all aspects of contract relations, for it expressly prohibits discrimination *only in the making and enforcement of contracts.*" *Laverpool v. New York City Transit Authority,* 760 F.Supp. 1046, 1050 (E.D.N.Y. 1991), citing *Patterson v. McLean Credit Union,* 491 U.S. 164, 176 (1989) (emphasis supplied).

Count III of Plaintiff's Second Amended Complaint must clearly fail, given that Plaintiff merely alleges that he, at some point, "enrolled at AFS to undertake training in fighting and martial arts skills" and that, in doing so, he entered into a contract and a contractual relationship with AFS that had explicit and implicit terms" (Second Am. Comp. ¶10). Plaintiff does not indicate when, where or even whether an actual contract was signed or hint at what the "explicit and implicit terms" thereof might be. Plaintiff does not indicate whether he paid any fees or tuition for enrolling in AFS, how long enrollment was effective, to what services enrollment entitled him, under what circumstances the relationship could be terminated, or, in fact, any terms whatsoever. Plaintiff further

claims that, "[o]n or about June 10" Defendant Dunlap "told Plaintiff that . . . it would be best if he did not return to the school" (Second Am. Comp. ¶12).

There is no allegation that Plaintiff attempted to contract and that he was denied that opportunity or that such contracts were offered to others but not to him. Further, while Plaintiff would like this Court to come to the conclusion that he was told "not to return to the school" based on his membership in a protected class, his Second Amended Complaint does not come close to adequately supporting that conclusion. Indeed, a reading of the Second Amended Complaint might lead to the conclusion that was excluded because he was "unsavory and undesirable" (Second Am. Comp. ¶28) or "part of a racially mixed and undesirable community" (Second Am. Comp. ¶28), having nothing whatsoever to do with membership in a protected class.

Taking as true Plaintiff's allegation that he was prevented from training at AFS after his conversation with Defendant Dunlap, there is simply nothing to connect his alleged dismissal to an action under 42 USC §1981. Reading the Second Amended Complaint, Plaintiff claims that Defendant Dunlap discussed that "Plaintiff was a member of the 'Hillburn community,'" that the "Hillburn community was racially mixed and suspect," that "the Hillburn community had communication problems with the Ramapo Police," and that members of "the Hillburn community" had "curious, even bizarre racial characteristics" (Second Am. Comp. ¶ 12). Notably, Plaintiff does not allege that Defendant Dunlap knew or even believed that Plaintiff was personally a member of a minority group who would be protected under 42 USC §1982. Plaintiff's allegation that he was denied the opportunity to attend training at AFS based on racial discrimination is wholly conclusory and must be rejected. *See, General Building Contractors Ass'n v. Pennsylvania, 458 U.S. 375, 391 (1982).*

In sum, because Plaintiff has failed to state a cause of action upon which relief may be granted, Count III of the Second Amended Complaint must be dismissed.

E. **Count IV of Plaintiff's Second Amended Complaint Fails to State a Cause of Action Upon Which Relief May Be Granted and, As Such, Should Be Dismissed**

As Plaintiff's Second Amended Complaint does not amend Count IV of the Amended Complaint, Defendants Dunlap and AFS respectfully rely on the arguments raised in Defendant's Memorandum in Support of the Motion to Dismiss, that AFS is not a "covered facility" within the meaning of 42 USC § 2000(a) and that Count IV does not state a cause of action upon which relief may be granted. As such, Count IV of the Amended Complaint must be dismissed.

F. **Count V of Plaintiff's Second Amended Complaint Fails to State a Cause of Action Upon Which Relief May Be Granted and, As Such, Should Be Dismissed**

As Plaintiff's Second Amended Complaint does not amend Count V of the Amended Complaint, Defendants Dunlap and AFS respectfully rely on the arguments raised in Defendant's Memorandum in Support of the Motion to Dismiss, that Plaintiff has failed to establish that AFS is a public accommodation pursuant to NJSA 10:5-1 *et seq.* and further failed to allege any nexus between his race and his alleged exclusion from AFS. Because the Plaintiff has failed to state a cause of action upon which relief may be granted, Count V of the Amended Complaint should be denied.

## CONCLUSION

For all the foregoing reasons, Defendants AFS and Dunlap respectfully request that the Court dismiss Counts I, II, III, IV and V of the Second Amended Complaint, and for such further relief as to the Court seems just and proper.

CONDON RESNICK, LLP

By: _____/s/_____
ELLEN O'HARA WOODS (EW5338)
96 South Broadway
Nyack, New York 10960
(845) 358-8900 (Telephone)
(845) 358-8901 (Facsimile)
*Attorneys for Defendants Advanced Fighting Services and Phil Dunlap*