UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RODNEY VAN DUNK,

                Plaintiffs,                      07 CIV. 07087

    -against-

PETER BROWER, individually and as an officer of the
Town of Ramapo; TOWN OF RAMAPO, a New York
Municipal corporation; JOHN DOE #1, individually and
as and officer of the Town of Ramapo; JOHN DOE #2,
individually and as an officer of the Town of Ramapo;
JOHN DOE #3, individually and as an officer of the
Town of Ramapo; f/n/u PASCOCELLO, individually
and as an officer of the Town of Ramapo; ADVANCED
FIGHTING SYSTEMS, a New Jersey Corporation; and
PHIL DUNLAP,

                Defendants,
-----------------------------------------------------------------X

## DEFENDANTS PETER BROWER, TOWN OF RAMAPO, JOHN DOES #1 THROUGH #3 AND PASCOCELLO'S MEMORANDUM IN REPLY AND IN FURTHER SUPPORT OF THE MOTION TO DISMISS THE COMPLAINT

                                                    **MICHAEL L. KLEIN, ESQ.**
                                                    **Town Attorney**
                                                    **Attorney for Defendants**
                                                    **237 Route 59**
                                                    **Suffern, New York 10901**
                                                    **(845) 357-5100**

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in reply to Plaintiff's opposition to a motion to dismiss filed pursuant to FRCP, Rule 12 (b)(6) by which defendants, PETER BROWER, TOWN OF RAMAPO, JOHN DOE #1, JOHN DOE #2, JOHN DOE #3 and PASCOCELLO, seek dismissal of the complaint.

## POINT I

### THE FIRST COUNT MUST BE DISMISSED AS THE COMPLAINT DOES NOT PROPERLY PLEAD A CONSPIRACY NOR IS THERE A RECOGNIZABLE CONSTITUTIONAL VIOLATION INVOLVED

In the First Count, Plaintiff alleges a violation of 42 USC §1985 in that Defendant Dunlap and the John Doe police officers allegedly conspired to deprive Plaintiff of his First Amendment rights of travel and association on the basis of his race. In the underlying Memorandum of Law, Defendants argued that the complaint did not properly plead a conspiracy. The Second Amended Complaint does not cure this defect. In fact, the Second Amended Complaint supports the motion to dismiss in that it claims that the alleged comments were made by the "Ramapo Police Department" and that the "the phrase "Hillburn Community", **if used** by the John Does, was a euphemism for the derogatory term "Jackson Whites" or Ramapough Lenape Nation", (emphasis added) (Exhibit A – Second Amended Complaint at pars. 12 and 12A). The only non-equivocal allegations that concern the John Doe officers are that they had spoken to Defendant Dunlap about Plaintiff. (Exhibit A at par. 14). Moreover, Plaintiff's Memorandum of Law, in Point I, in discussing the issue of a conspiracy, states as follows, "Plaintiff has not alleged, because he does not know it or have any reason to allege it, that the various unidentified officers had a concerted plan to do this".

Defendants submit that the First Count must be dismissed since the Second Amended

2

Complaint does not allege specific facts that make out a claim of conspiracy under either an ordinary or heightened pleading standard. Julian v. New York City Transit Authority, 857 F.Supp. 242 (E.D.N.Y. 1994). Indeed, Plaintiff's Memorandum of Law supports the defendant's position that Plaintiff has no basis to make such a claim. The facts alleged in the complaint must support a meeting of the minds by which persons entered into an agreement to achieve a specific unlawful end together with an act in furtherance of the object of the conspiracy. Griffin v. Breckenridge, 403 U.S. 88 (1971); Cramer v. Pyzowski, 2007 WL 1541393 (E.D.N.Y. 2007). A complaint that alleges only unsupported conclusory, vague or general allegations of conspiracy will be subject to dismissal. Boddie v. Schnieder, 105 F.3d 857 (2d Cir. 1997).

Further, the Second Amended Complaint does not cure the defect of the original complaint in that there are no constitutional rights implicated by the alleged conduct. Romer v. Morgenthau, 119 F.Supp.2d 326 (S.D.N.Y. 2000). The right to travel is not implicated since, as was set forth in the underlying Memorandum of Law, the alleged conduct did not prohibit or prevent Plaintiff from travelling freely. Plaintiff's cited case of Pro-Choice Network v. Project Rescue, 799 F.Supp. 1417(W.D.N.Y.) is not to the contrary. That case involved the rights of women to engage in interstate travel for the purposes of obtaining abortions. The defendants actions therein targeted out of state women traveling to an abortion clinic, who were easily recognizable, forcing them to cancel their appointments. Here, there is no allegation that any of the defendants engaged in any acts that infringed on Plaintiff's right to interstate travel. Similarly, we submit that the right of free association does not extend to Plaintiff's claimed right to attend Advanced Fighting Systems, a private defense fighting school.

For these reasons the First Count must be dismissed.

## POINT II

## THE SECOND COUNT MUST BE DISMISSED SINCE THE COMPLAINT FAILS TO ALLEGE FACTS THAT SUPPORT A VIOLATION OF 42 U.S.C. §1983 NOR DOES PLAINTIFF PLEAD A RECOGNIZABLE CONSTITUTIONAL VIOLATION

In the Second Count, Plaintiff alleges that the while acting under color of state law and in their capacity as police officers, that the defendants made statements to Dunlap about Plaintiff in violation of First Amendment rights of travel and association pursuant to 42 USC §1983 and his Fourteenth Amendment right to substantive due process.

Plaintiff has attempted to cure the defects in the original complaint by alleging that the alleged actions of the John Doe police officers "were cloaked with an official character by virtue of their well known position as police officers, communicating confidential information". (Exhibit A – par. 32). In the first instance there is nothing contained in the complaint that could be characterized as "confidential". Even assuming the truth of Plaintiff's allegations, any contacts with the police department are matters of public record. Moreover, there are no facts set forth in the complaint that support Plaintiff's allegations that any alleged statements were made under color of state law as opposed to being made by fellow school members who happen to be police officers. In sum, Plaintiff has failed to allege any state action.

Nor has Plaintiff overcome the argument that liability can only attach if the conduct involved is the both the direct and proximate cause of the alleged constitutional violation. Peterson v. Tomaselli, 469 F.Supp.2d 146 (S.D.N.Y. 2007). To the extent that Defendant Dunlap took any unconstitutional actions, a proposition which defendants deny, such actions cannot be attributed to these defendants.

Finally, the Second Count must be dismissed since, again, Plaintiff has failed to identify a constitutional right implicated by the alleged conduct. Nor do the facts as alleged in the Second

4

Amended Complaint support a claim of a violation of substantive due process. Smith v. Half Hollow Hills Central School District, 298 F.3d 168 (2d Cir. 2002); Natale v. Town of Ridgefield, 170 F.3d 258, 263 (2d Cir. 1999); Cotz v. Maestroni, 476 F. Supp.2d 332 (S.D.N.Y. 2007).

**POINT III**

**THE THIRD COUNT MUST BE DISMISSED SINCE
PLAINTIFF HAS NOT PROPERLY PLED A VIOLATION
OF 42 U.S.C. §1981**

The Second Amended Complaint does not cure the defect in the original complaint regarding the claim under 42 U.S.C. 1981. Plaintiff now alleges that he entered into a contract with defendant AFS, which contract had "explicit and implicit terms". No such contract is attached to the complaint. Plaintiff does not, nor could he, allege that the John Doe officers were a party to that contract. As third parties to that contract these defendants cannot be liable in the face of AFS' decision to allegedly terminate same. Robinson v. Town of Colonie, 878 F.Supp. 387 (N.D.N.Y. 1985).

Moreover, even Plaintiff, in his Memorandum of Law, concedes that it is unknown whether Defendant Dunlap was swayed by the statements about Plaintiff's racial heritage. In order to properly allege a claim under 42 U.S.C. §1981, Plaintiff must allege both a racial bias and purposeful discrimination. Sathianathan v. Smith Barney, Inc., __ F.Supp.2d __, 2006 WL 538152 (S.D.N.Y. 2006). We submit that he has failed to do either and, therefore, the Third Count of the Second Amended Complaint must be dismissed.

**POINT IV**

**THE SIXTH COUNT MUST BE DISMISSED AS DEFENDANT
PASCOCELLO IS ENTITLED TO QUALIFIED IMMUNITY**

Plaintiff, in his affidavit, concedes that his truck does not have a front license plate. (Affidavit of Plaintiff – par. 4, attached as Exhibit B). He seems to argue, however, that the

absence of a front license plate on his truck was merely a pretext for the alleged detention and search. The question of whether probable cause exists, however, is purely an objective inquiry and the alleged motivations of the police officer are irrelevant in determining whether there has been a Fourth Amendment violation. Whren v. U.S., 517 U.S. 806, 116 S.Ct. 1769 (1996); Holeman v. City of New London, 425 F.3d 184 (2d Cir. 2005); Cotz v. Mastroeni, 476 F.Supp.2d 332 (S.D.N.Y. 2007). The argument then that P.O. Pascocello failed to record the fact that Plaintiff did not have a front plate is irrelevant in the face of Plaintiff's admission that he did not have a plate and had not had one for some time.

Moreover, it is irrelevant how P.O. Pascocello knew Plaintiff. In the first instance, Plaintiff has been convicted of assaulting, and as will be detailed below, attempting to menace a Town of Ramapo police officer, and has admitted in his affidavit to conflicts with other officers. Given these facts, it is certainly understandable that Ramapo police officers would be familiar with, and indeed alerted to, Plaintiff.

The balance of Plaintiff's allegations are similarly without merit. Plaintiff alleges that P.O. Pascocello ignored a violation of a caucasian man to focus on him. The Complaint itself, however, states that P.O. Pascocello confiscated and then returned the fireworks to two individuals. According to the Complaint, one of those men was a member of the Ramapough Nation. (Exhibit A at par. 17). Therefore, the suggestion that Defendant Pascocello focused on Plaintiff instead of a caucasion is, at best, without merit.

In sum, neither Plaintiff's affidavit, nor the Affirmation in Opposition, dispute any of the facts as set forth in the motion to dismiss. In fact, P.O. Pascocello's account of the events is corroborated in significant part by the Affidavit and the Complaint itself. Therefore, there is no dispute of facts that would preclude dismissal at this time nor has Plaintiff made a showing of

6

what additional discovery is relevant to this inquiry. Since Plaintiff has failed to come forward with any evidence that would cast doubt upon the existence of probable cause, defendant Pascocello is entitled to qualified immunity and the Sixth Count must be dismissed. Defore v. Premore, 86 F.3d 48 (2d Cir. 1996).

## POINT V

## THE SEVENTH COUNT MUST BE DISMISSED AS THERE CAN BE NO SUPERVISORY LIABILITY NOR LIABILITY FOR AN ALLEGED FAILURE TO TRAIN OR SUPERVISE

Plaintiff attempts to cure the defects in the Seventh Count are similarly unavailing. Plaintiff's added allegations concerning Defendant Brower concern his allegedly creating a pattern and practice of not permitting the documentation or investigation of civilian complaints. In this way Plaintiff is attempting to compensate for the lack of personal involvement by Defendant Brower. In the first instance, the allegation is simply untrue. The Second Amended Complaint, in paragraph 20, states that Plaintiff filed a written complaint concerning the June 15th incident with the Ramapo Police Department. That complaint was investigated. Further, Plaintiff alleges in his affidavit that he lodged other complaints with the Ramapo Police Department. Therefore, his claim that the Town does not accept or review complaints is without merit. The fact that Plaintiff may disagree with the results of the investigations is of no moment. More importantly Plaintiff has not specified the source of his claim to a right to have the police department accept and investigate his claims in a particular manner. While this sounds like some type of claim for a violation of procedural due process, Plaintiff has not made such a claim. Nor would such a claim be successful. To establish a violation of procedural due process one must first establish a liberty or property interest involved. This liberty or property interest may stem from the constitution or from state law. Kentucky Dept. of Corrections v. Thomspon, 490 U.S. 454, 109 S.Ct. 1904 (1989). There is not recognized liberty

or property interest in having the police review misconduct claims in any given way. Moreover, as was argued in the defendants' original Memorandum of Law, a claim for a violation of 42 USC §1983 cannot be made out based upon the allegation that Defendant Brower did not comply with a certain Ramapo Police Department internal General Order concerning the investigation of civilian complaints. An alleged violation of an internal rule or regulation does not give rise to a cause of action unless the violation of the rule itself constitutes a civil rights violation or other tortious act. See, Davis v. Scherer, 468 U.S. 183, 194, 104. Ct. 3012 (1984), Washington v. Starke, 855 F.2d 346, 350 (6th Cir. 1988).

Plaintiff has not pled any facts in support of his claim of "racial profiling". Indeed, as was pointed out above, the Complaint specifically refers to another member of the Ramapough Nation who was present during the incident of June 15, 2007. Not only is there no allegation of anything negative with respect to this individual, but also the complaint itself recounts that P.O. Pascocello did not issue a violation to this individual for possession of fireworks. Nor are there any other incidents alleged in the complaint that support a claim of "racial profiling".

Plaintiff's allegations concerning P.O. Mitchell are similarly unfounded. While Plaintiff denies striking P.O. Mitchell, the fact is that he was convicted of Assault in the Third Degree for his actions during this incident. The videotape which Plaintiff claims absolves him is not only irrelevant in the face of the conviction, it also is not attached to Plaintiff's papers. Further, Plaintiff's allegation that P.O. Mitchell spoke to him about his wife's clothing was, in fact, based upon a complaint from a school bus driver. That driver claimed that Mrs. Van Dunk had, in fact, exposed her breasts while picking up their daughter at the bus stop. This caused embarrassment to her and to the other children on the bus. Attached to the Affirmation in Reply as Exhibit C is the police report detailing this complaint. Finally, Plaintiff fails to mention that he was charged

with Menacing in the Second Degree and Harassment in the Second Degree, not a "disorderly persons offense", as a result of his wielding a pipe during the altercation with P.O. Mitchell and other police officers on March 31, 2002. Plaintiff was thereafter convicted of Attempted Menacing and was sentenced to pay a fine and submit a letter of apology. A copy of that police report and Certificate of Disposition is attached to the Affirmation in Reply as Exhibit D).

Finally, Plaintiff's added allegations concerning liability on the part of the Town of Ramapo are similarly without merit. It is insufficient to merely allege that a pattern or practice exists. Rather a complaint must contain facts that tend to support the allegation as opposed to containing only "broad, simple and conclusory statements". Johnson v. Columbia University, __ F.Supp.2d __, 2003 WL 22743675 (S.D.N.Y. 2003). There are no new facts alleged in the Second Amended Complaint from which can be discerned a policy or practice on the part of the Town of Ramapo which resulted in a violation of Plaintiff's constitutional rights. The Seventh Count must, therefore be dismissed.

## POINT VI

### THE EIGHTH COUNT MUST BE DISMISSED SINCE PLAINTIFF HAS NOT PROPERLY PLED A CAUSE OF ACTION FOR RETALIATION

The Second Amended Complaint does not contain any new facts tending to support the Eighth Count. Rather, Plaintiff merely argues that Pascocello's knowledge of Plaintiff "could support an inference that Plaintiff had been targeted for his embarrassment of Chief Brower and Supervisor St. Lawrence". It seems that even Plaintiff does not take this alleged connection very seriously. What connection could there be between Plaintiff' speech at a forum in New Jersey and P.O. Pascocello's actions. Even more tenuous is any alleged

9

connection between the New Jersey comments and the alleged actions of members of a New Jersey fighting school who happen to be Town of Ramapo police officers.

Plaintiff's cited case of Hartman v. Moore, 547 U.S. 250, 126 S.Ct. 1695 (2006) is not on point. That case held that in situations alleging retaliatory prosecution a plaintiff must plead and prove the absence of probable cause. If this case were relevant then the complaint would need be dismissed based upon Plaintiff's failure to so plead. The case at bar, however, does not involve any criminal prosecution. As was argued in the underlying Memorandum of Law, Plaintiff has not stated a claim for retaliation since he has failed to allege even one instance where his First Amendment rights were actually chilled as a result of the alleged conduct of the municipal defendants. Curley v. Village of Suffern, 268 F.3d 65 (2d Cir. 2001). As such, the Eighth Count must be dismissed.

## CONCLUSION

For all of the foregoing reasons, it is respectfully prayed that an order be made and entered herein granting dismissal of the complaint, together with such other and further relief as to this Court may seem just, proper and lawful.

Dated: Suffern, New York
December 20, 2007

Respectfully submitted,

MICHAEL L. KLEIN, ESQ.
Town Attorney
Town of Ramapo
Attorney for Defendant Colbath
237 Route 59
Suffern, New York 10901
(845) 357-5100

By: _____
JANICE GITTELMAN - #0029
Deputy Town Attorney

10